**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHRISTIE HARR,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 2:21-CV-1560** |
| **v.** | **Honorable W. Scott Hardy** |
| **WASHINGTON AREA HUMANE SOCIETY, HUMANE SOCIETY OF THE UNITED STATES, HUMANE ANIMAL RESCUE, ESTATE OF GLEN L. THOMSON, LAURA KOIVULA, SHALIMAR OLIVER, SAMUEL JENESKY, LEANA STORMONT, KELLY PROUDFIT, KEN JERICHO, STEVEN TOPRANI, MARVIN DAVIS, JOHN W. PECK, JAMES R. HOPSON, JOHN DOES 1 THROUGH 50,** | **BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| | **FILED ON BEHALF OF:** <br> John W. Peck and James R. Hopson, Movants |
| **Defendants.** | **FILED BY COUNSEL FOR PETITIONERS:** <br><br> Scott E. Avolio, Esq. <br> Pa. ID No. 85574 <br> Assistant County Solicitor <br> Westmoreland County Solicitor's Office <br> 2. N. Main S. <br> Greensburg, Pennsylvania 15601 <br> (724) 830-3000 <br> scott@avoliolaw.com |

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

CHRISTIE HARR,
             **Plaintiff,**

    v.

WASHINGTON AREA HUMANE
SOCIETY, HUMANE SOCIETY OF THE
UNITED STATES, HUMANE ANIMAL
RESCUE, ESTATE OF GLEN L.
THOMSON, LAURA KOIVULA,
SHALIMAR OLIVER, SAMUEL
JENESKY, LEANA STORMONT,
KELLY PROUDFIT, KEN JERICHO,
STEVEN TOPRANI, MARVIN DAVIS,
JOHN W. PECK, JAMES R. HOPSON,
JOHN DOES 1 THROUGH 50,
             **Defendants.**

NO.  2:21-CV-1560

Honorable W. Scott Hardy

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

At all times pertinent to this action, Movant John W. Peck (individually, "DA Peck") was

the District Attorney of Westmoreland County and Movant James R. Hopson (individually, "ADA

Hopson") was an Assistant District Attorney in his office.  Plaintiff makes claims against Movants

under 42 U.S.C. § 1983 and state law at Count I of her Complaint.  (ECF 5, 6-7).

**I.**       **Plaintiff's Allegations**

Plaintiff alleges that on October 29, 2019, purported humane society police officers

(hereinafter, "HSP officers") executed a search-and-seizure warrant on her Westmoreland County

residence in unlawful violation of Chapter 37 of Title 22 of the Pennsylvania Consolidated

Statutes, which "deal with humane society police officers."  § 3701.  Plaintiff alleges that the HSP

officers were not authorized to obtain or execute the warrant because (1) they were not appointed

to act with authority as HSP officers in Westmoreland County by its Court of Common Pleas, in

violation of 22 Pa.C.S.A. §§ 3703 and 3708, and (2) the purported HSP officers failed to seek or

receive the approval of DA Peck prior to filing the search warrant application, in violation of §
3710.  (ECF 5, 6-7).  Plaintiff alleges her property seized was damaged in the course of the search.
(Id.).

Plaintiff asserts that the foregoing alleged acts of the HSP officers deprived her of her
Fourth, Fifth and Fourteenth Amendment rights under the United States Constitution and
"constitute conversion and intrusion upon seclusion." (Id. at 7).  Plaintiff, however, does not allege
that Movants were involved in the search, seizure or destruction of her property.  Instead, Plaintiff
avers that Movants only "learned about the invalid warrant," after it was issued and executed, and
she specifically complains the warrant was unlawful precisely because the HSP officers did not
seek or receive DA Peck's approval of the warrant application in advance of filing.  (Id.).

The only allegations in Plaintiff's entire Complaint of purported wrongdoing by Movants
are as follows in whole:

> In 2020, after learning about the invalid warrant that was issued, defendants John
> W. Peck and James R. Hopson made a decision to cover up the matter and gave the
> Washington Area Humane Society with a letter of permission to handle the
> Westmoreland County matters in Washington County.  Peck and Hopson did so at
> the urging of the WAHS and the HSUS and after extensive lobbying in an attempt
> to make it appear that the warrants were somehow authorized considering the
> failure to any WAHS or HSUS agent to register in Westmoreland County.

(Id.).  Following the search of Plaintiff's residence on October 29, 2019, Plaintiff was charged and
ultimately plead guilty to Neglect of Animals - Sustenance/Water, 18 Pa.C.S.A. § 5532(a)(1), at
docket number CP-63-CR-0000205-2020 in Washington County. The Magisterial and Court of
Common Pleas dockets of this prosecution at Offense Tracking Number (OTN) U 764886-3, are
attached to Movants' Motion to Dismiss as Exhibits A and B, respectively.

