IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIE HARR, | ) |
| | ) Civil Action No. 2:21-cv-1560 |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| WASHINGTON AREA HUMANE SOCIETY, | ) |
| HUMANE SOCIETY OF THE UNITED | ) *Electronically Filed* |
| STATES, HUMANE ANIMAL RESCUE, | ) |
| ESTATE OF GLEN L. THOMSON, LAURA | ) |
| KOIVULA, SHALIMAR OLIVER, SAMUEL | ) |
| JENESKY, LEANA STORMONT, KELLY | ) |
| PROUDFIT, KEN JERICHO, STEVEN | ) |
| TOPRIANI, MARVIN DAVIS, JOHN W. PECK, | ) |
| JAMES R. HOPSON, JOHN DOES 1 THROUGH | ) |
| 50, | |
| Defendants. | |

## DEFENDANTS WASHINGTON AREA HUMANE SOCIETY, THE ESTATE OF GLEN L. THOMSON, AND KELLY PROUDFIT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendants, WASHINGTON AREA HUMANE SOCIETY ("WAHS"), ESTATE OF GLEN THOMSON[1], and KELLY PROUDFIT, by and through their undersigned counsel, Robert J. Marino, Esquire, and Dickie, McCamey & Chilcote, P.C., hereby move this Honorable Court to dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof aver as follows:

1.     *Pro se* Plaintiff, Christie Harr, initiated this action on October 29, 2021, asserting violations of her civil rights under 42. U.S.C. § 1983 by numerous defendants, stemming from an animal neglect investigation at two properties in which she was living and/or housing animals pursuant to Search Warrants in October of 2019. See Ex. A and B, Affidavit of probable

---

[1] Plaintiff failed to properly name the personal representative of The Estate of Glen Thomson, in itself a reason to dismiss the lawsuit.

cause and search warrants issued by Washington and Westmoreland Counties respectively; Ex. C (ECF 1), Plaintiff's Complaint.

2.     Plaintiffs' Complaint *appears* to allege the following causes of action as to these Defendants:

a)     PART I - Unlawful searches and seizures in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights and common law conversion and intrusion upon seclusion;

b)     PART III – Unlawful search and seizure (of cellphone) in violation of Plaintiff's Fourth, Fifth,  and Fourteenth Amendment rights and common law conversion;

c)     PART IV - Unlawful searches and seizures in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights and common law invasion of privacy (intrusion on seclusion);

d)     PART  VI - Unlawful searches and seizures in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights and common law conversion and intrusion upon seclusion;

e)     PART VII – Intentional Infliction of Emotional Distress; and,

f)     punitive damages.

3.     Plaintiffs' Complaint fails to state any claim against WAHS, The Estate of Glen Thomson and Kelly Proudfit for which relief may be granted.

4.     The Defendant WAHS cannot be liable under § 1983 under a theory of *respondeat superior* under *Monell v. Dep't of Soc. Srvs.*, 436 U.S. 658, 694 (1978).

5.     Defendants, The Estate of Glen Thomson and Kelly Proudfit, are entitled to qualified immunity with regard to Plaintiff's §1983 claims.

6.     Plaintiff's claims are barred by issue claim and/or issue preclusion because the jurisdiction of Thomson and whether the warrants were supported by proper jurisdiction and probable cause have already been judicially determined. See, Ex. D, Criminal Complaint against Harr; Ex. E, Harr Omnibus Pretrial Motion for Leave to File Brief in Support dated August 5,

2021; Ex. F, Order dated April 4, 2022 holding jurisdiction and warrants were proper; Ex. G, Plea and Sentencing Order, including Colloquy ; Ex. H, Transcript of Plea and Sentencing Hearing dated September 9. 2022; Ex. I, Criminal Docket Sheet dated January 16, 2023.

7.    The Courts have also ruled in a separate case that Plaintiff must reimburse WAHS for the costs of care for the properly seized animals pursuant to 18 Pa. C.S.A. § 30.5  See, Ex. J, Opinion and Order dated March 9, 2021; and Ex. K, Order dated August 10, 2022.

8.    Plaintiff has failed to plead state law claims (conversion, intrusion upon seclusion, and intentional infliction of emotional distress) properly, and/or to set forth a factual basis, requires dismissal of all of these claims as a matter of law.

9.    Plaintiff's claims for intrusion upon seclusion, Parts I, II, III, and VI, must also be dismissed because plaintiff failed to bring these claims within the one year statute of limitations pursuant to 42 Pa. C.S § 5523(1).

10.    Plaintiff's request for relief in the form of punitive damages must be stricken.

11.    Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's Complaint should be dismissed for failure to state a claim for which relief may be granted.

WHEREFORE, Defendants respectfully request that this Honorable Court grant this Motion and dismiss all claims of Plaintiff's Complaint, with prejudice.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

Date: January 17, 2023

By: /s/ Robert J. Marino

Robert J. Marino, Esquire
PA ID #30274
rmarino@dmclaw.com
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402

*Attorneys for Defendants, WASHINGTON
AREA HUMANE SOCIETY, THE ESTATE OF
GLEN THOMSON AND KELLY PROUDFIT*

<u>**CERTIFICATE OF SERVICE**</u>

I, Robert J. Marino, hereby certify that a true and correct copy of the foregoing **Motion to Dismiss** has been served upon all counsel of record, via CM/ECF filing, this 17th day of January, 2023.

DICKIE, McCAMEY & CHILCOTE, P.C.

By*:*    */s/*    *Robert J. Marino*

Robert J. Marino, Esquire
PA ID #30274
rmarino@dmclaw.com
Two PPG Place, Suite 400
Pittsburgh, PA  15222-5402

*Attorneys for Defendants, WASHINGTON
AREA HUMANE SOCIETY, THE ESTATE OF
GLEN THOMSON AND KELLY PROUDFIT*

## <u>CERTIFICATION OF GOOD FAITH</u>

I, Robert J. Marino, hereby certify that on January 13, 2023, counsel for Defendants herein conferred with Plaintiff to determine whether the identified pleading deficiencies properly may be cured by amendment prior to filing the foregoing Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of Defendants, WAHS, The Estate of Glen Thomson, and Kelly Proudfit. Plaintiff would not agree to amendment or voluntary dismissal of the Complaint.

DICKIE, McCAMEY & CHILCOTE, P.C.

By:     /s/     *Robert J. Marino*

       Robert J. Marino, Esquire
       PA ID #30274
       rmarino@dmclaw.com
       Two PPG Place, Suite 400
       Pittsburgh, PA  15222-5402

       *Attorneys for Defendants, WASHINGTON*
       *AREA HUMANE SOCIETY, THE ESTATE OF*
       *GLEN THOMSON AND KELLY PROUDFIT*

14070941.1