# EXHIBIT "C"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIE HARR,   )<br>  )<br>  Plaintiff,   )<br>  )<br>v.   )<br>  )<br>WASHINGTON AREA HUMANE SOCIETY, )<br>HUMANE SOCIETY OF THE UNITED   )<br>STATES, HUMANE ANIMAL RESCUE,   )<br>ESTATE OF GLEN L. THOMSON,   )<br>LAURA KOIVULA, SHALIMAR OLIVER,   )<br>SAMUEL JENESKY, LEANA STORMONT, )<br>KELLY PROUDFIT, KEN JERICHO,   )<br>STEVEN TOPRANI, MARVIN DAVIS,   )<br>JOHN W. PECK, JAMES R. HOPSON,   )<br>JOHN DOES 1 THROUGH 50,   )<br>  )<br>  Defendants.   ) | Case No. 2:21-cv-1560<br><br>RECEIVED<br><br>OCT 29 2021<br><br>CLERK, U.S. DISTRICT COURT<br>FOR THE WESTERN DISTRICT<br>OF PENNSYLVANIA |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
(Non-Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

I. The Parties to This Complaint

   A. The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   **CHRISTIE HARR**
   **676 REED AVENUE**
   **MONESSEN PA  15062**
   **(724) 454-9887**
   **kandrea121@gmail.com**

   The Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   **WASHINGTON AREA HUMANE SOCIETY**
   **1527 Route 136**
   **Eighty Four PA  15330**

   **JOHN DOES 1 THROUGH 10**
   **Agents and employees of the Washington Area Humane Society**

   **HUMANE SOCIETY OF THE UNITED STATES**
   **1255 23rd Street NW #450**
   **Washington DC  20037**

   **JOHN DOES 11 THROUGH 20**
   **Agents and employees of the Humane Society of the United States**

HUMANE ANIMAL RESCUE
6926 Hamilton Avenue
Pittsburgh PA  15208

JOHN DOES 21 THROUGH 30
Agents and employees of the Humane Animal Rescue

ESTATE OF GLEN L THOMSON
*Glen L. Thomson was a Humane Police Officer never registered or authorized to conduct any law enforcement activity in Westmoreland County.*
℅ Teresa Salamone
PO Box 71
Frederickstown PA  15333

LAURA KOIVULA
302 Sawmill Lane
Grasonville MD  21638

SHALIMAR OLIVER
786 Wembly Drive, Apartment D
Frederick MD  21701

KELLY PROUDFIT
1129 Riggs Court
Washington PA  15301

LEANA STORMONT
3422 Brown Street NW #201
Washington DC  20010

SAMUEL JENESKY
*a Pennsylvania State Trooper sued for damages in his individual capacity and for declaratory and injunctive relief in his individual and official capacity*
131 Valleycrest Drive
Cecil, PA  15321

JOHN W. PECK
*Westmoreland County District Attorney sued for damages in his individual capacity and for declaratory and injunctive relief in his official capacity*
2 Main Street #206
Greensburg PA 15601

JAMES R. HOPSON
*Assistant Westmoreland County District Attorney sued for damages in his individual capacity and for declaratory and injunctive relief in his official capacity*
2 Main Street #206
Greensburg PA 15601

KEN JERICHO
126 Crawford Road
Fredericktown PA 15333
*Donora, Pennsylvania, ordinance officer sued for damages in his individual capacity and for declaratory and injunctive relief in his official capacity*

STEVEN TOPRANI
*Solicitor for Donora, Pennsylvania, sued for damages in his individual capacity and for declaratory and injunctive relief in his official capacity*
904 Lincoln Street
Monongahela, PA 15063

MARVIN DAVIS
*Monessen, Pennsylvania, former ordinance officer sued in his individual capacity for damages*
619 Manown Street
Monessen PA 15062

JOHN DOES 31-50
*Unknown law enforcement officers sued in their individual capacity for damages and in the official capacity for injunctive and declaratory relief.*

II. **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☐ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

42 USC 1983 against individuals acting under color of law as explained herein. The unlawful searches violated the Fourth Amendment to the United States Constitution. The taking without due process violated the Fifth and Fourteenth Amendments to the United States Constitution. The deliberate destruction of Plaintiff's property, including electronic photographs contained on her telephone, and other property violated both the Fourth and Fifth Amendments to the United States Constitution and the Fourteenth Amendment to the United States Constitution. Defendants ordinance officers and city officials violated due process in violation of the Fifth Amendment to the United States Constitution. All defendants who participated in the Westmoreland County searches are also liable for common law conversion and invasion of privacy (intrusion upon seclusion).

III. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

All in the Western District of Pennsylvania. The unauthorized animal officer events took place in Monessen, Pennsylvania. Some activities referenced herein occurred in Donora or Apollo, Pennsylvania.

