# EXHIBIT "F"

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | ) | |
| | ) | |
| v. | ) | No. 1186-2020 |
| | ) | 205-2020 |
| CHRISTIE HARR, | ) | |
| Defendant. | ) | |

**ORDER**

AND NOW, this 4th day of April, 2022, it is hereby ORDERED, ADJUDGED, and DECREED that the Defendant's Omnibus Pre-Trial Motion is DENIED. There shall be a Pre-Trial Conference on May 6th, 2022 at 9:30 a.m.

**FACTUAL BACKGROUND**

On June 22, 2018, Officer Glen Thompson of the Washington Area Humane Society executed a search warrant on a property located at 320 2nd Street in Donora along with a veterinarian and veterinary technician.[1] At this time, more than 104 cats were documented at the property including a male cat named Linus who tested positive for Feline Leukemia.[2] The Defendant was asked to surrender Linus so that he could receive care but Defendant refused.[3] Officer Thompson again visited the Donora property on August 26th, 2019 and observed that it had deteriorated substantially.[4] Defendant offered to take Officer Thompson and Kelly Proudfit, Executive Director of the Washington Area Humane Society, to a property in Monessen PA where

---

[1] Case 205-2020 Crim. Compl. at 4.
[2] *Id.*
[3] *Id.*
[4] *Id.*

1

Officer Thompson observed cats in carriers with no food or water, including Linus who was "coated in mucus and filth and appeared very sick."[5] On October 29th, 2019, search warrants were obtained for both the Donora property and Monessen property in conjunction with Pennsylvania State Police Corporal Sarah Teagarden. These search warrants were executed the following day, October 30, 2019 and over 200 mistreated animals were seized including cats, dogs, chickens, and rodents.[6]

The Criminal Complaint in case 205-2020 was filed on October 30, 2019 and the Defendant was charged with aggravated cruelty to animals – torture and aggravated cruelty to animals – causing serious bodily injury or death with both charges stemming from a failure to obtain veterinary care for Linus the cat.[7] A second criminal complaint was filed on June 11, 2020 for case 1186-2020 which charged the Defendant with two counts aggravated cruelty to animals[8] and six counts of neglect of animals.[9] These charges encompassed activities taking place at both the Donora property and Monessen property after the Westmoreland County District Attorney's Office consented to Washington County handling both matters on March 4, 2020.[10] On August 5, 2021, Defendant filed an omnibus pretrial motion requesting suppression of evidence, questioning venue, addressing a discovery order and whether seized property should be returned to the Defendant. A Motion to Schedule a hearing on these issues was initially filed December 22, 2021 and then presented before the undersigned on January 25, 2022. The Court held a hearing on March 7, 2022. This order follows.

---

[5] *Id.*
[6] Case 1186-2020 Crim. Compl. at 12-14.
[7] Case 205-2020 Crim. Compl. at 3. The charges allege violations of 18 Pa. C.S. § 5534(a)(1) and 18 Pa. C.S. § 5534(a)(2).
[8] 18 Pa. C.S. § 5534(a)(1) and 18 Pa. C.S. § 5534(a)(2).
[9] Two counts each of 18 Pa.C.S. § 5532(a)(1), 18 Pa.C.S. § 5532(a)(2), and 18 Pa.C.S. § 5532(a)(3).
[10] Commonwealth Exhibit 3.

2

## DISCUSSION

### I. Defendant's Petition for Suppression of Evidence

The first issue presented to the Court is whether the searches of the Defendant's properties were legal based. The Defendant argues: a) the Westmoreland County investigation was invalidated by the Washington Area Humane Society Police Officer overreaching his jurisdiction, b) the Westmoreland County search warrants were illegally issued, and c) the scope of the search warrants was exceeded and therefore they were illegal general warrants. As discussed below, this Court finds that the Defendant's arguments in favor of suppression lack merit. As such, the Defendant's motion to suppress the evidence is DENIED.

#### a. Whether the Westmoreland County investigation was invalidated by the Washington Area Humane Society Police Officer overreaching his jurisdiction.

