# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE HARR, | CIVIL ACTION |
| Plaintiff, | No. 2:21-CV-01560-WSH |
| v. | |
| WASHINGTON AREA HUMANE SOCIETY, HUMANE SOCIETY OF THE UNITED STATES, HUMANE ANIMAL RESCUE, ESTATE OF GLEN L. THOMSON, LAURA KOIVULA, SHALIMAR OLIVER, SAMUEL JENESKY, LEANA STORMONT, KELLY PROUDFIT, KEN JERICHO, STEVEN TOPRANI, MARVIN DAVIS, JOHN W. PECK, JAMES R. HOPSON, JOHN DOES 1 THROUGH 50, | THE HONORABLE W. SCOTT HARDY *Electronically Filed* |
| Defendants. | JURY TRIAL DEMANDED |

## BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT MARVIN DAVIS

AND NOW comes Defendant, MARVIN DAVIS, by and through his attorneys, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, SCOTT G. DUNLOP, ESQUIRE and CARLY P. EDMAN, ESQUIRE and submits the following Brief in Support of Motion to Dismiss Pursuant to Rule 12(b)(6) and hereby avers as follows:

### I. STATEMENT OF FACTS

Christie Harr ("Plaintiff") brings the instant action under 42 U.S.C. § 1983 against Marvis Davis ("Defendant Davis") and numerous other Defendants "acting under color of law." *See* Complaint, generally. Plaintiff's Complaint is based upon the assertion that her Fourth, Fifth and Fourteenth Amendment rights were violated. *Id*. Plaintiff's claims arise from an allegedly unconstitutional search and seizure that took place on or around October 29, 2019. Complaint, Part

I.[1] Plaintiff alleges a number of constitutional violations in her Complaint against numerous Defendants, including fifty unnamed "John Doe" Defendants. Her claims include: the use of an unauthorized search warrant; unauthorized search and seizure; the unreasonable destruction of evidence, videos, and photos; a refusal to provide warrant prior to search; excessive force; and intentional infliction of emotional distress. *See* Complaint, generally.

However, Plaintiff does not contend that Defendant Davis played any role in the search of her buildings, the seizure of animals and property, or the filing of criminal charges against her. Pertaining to Defendant Davis specifically, Plaintiff alleges only that he abused his role as an ordinance officer in refusing to issue an occupancy permit for her premises located in the City of Monessen, "notwithstanding the fair condition of the building." Plainitff asserts that the failure of Defendant Davis to issue an occupancy permit violated her rights under the Fourth, Fifth, and Fourteenth Amendments. Complaint, Part VII. Defendant Marvin Davis moves to dismiss these claims, for the reason that the facts alleged fail to establish an actionable claim against him or to overcome his right to avoid entanglement in this suit under the doctrine of qualified immunity.

II. <u>**STANDARD OF REVIEW**</u>

When considering a Motion to Dismiss under the Federal Rules, the Court must accept as true all well pled allegations in the Complaint, and construe them in a light most favorable to the Plaintiff. The Court may dismiss the claim if it appears beyond a reasonable doubt, the Plaintiff cannot prove facts in support of a claim which would entitle him to relief. *Labove v. Lalley*, 809 F.2d. 220 (3d Cir. 1987). The Court may consider exhibits attached to the Complaint, and matters of public record. *Benefit Guarantee Corp. v. White Consol Industries*, 998 F. 2d. 1192, 1196 (3d Cir. 1993).

---

[1] Plaintiff did not number the paragraphs of her Complaint.

The Supreme Court has clarified its position on the standard under a Motion to Dismiss, in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The "no set of facts standard" found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), has been abrogated in favor of requiring a Plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. As a result of the *Twombly* holding, a Plaintiff must have "nudged their claim across the line from conceivable to plausible, or the Complaint must be dismissed." *Id*.

> While a complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, plaintiff's obligation [under Rule 8(a)(2)] to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and the formulated recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Id.* at 1964-65 (citations omitted).

The Court does not have to accept every allegation of the Complaint as true. The Court need not credit "bold assertions" or "legal conclusions" in a Complaint, when deciding a Motion to Dismiss. *Burlington Coat Factory SEC Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997). Further, unsupported conclusions, argumentative modifiers, and unwarranted inferences need not be accepted as true. *Trzaska v. L'Oreal USA, Inc.,* 865 F.3d 155, 159 (3d Cir. 2017). "When conducting our review, 'we must accept the allegations in the complaint as true . . . [but] are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Id. (quoting Morrow v. Balaski,* 719 F.3d 160, 165 (3d Cir. 2013) (alterations in original)); *Ikb Int'l S.A. v. Wilmington Trust Co., 2019 U.S. App. LEXIS 15069, *7* (3d Cir. May 21, 2019). Allegations of pro se complaints are held to less stringent standards than

formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).[2]

### III. ARGUMENT

Defendant Davis moves to dismiss all claims against him on the ground that Plaintiff's Complaint fails to allege facts establishing that this Defendant violated Plaintiff's rights under the United States Constitution, particularly the Fourth, Fifth, or Fourteenth Amendments.

