IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE HARR, | CIVIL ACTION |
| Plaintiff, | No. 2:21-CV-01560-WSH |
| v. | |
| WASHINGTON AREA HUMANE SOCIETY, HUMANE SOCIETY OF THE UNITED STATES, HUMANE ANIMAL RESCUE, ESTATE OF GLEN L. THOMSON, LAURA KOIVULA, SHALIMAR OLIVER, SAMUEL JENESKY, LEANA STORMONT, KELLY PROUDFIT, KEN JERICHO, STEVEN TOPRANI, MARVIN DAVIS, JOHN W. PECK, JAMES R. HOPSON, JOHN DOES 1 THROUGH 50, | THE HONORABLE W. SCOTT HARDY  *Electronically Filed* |
| Defendants. | JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**

AND NOW comes Defendant, MARVIN DAVIS ("Defendant Davis"), by and through his attorneys, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, SCOTT G. DUNLOP, ESQUIRE and CARLY P. EDMAN, ESQUIRE and submits the following Brief in Support of Motion to Dismiss Pursuant to Rule 12(b)(6), stating as follows:

### I.  STATEMENT OF FACTS

Christie Harr ("Plaintiff") brings the instant 42 U.S.C. § 1983 action based upon the assertion that her Fourteenth Amendment rights were violated by Monessen Code Enforcement Officer Marvin Davis. The vast majority of Plaintiff's claims arise from an allegedly unconstitutional search and seizure that took place in or around October of 2019, when humane officers raided a property in Monessen which she was using to house a very large multitude of dogs, cats and other domestic animals. *See generally,* "Corrected" Amended Complaint (ECF

92)(hereinafter referred to as "Amended Complaint"). Plaintiff's allegations against Defendant Davis, in his individual capacity as the Code Enforcement Officer for the City of Monessen, are set forth exclusively at Count XVI of the Amended Complaint, wherein Plaintiff contends that the actions of Mr. Davis in failing to issue an occupancy permit for Plaintiff's house, without rendering an appealable decision, denied Plaintiff both substantive and procedural due process. *See* Amended Complaint, Count XVI. Defendant Marvin Davis moves to dismiss these claims pursuant to Rule 12(b)(6), because it is clear from the facts alleged that Fourteenth Amendment due process has not been offended.

## II.     STANDARD OF REVIEW

When considering a Motion to Dismiss under the Federal Rules, the Court must accept as true all well pled allegations in the Complaint, and construe them in a light most favorable to the Plaintiff.  The Court may dismiss the claim if it appears beyond a reasonable doubt, the Plaintiff cannot prove facts in support of a claim which would entitle him to relief.  *Labove v. Lalley*, 809 F.2d. 220 (3d Cir. 1987).  The Court may consider exhibits attached to the Complaint, and matters of public record.  *Benefit Guarantee Corp. v. White Consol Industries*, 998 F. 2d. 1192, 1196 (3d Cir. 1993).

The Supreme Court has clarified its position on the standard under a Motion to Dismiss, in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  The "no set of facts standard" found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), has been abrogated in favor of requiring a Plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974.  As a result of the *Twombly* holding, Plaintiffs must have "nudged their claim across the line from conceivable to plausible, or the Complaint must be dismissed." *Id*.

> While a complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, plaintiff's obligation [under Rule 8(a)(2)] to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and the formulated recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Id.* at 1964-65 (citations omitted).

The Court does not have to accept every allegation of the Complaint as true. The Court need not credit "bold assertions" or "legal conclusions" in a Complaint, when deciding a Motion to Dismiss. *Burlington Coat Factory SEC Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997). Further, unsupported conclusions, argumentative modifiers, and unwarranted inferences need not be accepted as true. *Trzaska v. L'Oreal USA, Inc.,* 865 F.3d 155, 159 (3d Cir. 2017). "When conducting our review, 'we must accept the allegations in the complaint as true . . . [but] are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Id. (quoting Morrow v. Balaski,* 719 F.3d 160, 165 (3d Cir. 2013) (alterations in original)). *Ikb Int'l S.A. v. Wilmington Trust Co., 2019 U.S. App. LEXIS 15069, *7* (3d Cir. May 21, 2019).

**III.   ARGUMENT**

   **A. Plaintiff's 42 U.S.C. § 1983 claims against Defendant Davis should be dismissed as a matter of law.**

Plaintiff asserts that Defendant Davis has violated both her substantive and procedural due process rights under the Fourteenth Amendment by informally refusing to issue an occupancy permit to her without rendering an appealable decision. See Amended Complaint at ¶ 324. Plaintiffs claims fail to state a claim upon which relief can be granted and should be dismissed for the reasons discussed below.