## II.    Legal Standard

Under Fed.R.Civ.P. 12(b)(6), Movants' motions to dismiss based on their absolute
prosecutorial immunity and Plaintiff's failure to state a claim upon which relief can be granted

receive the same standard of review.  Brown v. Riazzi, No. CV 17-708, 2018 WL 2435185, at *5

n.9 (W.D. Pa. May 30, 2018) ("Prosecutorial immunity is properly raised in a Rule 12(b)(6)

motion.").

> To survive a motion to dismiss under Federal Rule of Civil Procedure
> 12(b)(6) a complaint must allege "enough facts to state a claim to relief that is
> plausible on its face." "A claim has facial plausibility when the pleaded factual
> content allows the court to draw the reasonable inference that the defendant is liable
> for the misconduct alleged."
>
> "The District Court must accept all of the complaint's well-pleaded facts as
> true, but may disregard any legal conclusions." "Threadbare recitals of the elements
> of a cause of action, supported by mere conclusory statements, do not suffice." In
> short, a motion to dismiss should be granted if a party does not allege facts which
> could, if established at trial, entitle him to relief.

Id. at *3 (internal citations omitted).  "[D]etermining whether a complaint states a plausible claim

is context specific, requiring the reviewing court to draw on its experience and common sense.

Ashcroft v. Iqbal, 556 U.S. 662, 663–64 (2009).  If factual allegations are well pled, "a court should

assume their veracity and then determine whether they plausibly give rise to an entitlement to

relief."  Id. at 664.  However, allegations that are mere conclusions are not entitled to an

assumption of truth in reviewing a motion to dismiss under Rule 12(b)(6).  Id.  Subject to this

standard, "[d]ismissal is proper if a party fails to allege sufficient factual matter, which if accepted

as true, could 'state a claim to relief that is plausible on its face.'" Horne v. Dist. Att'y York Cnty.,

499 F. App'x 140, 142 (3d Cir. 2012) (internal citations omitted).

**III.    Argument**

**A.  Absolute Prosecutorial Immunity**

In Imbler v. Pachtman, the seminal case on prosecutorial immunity, the Supreme Court

held that a district attorney enjoys absolute immunity from § 1983 claims that complain of their

decision to initiate criminal proceedings because this decision is "intimately associated with the

judicial phase of the criminal process."  424 U.S. 409, 430 (1976). *See also* Radocesky v. Munley,

247 F. App'x 363, 365 (3d Cir. 2007) ("***The decision whether or not to initiate*** or prosecute a case is completely discretionary with prosecutors and also is absolutely immunized from a suit for damages.") (emphasis added) and <u>Carter v. City of Philadelphia</u>, 181 F.3d 339, 352 (3d Cir. 1999) (In cases where § 1983 claims center on ***decisions whether or not, and on what charges***, to prosecute, courts have held the district attorney is a state official) (emphasis added).  "A prosecutor is absolutely immune when making [the decision to initiate a prosecution], even where he acts without a good faith belief that any wrongdoing has occurred," in part, because the harms from being falsely charged, and/or having ones' constitutional protections violated in the process, is remedied by safeguards built into the criminal judicial system, e.g. probable cause and suppression hearings to dismiss unwarranted charges.  <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1463–64 (3d Cir. 1992) (internal citations omitted).

Presently, the sole allegation of fact against Movants within Plaintiff's Complaint is that they sent a letter to the Washington Area Humane Society [WAHS] communicating consent to them proceeding against Plaintiff for crimes under 18 Pa.C.S. Ch. 55 Subch. B in Washington County pursuant to § 5551.  (ECF 5, 7).[1]  *Pro se* Plaintiff conclusorily imputes malintent and wrongdoing to this prosecutorial act, or inaction, by labelling it a "cover up . . . attempt[ing] to make it appear that the warrants were somehow authorized."  (Id.).  However, functionally, this alleged act boils down to nothing more than Movants' exercise of prosecutorial discretion not to initiate charges against Plaintiff, while at the same time communicating that they do not, or would not, object to WAHS seeking and receiving the Washington County District Attorney's exercise of discretion to prosecute.  <u>Kulwicki</u>, *supra* at 1463 ("In determining whether absolute immunity

---

[1] Movants note that Plaintiff's Complaint alleges no particularized acts of either Movant individually, only collectively.

is available for particular actions, the courts engage in a 'functional' analysis of each alleged activity.").

Consequently, absolute[2] prosecutorial immunity attaches to Movants' only alleged act, as our courts "have long maintained that '[t]he decision to initiate a prosecution is at the core of a prosecutor's judicial role.'" Weimer v. Cnty. of Fayette, Pennsylvania, 972 F.3d 177, 189 (3d Cir. 2020) (quoting Kulwicki, *supra* at 1463). Plaintiff's § 1983 claim against Movants should therefore be dismissed.[3]

**B.  Bald § 1983 Conspiracy Claim**

*Pro Se* Plaintiff's sole allegation against Movants of a "cover up" is seemingly an attempt to make out a § 1983 conspiracy claim.