B. What date and approximate time did the events giving rise to your claim(s) occur?

All of the unlawful searches and excessive force occurred on October 30, 2019. The property taking without due process and retention occurred on October 30, 2019, and continues. Other issues occurred on the dates within the facts section.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

## PART I -- WESTMORELAND COUNTY SEARCH WARRANT AND SEARCH USING WARRANT NOT AUTHORIZED BY DISTRICT ATTORNEY AND SIGNED BY HUMANE POLICE OFFICER NOT REGISTERED IN WESTMORELAND COUNTY

Pennsylvania created a statute allowing agents of animal rights organizations to apply for certification and become "humane police officers." Humane police officers may only operate in counties where they are certified. 22 P.S. 3708(a). The individual "has no power or authority to exercise the powers... in any other county whose court of common pleas has not issued an appointment." Id. For a judge to issue a search warrant for a humane police officer, said warrant must be approved by the district attorney. 22 P.S. 3710. Any rendering of a search warrant, or law enforcement activity, in violation of the statutory scheme constitutes a misdemeanor. 22 P.S. 3709.

Based on information, the Humane Society of the United States, the Washington Area Humane Society, John Does 1 through 10, John Does 11 through 20, Glen C. Thomson, Laura Koivula, Shalimar Oliver, Kelly Proudfit, and Leana Stormont assisted in creating, authoring, reviewing, structuring, and making the appointment with a Magisterial District Judge to issue the warrant, none of whom were authorized Humane Police Officers in Westmoreland County and all knowing that the Westmoreland County District Attorney did not approve said warrant.  On October 29, 2019, the same persons caused Glen C. Thomson to sign the search warrant and falsely imply he was authorized to act as a Humane Police Officer in Westmoreland County.  After obtaining the search warrant notwithstanding that none of the above persons were authorize Humane Police Officers in Westmoreland County,  the Humane Society of the United States, the Washington Area Humane Society, John Does 1 through 10, John Does 11 through 20, Glen C. Thomson, Laura Koivula, Shalimar Oliver, Kelly Proudfit, and Leana Stormont participated in planning a search, did actually assist or participate in the search, did enter Harr's residence in Monessen, Pennsylvania, took her belongings, photographed the premises, ransacked the premises, and damaged the property.  Additionally, Humane Animal Rescue and Does 21-30 also participated in the search notwithstanding their failure to register and Humane Police Officers in Westmoreland County and while knowing that Glen Thomson did not register in Westmoreland County.

In 2020, after learning about the invalid warrant that was issued, defendants John W. Peck and James R. Hopson made a decision to cover up the matter and gave the Washington Area Humane Society with a letter of permission to handle the Westmoreland County matters in Washington County.  Peck and Hopson did so at the urging of the WAHS and the HSUS and after extensive lobbying in an attempt to make it appear that the warrants were somehow authorized considering the failure to any WAHS or HSUS agent to register in Westmoreland County.

Said actions violate the Fourth Amendment to the United States Constitution, the Fifth and Fourteenth Amendments to the United States Constitution, and constitute conversion and intrusion upon seclusion.

PART II -- WASHINGTON COUNTY SEARCH AND SEIZURE BY PERSONS NOT AUTHORIZED TO ACT AS HUMANE POLICE OFFICERS IN WASHINGTON COUNTY

An additional search warrant was obtained in Washington County, Pennsylvania, where Glen Thomson was registered. However, during the search that occurred on October 30, 2019, the Humane Society of the United States, John Does 11 through 20, Laura Koivula, Shalimar Oliver, Leana Stormont, Humane Animal Rescue, and John Does 21 through 30, despite having no authority as Humane Police Officers, engaged or coordinated the search and seizure, entered the premises and residence of Harr, taking property, damaging items, and taking photographs and creating videos.

Said actions violate the Fourth Amendment to the United States Constitution, the Fifth and Fourteenth Amendments to the United States Constitution, and constitute conversion and intrusion upon seclusion.

PART III -- UNREASONABLE DESTRUCTION OF VIDEO FILES CONTAINED WITHIN TELEPHONE

During and/or after the searches, Kelly Proudfit, Glen Thomson, the Washington Area Humane Society, John Does 1 through 10, John Does 11 through 20, John Doe 34, and the Humane Society of the United States opened the files in the telephone belonging to and being actively used by Harr and caused the photographs to be deleted. The purpose of the deletion was to destroy evidence, videos, and photos of the searches.

Said actions violate the Fourth Amendment to the United States Constitution, the Fifth and Fourteenth Amendments to the United States Constitution, and constitute conversion.

PART IV -- REFUSAL TO PROVIDE WARRANT PRIOR TO SEARCH

When executing the Washington County search warrant, John Does 31-50 appeared at the premises and knocked on the door. Plaintiff answered. John Does 1 through 50, including members of the Washington County Drug Task Force, Pennsylvania State Police, the Washington Area Humane Society, the Humane Society of the United States, Glen Thomson, and others were outside and announced that they had a search warrant. John Does 1 through 50, including members of the Washington County Drug Task Force, Pennsylvania State Police, the Washington Area Humane Society, the Humane Society of the United States, Glen Thomson, and others waved the warrant in the air, but

refused to provide a copy to Plaintiff. Plaintiff stated she would open the door if they slid the warrant under the door so that she could verify its authenticity. John Does 1 through 50, including members of the Washington County Drug Task Force, Pennsylvania State Police, the Washington Area Humane Society, the Humane Society of the United States, Glen Thomson, and others refused to provide the warrant to Plaintiff under the door. Instead, they unnecessarily broke into the premises.