Under 22 Pa.C.S. § 3708, an individual appointed as a humane society police officer has jurisdiction "only within the particular county whose court of common pleas issued the appointment. The individual has no power or authority to exercise the powers conferred under 18 Pa.C.S. Ch. 55 Subch. B in any other county whose court of common pleas has not issued an appointment." The Parties here stipulate that Officer Thompson was not appointed in Westmoreland County. Defendant argues that because Officer Thompson was not appointed in Westmoreland County, the search of the property in Monessen was an invalid overreach of jurisdiction. However, prior to obtaining a search warrant for the Westmoreland County property, Officer Thompson reached out to the Pennsylvania State Police and Corporal Teagarden. The purpose of this contact was to obtain the assistance of the Pennsylvania State Police who have jurisdiction over enforcing animal cruelty laws is all jurisdictions across Pennsylvania. Corporal Teagarden served as a co-affiant on the search warrant obtained for Westmoreland County and

3

therefore this Court finds there was no overreach of jurisdiction by coaffiant Officer Thompson and coaffiant Corporal Teagarden and the evidence will not be suppressed on this basis.

### b. Whether the Westmoreland County Search warrant was illegally issued.

At the hearing, Defendant cited Title 22 Section 3710 and argued that the Westmoreland County search warrant was illegally issued because it was not approved by the County where the search was conducted. 22 Pa.C.S. § 3710 provides that:

> [n]otwithstanding contrary provisions of 18 Pa.C.S. Ch. 55 Subch. B (relating to cruelty to animals) and in addition to the requirements of existing law, all search warrant applications filed in connection with alleged violations of cruelty to animals laws must have the approval of the district attorney in the county of the alleged offense prior to filing.

Defendant argues that because Officer Thompson did not get permission from the Westmoreland County District Attorney's office prior to filing for a search warrant, the warrant was therefore illegally issued. As discussed above, Officer Thompson applied for the Westmoreland County search warrant alongside Corporal Teagarden of the Pennsylvania State Police. The Commonwealth argues that Section 3710 does not apply because Corporal Teagarden was a co-affiant. Defendant argues that the presence of a co-affiant is irrelevant because Section 3710 applies based on the violation of cruelty to animals laws regardless of the kind of officer filing for the warrant. Reading Section 3710 *in pari materia* with the rest of Chapter 37 and Title 22, this Court finds that the requirement of Section 3710 applies only to humane society police officers. Therefore, because the Westmoreland County search warrant included Corporal Teagarden as a co-affiant, there was no requirement that approval from the Westmoreland County District Attorney's office be sought. For this reason, this Court finds that the warrant was not illegally issued and the evidence will not be suppressed on this basis.

4

### c. Whether the scope of the search warrants was exceeded and whether the search warrants were illegal general warrants.

Defendant argues that the scope of the warrants for both residences were illegal general warrants in that they were vague and permitted a search but not any seizure and therefore their scope was exceeded. "The language of the Pennsylvania Constitution requires that a warrant describe the items to be seized 'as nearly as may be....' The clear meaning of the language is that a warrant must describe the items as specifically as is reasonably possible. This requirement is more stringent than that of the Fourth Amendment, which merely requires particularity in the description." *Commonwealth. v. Bagley*, 408 Pa. Super. 188, 196, 596 A.2d 811, 814 (1991). The purpose of this requirement is "prevent[ing] the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." *Commonwealth v. Grossman*, 521 Pa. 290, 296, 555 A.2d 896, 899 (1989).

"[T]he Pennsylvania Supreme Court has instructed that search warrants should "be read in a common sense fashion and should not be invalidated by hypertechnical interpretations. *Commonwealth v. Rega*, 593 Pa. 659, 933 A.2d 997, 1012 (2007). "[A] court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant." *Groh v. Ramirez*, 540 U.S. 551, 557-58, 124 S. Ct. 1284, 1290 (2004).[11] Here, the Court was presented with two exhibits which contained the search warrants and attached affidavits of probable cause. There was no testimony to suggest that these documents were not presented in whole to the Defendant upon execution. Both search warrants (Commonwealth's Exhibits 1 and 2) included an

---

[11] *See also United States v. Tracey*, 597 F.3d 140 (3d Cir. 2010).