**A. Plaintiff's 42 U.S.C. § 1983 claims against Defendant Davis should be dismissed as a matter of law.**

Plaintiff's Complaint alleges violations of various federal constitutional rights pursuant to 42 U.S.C. § 1983. *See* Complaint, generally. Plaintiff asserts against Defendant Davis, in his individual capacity as a Monessen Code Enforcement Officer, that he has violated her constitutional rights under the Fourth, Fifth, and Fourteenth Amendments by refusing to issue an occupancy permit for property in Monessen, "notwithstanding the fair condition of the building." Complaint, Part VII. Plaintiff also states generally that "Defendants ordinance officers and city officials violated due process in violation of the Fifth Amendment to the United States Constitution." Complaint, Part II. Plaintiff does not specify which particular clauses of these Amendments she purports to invoke in her claim against Defendant Davis. In fact, Plaintiff does not support her claim with any factual allegations other than the assertion that Defendant Davis refused to issue an occupancy permit. This alone is certainly not a constitutional violation; there is no allegation that Plaintiff was evicted or otherwise deprived of her property or liberty without due process of law, and Plaintiff's claims should be dismissed for the reasons discussed below.

---

[2] While the Court of Appeals for the Third Circuit traditionally has given *pro se* litigants "greater leeway where they have not followed the technical rules of pleading and procedure," *Tabron v. Grace,* 6 F.3d 147, 153, n. 2 (3d Cir.1993), all parties must nonetheless follow the Federal Rules of Civil Procedure, *Thomas v. Norris,* No. 02–1854, 2006 WL 2590488, *4, 2006 U.S. Dist. LEXIS 64347, *11 (M.D.Pa. Sept. 8, 2006).

### i.       Defendant Davis is entitled to Qualified Immunity.

Defendant Davis is entitled to immediate dismissal based on qualified immunity. State officials performing discretionary duties are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A federal right is "clearly established" for purposes of qualified immunity if its contours are "sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Qualified immunity must be assessed in the context of each individual defendant's specific conduct, including "an analysis of the facts adduced concerning the conduct of the official" claiming immunity. *Griffin-El v. Beard*, 411 Fed. Appx. 517, 519 (3d Cir. 2011) (*citing Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990)). Other than stating her own opinion that her building is in "fair condition", Plaintiff does not set forth facts establishing that she is entitled to the occupancy permit she seeks under the provisions of Monessen's zoning ordinance and building code. Thus, she has not even established the violation of a right under a City ordinance. As to the rights guaranteed by the United States Constitution, Plaintiff has not alleged that she was deprived of possession or use of her property or that any enforcement action was ever taken by virtue of her use of the building without an occupancy permit. Plaintiff's Complaint does not establish a violation of any clearly established constitutional rights, and thus, the claims against Code Enforcement Officer Davis in the performance of his discretionary duties should be dismissed under the Doctrine of Qualified Immunity. A government official's right to avoid suit under this Doctrine is not changed by Plaintiff's pro se litigant status.

### ii. Fourth Amendment Claim

Plaintiff brings a Fourth Amendment claim against Defendant Davis, couched in the contention that his refusal to issue her an occupancy permit violated her constitutional rights. The Fourth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, provides "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . ." A person's "effects" include their personal property. *See United States v. Place*, 462 U.S. 696, 701 (1983) (detention of luggage held to be a Fourth Amendment seizure.) Under the Fourth Amendment, "[a] seizure of the person . . . occurs when, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he [or she] was not at liberty to ignore the police presence and go about his [or her] business." *Kaupp v. Texas*, 538 U.S. 626, 629–30 (2003) (internal citations omitted).

"[E]xamples of circumstances that might indicate a seizure, even where the person did not attempt to leave, includ[e] the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Kaupp*, 538 U.S. at 629–30 (internal citations omitted); *See also California v. Hodari D.*, 499 U.S. 621, 626 (1991) ("[A seizure] requires either physical force . . . or, where that is absent, submission to the assertion of authority.") It is settled law that the Fourth Amendment protects individuals from unreasonable searches conducted by the government, even when the government acts as an employer. *See O'Connor v. Ortega*, 480 U.S. 709, 717 (1987).