3

### i. Procedural Due Process

To state a claim for a violation of procedural due process under the Fourteenth Amendment, Plaintiff must allege that (1) she was deprived of an interest that is protected by the Fourteenth Amendment and (2) the procedures available did not provide "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). A Plaintiff must have taken advantage of the available procedures, unless those procedures are unavailable or patently inadequate. *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).

Plaintiff contends that Defendant Davis's actions in informally refusing to issue an occupancy permit without issuing a written decision violated her procedural due process rights, because she could not take an appeal without first receiving a written denial. However, when a state "affords a full judicial mechanism with which to challenge the administrative decision" at issue, it provides adequate procedural due process, irrespective of whether the plaintiffs avail themselves of that process. *DeBlasio v. Zoning Bd. of Adjustment,* 53 F.3d 592, 597 (3d Cir. 1995). Federal courts have frequently considered whether the administrative and legal remedies available under Pennsylvania law to persons aggrieved by local government decisions in regulation of land use satisfy the requirements of procedural due process. Without exception, these courts have found that "Pennsylvania's scheme for judicial review of administrative land use decisions has ... passed constitutional muster." *Sixth Angel Shepherd Rescue Inc. v. West,* 790 F. Supp. 2d 339, 358 (E.D. Pa. 2011), aff'd, 477 F. App'x 903 (3d Cir. 2012) (citing *Perano v. Twp. of Tilden,* 423 F. App'x 234, 237 (3d Cir. 2011)); *see also, Bello v. Walker,* 840 F.2d 1124, 1128 (3d Cir. 1988).

Indeed, Pennsylvania law provided a procedural mechanism to Plaintiff for seeking judicial review of Defendant Davis's alleged inaction concerning her application for an occupancy permit.

4

The writ of mandamus exists to compel official performance of a ministerial act or mandatory duty. See *Delaware River Port Authority v. Thornburgh*, 493 A.2d 1351, 1355 (Pa. 1985). Mandamus cannot issue "to compel performance of a discretionary act or to govern the manner of performing [the] required act." *Volunteer Firemen's Relief Ass [ociation ] of the City of Reading v. Minehart,* 203 A.2d 476, 479 (Pa. 1964). A Pennsylvania court may issue a writ of mandamus where the petitioner has a clear legal right, the responding public official has a corresponding duty, and no other adequate and appropriate remedy at law exists. *Id.*; see *Board of Revision of Taxes v. City of Philadelphia,* 4 A.3d 610, 627 (Pa. 2010).  Moreover mandamus is proper to compel the performance of official duties whose scope is defined as a result of the mandamus action litigation. *Thornburgh*, at 1355. Thus "we have held that mandamus will lie to compel action by an official where his refusal to act in the requested way stems from his erroneous interpretation of the law." *Minehart*, at 479–80. See also, *Fagan v. Smith*, 41 A.3d 816, 818 (Pa. 2012) (*per curiam*).

The situation described by Plaintiff in Count XVI of her Amended Complaint is exactly the sort of situation for which the mandamus action exists under Pennsylvania law. The most recent of several District Court decisions finding that the availability of the mandamus action under Pennsylvania law satisfies the requirements of Fourteenth Amendment due process was issued by Judge Mariani of the U.S. District Court for the Middle District of Pennsylvania, who  considered a very similar claim by plaintiffs who contended that the failure of local officials to either grant or deny their application for an occupancy permit violated their procedural due process rights. *See Halchak v. Dorrance Twp. Bd. of Supervisors*, No. 3:18-CV-1285, 2022 WL 17742270, (M.D. Pa. Dec. 16, 2022)*,* wherein that court, dismissing the procedural due process claim, observed:

> Defendants contend that Plaintiffs "cannot establish a procedural due process violation where judicial relief was available." *** This argument has merit. Courts have held that a petition for a writ of mandamus is "a vehicle to challenge inaction on the part of municipal

5

authorities," including inaction in the form of "delay from evaluation to the issuance of a permit," and in cases where such relief is available, procedural due process claims fail. ***
As such, the availability … of mandamus relief in state court defeats Plaintiffs' procedural due process claim.

Id. at *21 (Citations omitted.)

This holding of the Middle District court in *Halchak* was preceded by similar rulings by the Eastern District in *LXR RS V, LLC v. Municipality of Norristown*, No. 2:19-CV-01397-JDW, 2019 WL 4930157, at *5 (E.D. Pa. Oct. 7, 2019); and the Western District in *Mader v. Union Twp.*, No. 2:20-CV-01138-CCW, 2022 WL 395052, at *7 (W.D. Pa. Feb. 9, 2022)(Wiegand, J.). Thus, all three of the U.S. district courts in Pennsylvania have held that Pennsylvania law complies with Fourteenth Amendment due process by providing an avenue of relief for the permit applicant who has received neither the permit nor an appealable denial of her application. Because Plaintiff in the instant case contends that she had a right to an occupancy permit and that Defendant Davis had a duty to issue it, she had the ability to seek relief through filing an action in mandamus in state court to compel the issuance of the permit. Thus, she cannot establish that the procedures available to her for seeking further review did not comply with due process of law. For this reason, Plaintiff's procedural due process claim should be dismissed.