> To state a § 1983 conspiracy claim, a plaintiff must allege that two or more conspirators reached an agreement to deprive him of a constitutional right under color of law. Such a conspiracy requires a meeting of the minds. ('Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity.'). Allegations of conspiracy must be particularized, and must address the period of the conspiracy, the object of the conspiracy and certain actions of the alleged conspirators taken to achieve that purpose.

Brown, *supra* at *6 (internal citation omitted). "A complaint cannot survive a motion to dismiss if it contains only conclusory allegations of conspiracy, but does not support those allegations with

---

[2] Alternatively, "Where absolute immunity does not apply, qualified immunity protects official action, if the officer's behavior was 'objectively reasonable' in light of the constitutional rights affected.'" and would attach to shield Movants' alleged act from liability where Plaintiff's constitutional protections were unaffected by Movants conduct and be fully asserted by Plaintiff in the course of the Washington County prosecution. Kulwicki, *supra* at 1463.

[3] Relative to Plaintiff's state law claims for conversion and intrusion upon seclusion, see Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.)

averments of the underlying facts." <u>Altieri v. Pennsylvania State Police</u>, No. 98-CV-5495, 2000 WL 427272, at *6 (E.D. Pa. Apr. 20, 2000).

Plaintiff expressly asserts the purpose of Movants' letter was to defer the Washington Area Humane Society's prosecution of Plaintiff to the Washington County District Attorney's Office, which clearly establishes that the sole overt act alleged of Movants was the exercise of their prosecutorial discretion not to initiate charges against Plaintiff.  Plaintiff's allegation that Movants' letter was an "attempt to make it appear that the warrants were somehow authorized," is is merely tenuous conjecture and conclusory where Plaintiff fails to plead any specific factual allegations tending to "show a meeting of the minds [or] some type of concerted activity," <u>Brown</u>, *supra*. Movants' letter and any mere appearance of the warrant's lawfulness is legally immaterial to a criminal defendant's rights and opportunity to seek judicial review of and relief from its asserted unlawfulness.[4]  Plaintiff's constitutional rights were categorically not prejudiced or otherwise harmed by Movants' alleged letter, even assuming they were by HSP officers' alleged unauthorized acts.

---

[4] Following the search of Plaintiff's residence on October 29, 2019, Plaintiff was charged and ultimately plead guilty to Neglect of Animals - Sustenance/Water, 18 Pa.C.S.A. § 5532(a)(1), at docket number CP-63-CR-0000205-2020  in Washington County.

Plaintiff has "not allege[d] any facts that plausibly suggest an agreement between [Movants and the HSP officers] to violate [her] constitutional rights or that they engaged in any concerted activity to do so." Brown, *supra* at *6.  Consquently, Plaintiff's § 1983 conspiracy claim against Movants should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Respectfully Submitted,


/s/ Scott E. Avolio
Scott E. Avolio, Esq.
Pa. ID No. 85574
Assistant County Solicitor
Westmoreland County Solicitor's Office
Counsel for Movants

## <u>CERTIFICATE OF SERVICE</u>

I, Scott E. Avolio, Esquire hereby certify that on this 16th day of January, 2023, I electronically filed the within BRIEF IN SUPPORT OF MOTION TO DISMISS with the Clerk of the Court and served copies of the same using the CM/ECF electronic filing system upon the following:

Christie Harr
676 Reed Avenue
Monessen, PA 15062

Paul D. Krepps
Marshall, Dennehey, Warner, Coleman & Goggin
Union Trust Building
501 Grant Street, Ste. 700
Pittsburgh, PA 15219

Scott G. Dunlop
Carly Patton Edman
Marshall, Dennehey, Warner, Coleman & Goggin
Union Trust Building
501 Grant Street, Ste. 700
Pittsburgh, PA 15219

Michael P. Gaetani
Pennsylvania Office of Attorney General
Litigation Section
1251 Waterfront Place, Mezzanine
Pittsburgh, PA 15222

Robert J. Marino
Janet Meub
Dickie, McCamey & Chilcote
Two PPG Place, Ste. 400
Pittsburgh, PA 15222-5402

Kyle T. McGee
Charles H. Saul
Margolis Edelstein
535 Smithfield Street, Ste. 1100
Pittsburgh, PA 15222

Bruce E. Rende
William C Robinson, III
Amy V. Sims
Dennis St. J. Mulvihill
Robb Leonard Mulvihill LLP
BNY Mellon Center
500 Grant Street, Ste. 2300
Pittsburgh, PA 15219

/s/ Scott E. Avolio
Scott E. Avolio, Esq.
Pa. ID No. 85574
Assistant County Solicitor
Westmoreland County Solicitor's Office

Attorney for Movants