Said actions violate the Fourth Amendment to the United States Constitution, the Fifth and Fourteenth Amendments to the United States Constitution, and constitute invasion of privacy (intrusion upon seclusion).

PART V -- EXCESSIVE FORCE

After barging into the property, John Doe 31 saw Plaintiff holding a telephone, recording their actions. In retaliation, he shouted to the other officers, "she's got a gun." John Doe 32 ran at Plaintiff, elbowed her in the face, and placed her in a headlock. John Doe 32 flipped her around towards the ground. John Doe 32 slammed Plaintiff down on her stomach. John Doe 33 then joined the assault. He kneeled on her upper back and placed her in handcuffs. At no point did Plaintiff resist.

During the assault, Plaintiffs telephone flew from her hand. John Doe 34 picked it up and provided it to Glen Thomson, the Washington Area Humane Society, the Humane Society of the United States, and Kelly Proudfit who went through it and delete photographs as described in Part III above.

John Does 32, 33, 34, and possibly other John Doe Police Officers, hoisted Plaintiff up to her feet and forcibly walked her to a police car. In doing so, they popped the stitches in Plaintiff's chest from a surgery that occurred a few weeks before.

Said actions violate the Fourth Amendment to the United States Constitution, the Fifth and Fourteenth Amendments to the United States Constitution, and constitute assault and negligence.

PART VI -- DONORA ORDINANCE OFFICERS AND WAHS AGENTS

After the searches, the Washington Area Humane Society, Glen Thomson and Kelly Proudfit, contacted Ken Jericho and Steven Toprani and asked them to help make sure that Plaintiff cannot access her residence and buildings in

Donora, Pennsylvania. Jericho consulting with Toprani and then told Plaintiff that if she entered her building, she would be arrested. Jericho, after being backed up by Toprani, stated that Plaintiff could not obtain her personal belongings from the premises and could not enter. Without notice, an opportunity to be heard, or any form of due process, Jericho and Toprani condemned the property. Toprani and Jericho then caused the electrical service to the property to be disconnected. Toprani and Jericho, at the direction of Proudfit, stated to Plaintiff that because the property was condemned she no longer had access. As a result, Plaintiff was unable to access the property, obtain her things, or remove a live chicken that the other defendants deliberately left on the property inside the buildings.

No justifiable reason existed to allow access to the property. There existed no unsafe conditions warranting an immediate condemnation. No statutory or ordinance authority existed for the actions taken.

Said actions violate the Fourth Amendment to the United States Constitution, the Fifth and Fourteenth Amendments to the United States Constitution, and constitute conversion and intrusion upon seclusion.

PART VII -- MONESSEN ORDINANCE OFFICER

Similarly, the Washington Area Humane Society, Glen Thomson and Kelly Proudfit, contacted Marvin Davis, the Monessen ordinance officer. Solely as a favor to the WAHS, Thomson, and Proudfit, Davis refused to issue occupancy permits to Harr notwithstanding the fair condition of the building. Davis provided no appealable decision.

Said actions violate the Fourth Amendment to the United States Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

PART VIII -- DELIBERATE DEATH OF LIVE ANIMALS BY WAHS CAUSING INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Washington Area Humane Society, Humane Society of the United States, and Humane Animal Rescue, Does 1 through 30, Glen Thomson, and Kelly Proudfit did deliberately leave live animals in Plaintiff's property. They assured Plaintiff could not rescue the animals through their interactions and pressure placed on the ordinance officers. They deliberately took these actions to cause emotional distress on the Plaintiff. The conduct was outrageous.

Emotion distress did occur. As a result, Washington Area Humane Society, Humane Society of the United States, and Humane Animal Rescue, Does 1 through 30, Glen Thomson, and Kelly Proudfit intentionally inflicted emotional distress on the plaintiff.

    IV.    **Injuries**

        If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Physical pain and the need for medical attention from the excessive force.

Loss of property.

Trauma and stress.

Persons invading the space and private dominion of the Plaintiff.

Constitutional violations.

    V.    **Relief**

        State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Award damages in an amount to be proven at trial.

Declare, adjudge, and enjoin that the defendants cannot participate in any search warrant signed by a Humane Police Officer unless the District Attorney for the County where the search was sought first approved the warrant.

Declare, adjudge, and enjoin that the defendants cannot take part in any operation with purported Humane Police Officers who are not registered in the county as required by law.

Enjoin the defendants to require certification of the status of the Humane Police Officer prior to rendering assistance with search warrants.

Declare, adjudge, and enjoin the defendants to return all property seized from the Plaintiff.

Any and all relief that may be appropriate and just.

Costs.

Filing fees.

VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under the penalty for perjury that the above is true and correct to the best of my knowledge. 28 USC 1746.

Dated this 28th day of October, 2021.

_____
Christie Harr
Plaintiff