5

affidavit of probable cause that was signed and sealed properly by issuing authority.[12] The attached affidavits of probable cause state that the following items are to be seized:

> (4) All animals living or deceased, born or unborn, above or below the ground, contained or free roaming, inside or outside. All cages, crates, containers, or other items or objects that could be used for the confinement or shelter of an animal. All related animal records written or electronically kept (e.g. cell phones, tablets, computers, CD's or DVD's, thumb drives) including medical treatment, drugs and other prescribed items, intake or export, sales receipts, food and water bills, proof of ownership documents, care and boarding contracts and agreements, and photographs and videos. Any and all implements for the training, breeding, care, medical treatment, control or transport of animals. All food, supplies, medication. And all documents, communications, and correspondence, however stored, related to the operations of Animal Orphans Animal Rescue and its Founder and CEO, Christie Harr.

Exhibit 1 at 10 and Exhibit 2 at 11. This Court finds that the description of items to be seized in the affidavit of probable cause, when construed with the search warrant, provided a sufficiently particular description. Therefore, the warrants are not illegal general warrants and the scope was not exceeded during execution of the warrant. Therefore, the evidence will not be suppressed on this basis.

This Court finds no merit to the Defendant's arguments that a) the Westmoreland County investigation was invalidated by the Washington Area Humane Society Police Officer overreaching his jurisdiction, b) the Westmoreland County search warrants were illegally issued, and c) the scope of the search warrants was exceeded and therefore they were illegal general warrants for the reasons listed above and therefore DENIES Defendant's Motion to Suppress.

---

[12] Exhibit 1 includes a warrant and affidavit of probable cause which were both signed and sealed on October 29th, 2019 by Magisterial District Judge Mark Wilson. Exhibit 2 includes a warrant and affidavit of probable cause which were both signed and sealed on October 29, 2019 by Magisterial District Judge Jason Buczek.

6

## II. Whether the Washington County Court of Common Pleas has jurisdiction over the charges originating from activities in Westmoreland County.

The second issue presented to the Court is whether Washington County Court of Common Pleas has jurisdiction over the charges originating from activities in Westmoreland County. Under Pa.R.Crim.P. 130(A)(3) governing venue, "[w]hen charges arising from the criminal episode occur in more than one judicial district, the criminal proceeding on all the charges may be brought before one issuing authority in a magisterial district within any of the judicial districts in which the charges arising from the same criminal episode occurred." Here, the charges arising in Westmoreland County are part of the same criminal episode as the charges in Washington County and therefore may be brought properly in either. As the Westmoreland County District Attorney's office consented to the Washington County District Attorney's office taking full prosecution of any charges incurred in Westmoreland County, this Court finds that venue is proper and DENIES Defendant's request to transfer charges back to Westmoreland County.

## III. Whether a discovery order is necessary and whether illegally seized property should be returned to the Defendant.

The final issue presented to the Court is whether a discovery order is necessary and whether illegally seized property should be returned to the Defendant. Defendant is requesting video from the Westmoreland County search, a list of persons present at both searches, and the locations of animals after removal. Defense Counsel and the Commonwealth should continue to work together to exchange discovery materials. Defendant is also requesting the return of seized electronics. Pursuant to a consent order dated January 3rd, 2020, the humane society shall remain in possession of the seized phones without access to inspect or download information from them. The

7

Defendant's request to compel discovery and for the return of electronics are DENIED without prejudice.

## CONCLUSION

For the reasons discussed above, this Court finds that the search warrants were not invalidated by an overreach of jurisdiction, illegally issued, or illegal general warrants and therefore the evidence will not be suppressed. This Court also finds that the Washington County Court of Common Pleas has proper jurisdiction over these matters, a discovery order is unnecessary at this time, and a consent order already addresses the control of electronic property seized. The Defendant's Omnibus Pre-Trial Motion is DENIED.

BY THE COURT:

BRANDON P. NEUMAN, JUDGE

DA
DIGT
PD

**CLERK OF COURTS**
APR 0 4 2022
**SERVICE**