There are simply no facts in Plaintiff's Complaint to support a Fourth Amendment violation claim against Defendant Davis, as he did not participate in any alleged search and seizure

of Plaintiff or her property. Plaintiff has not been granted an occupancy permit under the discretion of Defendant Davis, acting as a state official. Plaintiff has failed to plead facts necessary to substantiate the claim – even under the most liberal pleading standards - that Defendant Davis violated her Fourth Amendment rights; therefore, this claim should be dismissed.

### iii. Fifth Amendment Claim

Plaintiff alleges that "Defendants ordinance officers and city officials violated due process in violation of the Fifth Amendment to the United States Constitution." Complaint, Part II. She also brings a Fifth Amendment claim against Defendant Davis in Part VII of her Complaint, based on his failure to issue an occupancy permit. This claim fails as matter of law because the Due Process Clause of the Fifth Amendment is inapplicable to state officials, such as Monessen Code Enforcement Officer Davis.

The Fifth Amendment provides, in pertinent part, that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law[.]" *See* U.S. Const. amend. V. The provisions of the Fifth Amendment, however, only concern federal action, not state or private action. *See, e.g.*, *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (stating that "[t]he Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law' "); *Nguyen v. U.S. Cath. Conf.*, 719 F.2d 52, 54 (3d Cir. 1983) (stating that "[t]he limitations of the [F]ifth [A]mendment restrict only federal governmental action and not the actions of private entities…" (citing *Public Utilities Commission v. Pollak*, 343 U.S. 451, 461 (1952)); *Nemeth v. Off. of Clerk of Superior Ct. of New Jersey*, 837 F. App'x 924, 929 n.5 (3d Cir. 2020) (unpublished) (noting that the district court had properly concluded that, because all of the named defendants were state and private officials and entities, the plaintiff could not pursue

a Fifth Amendment claim against any of them because the Fifth Amendment's due process clause only "protects against federal governmental actions, *not state actions*").

Defendant Davis is a Code Enforcement Officer for a local government agency. He is not a federal employee, and thus, the Fifth Amendment due process clause is inapplicable. Therefore, there are no facts to substantiate Plaintiff's Fifth Amendment violation claim, and it should be dismissed.

    **iv.**    **Fourteenth Amendment Claim**

Plaintiff does expressly state whether her Fourteenth Amendment claim is brought under concepts of procedural due process or substantive due process. If Plaintiff is attempting to state a claim for a violation of procedural due process, she must allege (1) that she was deprived of an interest that is protected by the Fourteenth Amendment and (2) the procedures available did not provide "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). In order to make a procedural due process claim, a Plaintiff must have taken advantage of these available procedures, unless those procedures are unavailable or patently inadequate. *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).

Plaintiff has not established the first element of this formula, because she has not alleged (nor can she) that she has ever been deprived of the ownership, possession or use of her property due to the refusal of Defendant Davis to issue an occupancy permit. To the contrary, Plaintiff has occupied the premises in Monessen without a permit, as evidenced by the fact that this was one of the properties searched by the law enforcement authorities, who removed certain property and animals from the premises late in 2019. Complaint, Part IV. Plaintiff does not allege that she has been precluded in any way by Defendant Davis from occupying the premises or that the City's

8

occupancy ordinance has been invoked against her interests merely because she lacks an occupancy permit.

As to the second element of a procedural due process claim, the Complaint does not allege facts showing that Defendant Davis failed to afford her adequate process under the Fourteenth Amendment. Plaintiff's Complaint only alleges that "Solely as a favor to WAHS (Washington Area Humane Society), Thomson and Proudfit, Davis refused to issue occupancy permits to Harr notwithstanding the fair condition of the building," followed by the conclusory statement, "Davis provided no appealable decision." Complaint, Part IV. From this very spare description of transactions between Plaintiff and Defendant Davis, we perceive an apparent admission that the application for an occupancy permit was denied when it was "refused". Plaintiff does not allege facts sufficient to show that no process was available to her to appeal that denial, nor does she allege how that process, if available, was deficient. This absence of factual explanation is fatal to any procedural due process claim, because the Federal Courts have generally found that Pennsylvania statutory and regulatory law passes constitutional muster in affording citizens procedural due process when it comes to zoning and land use issues. "Without exception, these courts have found that "Pennsylvania's scheme for judicial review of administrative land use decisions has ... passed constitutional muster." *Sixth Angel Shepherd Rescue Inc. v. West*, 790 F. Supp. 2d 339, 358 (E.D. Pa. 2011), aff'd, 477 F. App'x 903 (3d Cir. 2012).