      **ii.**      **Substantive Due Process**

To prevail on a substantive due process claim, a plaintiff must demonstrate that an arbitrary and capricious act committed under color of state law deprived her of a protected property interest. *County Concrete Corporation v. Town Of Roxbury*, 442 F.3d 159, 165 (3d Cir. 2006). The Third Circuit has held that "real property ownership" is an interest protected by substantive due process." *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 141 (3d Cir. 2000). However, Plaintiff has not alleged that Defendant Davis interfered with ownership of her real property, nor that he

6

deprived her of possession or enjoyment of her real property, nor that she was evicted, cited, fined or even prohibited by Davis from carrying on with her intended use of the property. She has alleged that he has (thus far) deprived her of a permit to inhabit the property, but not that the absence of a permit has caused any alteration of her own intentions with respect to use of the land. Essentially, Plaintiff is alleging only that she has been deprived of a piece of paper constituting an occupancy permit.

What Plaintiff has not done, other than in an entirely conclusory fashion, is demonstrate that she had a clear entitlement to such a permit on the basis that her property was in compliance with all the provisions of the International Property Maintenance Code, which has been adopted by the City of Monessen pursuant to ordinance. *See* City of Monessen Ordinance No. 2 of 2012, attached hereto as Exhibit A. Absent compliance with the IPMC, Plaintiff's property would not qualify for a use and occupancy permit. *See* Exhibit B, the "City of Monessen Municipal Code and Ordinance Compliance Act". Plaintiff vaguely contends that "all requirements were met", Amended Complaint, ¶ 299, but obviously admits that no permit was ever issued.

It is doubtful that Pennsylvania law would recognize a property right in a permit which has not yet been issued. *See, e.g., Flanders v. Ford City Borough Council*, 986 A.2d 964, 973-74 (Pa. Cmwlth. 2009)(construing claim of right to a building permit under the UCC).  And where the Plaintiff has not been issued the permit he seeks, "the permit itself cannot serve as the 'property interest' of which [the plaintiff] was deprived" for purposes of a Fourteenth Amendment due process analysis. *Flanders v. Dzugan,* 156 F.Supp. 3d 648, 665 (W.D. Pa. 2016)(Fischer, J.).  And in *WVCH Commc'ns, Inc. v. Kalil*, No. CIV. A. 93-CV-2225, 1993 WL 268903, at *2 (E.D. Pa. July 15, 1993), *aff'd sub nom. WVCH Commc'ns, Inc. v. Upper Providence Twp*., 27 F.3d 561 (3d Cir. 1994), the court held, "[P]laintiffs must show a protected property interest before being able to

state a substantive due process claim. Plaintiffs have made no such showing, and indeed, cannot do so unless and until it is proven that they are entitled to the zoning variance which they sought."

It is respectfully submitted that the United States District Court is not the place where the question of whether the Plaintiff was entitled to an occupancy permit under all the provisions and requirements of the International Property Maintenance Code ought to be litigated. The federal courts ought not to be reduced to the equivalent of local zoning boards of adjustment merely because one of the parties invokes the Bill of Rights in the context of an ongoing controversy about the interpretation and enforcement of local real property regulations. "[E]very appeal by a disappointed developer from an adverse ruling of the local planning board involves some claim of abuse of legal authority, but it is not enough simply to give these state law claims constitutional labels such as 'due process' or 'equal protection' in order to raise a substantial federal question under section 1983." *United Artists Theatre Circuit, Inc. v. Township Of Warrington,* 316 F.3d 392, 402 (3d Cir.2003) (quoting *Creative Env'ts, Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir.1982)).

Even if the Court were to recognize deprivation of property right in the allegations of the Amended Complaint, that would still leave Plaintiff far from establishing a substantive due process violation. In order to prevent the federal courts from being cast as the arbiters of every local building and zoning code dispute, the Third Circuit has recognized that a Plaintiff must clear the very high bar of demonstrating that the conduct of government officials was not just erroneous, negligent, reckless, or even intentional; the conduct must have been an *egregious* miscarriage of the public trust. The alleged conduct resulting in a deprivation of the plaintiff's property interest must "shock the conscience" of the court. *United Artists*, 316 F.3d 392, 399. "[T]he core of the concept [of due process is] protection against arbitrary action" and "only the most egregious

official conduct can be said to be arbitrary in the constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 845–46, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

To preserve a Fourteenth Amendment substantive due process claim from dismissal, a plaintiff must allege sufficient facts in her complaint to support a plausible claim that the defendant's conduct is "conscience shocking in a constitutional sense." *Lewis*, 523 U.S. at 846-48. In the Third Circuit, the "shocks the conscience" standard is applicable to all substantive due process claims. *Miller v. City of Philadelphia*, 174 F.3d 368, 374-75 (3d Cir. 1999). Whether conduct is conscience shocking is a question for the Court to decide. *Stein v. City of Philadelphia*, 994 F.Supp.2d 660, 662 (E.D. Pa. 2014)(citing *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 174 (3d Cir. 2004)).