To prevail on a substantive due process claim, a plaintiff must demonstrate that an arbitrary and capricious act deprived them of a protected property interest. *County Concrete Corporation v. Town Of Roxbury*, 442 F.3d 159, 165 (3d Cir.2006). The Third Circuit has held that "real property ownership" is an interest protected by substantive due process." *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 141 (3d Cir.2000). However, a claim for substantive due process

requires that the conduct resulting in a deprivation of the plaintiff's property interest "shock the conscience." *United Artists Theatre Circuit, Inc. v. Township Of Warrington, PA*, 316 F.3d 392, 399 (3d Cir.2003). . "[T]he core of the concept [of due process is] protection against arbitrary action" and "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 845–46, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). To preserve a Fourteenth Amendment substantive due process claim from dismissal, a plaintiff must allege sufficient facts in his complaint to support a plausible claim that the defendant's conduct is "conscience shocking in a constitutional sense." *Lewis*, 523 U.S. at 846-48. In the Third Circuit, the "shocks the conscience" standard is applicable to all substantive due process claims. *Miller v. City of Philadelphia*, 174 F.3d 368, 374-75 (3d Cir. 1999). Whether conduct is conscience shocking is a question for the Court to decide. *Stein v. City of Philadelphia*, 994 F.Supp.2d 660, 662 (E.D. Pa. 2014)(citing *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 174 (3d Cir. 2004)).

In the present case, no action alleged to have been committed by Defendant Davis rises to the "conscience shocking" level. Whether conduct rises to such a level is dependent on the facts of the case, and merely asserting an improper motive is insufficient, even where the motive is unrelated to the merits of the underlying decision. *United Artists* 316 F.3d at 399 (3d Cir.2003). In any case, what "shocks the conscience" is only "the most egregious official conduct." *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir.2004) (internal quotations omitted). In the zoning context, this standard avoids turning federal courts into "super zoning tribunals." *Id*.

Plaintiff has alleged that Defendant Davis withheld the occupancy permit at the request of certain co-defendants involved in the law enforcement aspect of the case. No facts are alleged to remove this allegation from the realm of conclusory speculation, nor is it easily inferred that there

is any logical reason why the law enforcement authorities would be motivated to recommend against a zoning permit – or why Defendant Davis would go along. This lone allegation of impure motive, however, is not sufficient to establish "egregious official conduct." "The Court of Appeals for the Third Circuit has consistently recognized the limited scope of a substantive due process claim and declined to extend constitutional protection to a dispute centered on personal animosity. 'We have previously recognized that the politics and animosities that often animate local decision-making are not matters of constitutional concern. The conduct of officials in this case may have been 'unfair' or 'improper' from [plaintiff's] perspective, but there is no evidence of the patently egregious behavior recognized in prior cases to constitute a substantive due process claim.'" *Deninno, V. Davidson*, 2012 WL 1448312 *11 (W.D. Pa. 2012) (quoting *Maple Properties, Inc. v. Twp. of Upper Providence*, 151 Fed. Appx. 174, 180 (3d Cir. 2005).

The sparse and conclusory allegations of the Complaint fail to overcome the high standards for substantiating a Fourteenth Amendment violation claim. Therefore, this claim must be dismissed.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff has failed to set forth any cause of action that can survive Defendant Davis's Motion to Dismiss. Defendant Davis therefore respectfully requests that Plaintiff's claims against him be dismissed as a matter of law, with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN**

BY: _____
CARLY P. EDMAN, ESQUIRE
PA I.D. #330913
SCOTT G. DUNLOP, ESQUIRE
PA I.D. # 41638
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA 15219
412-803-1140 phone / 412-803-1188 fax
cpedman@mdwcg.com // sgdunlop@mdwcg.com
*Attorney for Defendant, Marvin Davis, only*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** has been served upon the below listed parties via electronic mail and/or U.S. First Class mail, postage prepaid, this 17th day of January, 2023, as follows:

>Christie Harr
>676 Reed Avenue
>Monessen, PA 15062
>*(Plaintiff)*

All other parties received the foregoing document via the Court's ECF system.

>MARSHALL DENNEHEY
>WARNER COLEMAN & GOGGIN
>
>BY: _/s/ C. Edman_____
>CARLY P. EDMAN, ESQUIRE
>PA I.D. #330913
>SCOTT G. DUNLOP, ESQUIRE
>PA I.D. # 41638
>Union Trust Building, Suite 700
>501 Grant Street
>Pittsburgh, PA 15219
>412-803-1140 phone / 412-803-1188 fax
>cpedman@mdwcg.com // sgdunlop@mdwcg.com
>*Attorney for Defendant, Marvin Davis, only*

LEGAL/150902356.v1