Whether conduct rises to such a level is dependent on the facts of the case, and merely asserting an improper motive is insufficient, even where the motive is unrelated to the merits of the underlying decision. *United Artists* 316 F.3d at 399 (3d Cir.2003). In any case, what "shocks the conscience" is only "the most egregious official conduct." *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir.2004) (internal quotations omitted). In the land use regulation context, this standard avoids turning federal courts into "super zoning tribunals." *Id.* The Third Circuit has explained that, "In the land-use context, we look for evidence of corruption, self-dealing, intentional interference with constitutionally protected activity, virtual 'takings,' or bias against an ethnic group on the part of local officials." *Button v. Snelson*, 679 F. App'x 150, 154 (3d Cir. 2017) (*quoting Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004)).

In the present case, no action alleged to have been committed by Defendant Davis rises to the "conscience shocking" level. Plaintiff has pled nothing more than a disagreement concerning whether her building qualified for an occupancy permit. Plaintiff even admits that she was

9

subsequently contacted by Defendant Davis to notify her that she needed to schedule a follow-up inspection. Amended Complaint, ¶ 318. Plaintiffs' conclusory assertions are devoid of any allegations of "corruption, self-dealing, intentional interference with constitutionally protected activity, virtual 'takings,' or bias against an ethnic group." Accordingly, as in *Button v. Snelson*, Defendant Davis's conduct reflects, at worst, "merely negligent ... performance of official duties" and "does not shock the conscience." The sparse and conclusory allegations of the Amended Complaint fail to overcome the high standards for substantiating a Fourteenth Amendment violation claim. Thus, Count XVI ought to be dismissed.

i. **Defendant Davis is entitled to Qualified Immunity.**

Defendant Davis is entitled to immediate dismissal based on qualified immunity. State officials performing discretionary duties are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A federal right is "clearly established" for purposes of qualified immunity if its contours are "sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Qualified immunity must be assessed in the context of each individual defendant's specific conduct, including "an analysis of the facts adduced concerning the conduct of the official" claiming immunity. *Griffin-El v. Beard*, 411 Fed. Appx. 517, 519 (3d Cir. 2011) (citing *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990)).

As argued above, Plaintiff's claims do not establish a violation of any clearly established rights. At the time of the alleged interactions between Plaintiff and Defendant, there was no clearly established law holding that an applicant for an occupancy permit possesses a property right in that

permit sufficient to trigger Fourteenth Amendment duties on the part of the municipal code officer. There was no case decision clearly establishing that inaction or delay in issuing such a permit could frustrate procedural due process. And there was no warning or indication to Defendant Davis that his posture with respect to the permit application, even as alleged by Plaintiff, could be found "conscience shocking" so as to render him potentially liable under a substantive due process analysis. Therefore, Defendant Davis is entitled to the defense of qualified immunity from this suit, affording him a right not to be put unnecessarily through the rigors and expense of litigation, but to be dismissed at the earliest possible stage at which the contours of qualified immunity can be determined. *Pearson v. Callahan*, 129 S.Ct. 808 (2009). And thus, these claims against a Code Enforcement Officer performing his discretionary duties should be dismissed under the Doctrine of Qualified Immunity.

## IV. CONCLUSION

For these reasons, Plaintiff has failed to set forth any cause of action that can survive Defendant Davis's Motion to Dismiss. Therefore, Defendant Davis respectfully requests that Plaintiff's claims against him be dismissed as a matter of law, with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**

BY: _C. Edman_
CARLY P. EDMAN, ESQUIRE
PA I.D. #330913
SCOTT G. DUNLOP, ESQUIRE
PA I.D. # 41638
*Attorneys for Defendant, Marvin Davis, only*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)** has been served upon the below listed counsel of record via electronic mail and/or U.S. First Class mail, postage prepaid, this 26th day of April, 2023, as follows:

Christie Harr
676 Reed Avenue
Monessen, PA  15062
*(Plaintiff)*

All other parties received the foregoing document via the Court's ECF system.

MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN

*/s/ C. Edman*
CARLY P. EDMAN, ESQUIRE
PA I.D. #330913
SCOTT G. DUNLOP, ESQUIRE
PA I.D. # 41638
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA 15219
412-803-1140 phone / 412-803-1188 fax
cpedman@mdwcg.com // sgdunlop@mdwcg.com
*Attorney for Defendant, Marvin Davis, only*

LEGAL/153137903.v1