**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTIE HARR, | ) Civil Action No: 2:21-cv-1560 |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Honorable W. Scott Hardy |
| vs. | ) |
| | ) |
| | ) |
| WASHINGTON AREA HUMANE SOCIETY, | ) *Electronically Filed* |
| HUMANE SOCIETY OF THE UNITED STATES, | ) |
| HUMANE ANIMAL RESCUE, ESTATE OF GLEN | ) |
| L. THOMSON, LAURA KOIVULA, SHALIMAR | ) |
| OLIVER, SAMUEL JENESKY, LEANA | ) |
| STORMONT, KELLY PROUDFIT, KEN JERICHO, | ) |
| STEVEN TOPRANI, MARVIN DAVIS, JOHN W. | ) |
| PECK, JAMES R. HOPSON, JOHN DOES 1 | ) |
| THROUGH 50, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT HUMANE ANIMAL RESCUE'S BRIEF IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFF'S CORRECTED AMENDED COMPLAINT**

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The events which form the basis of Plaintiff's Corrected Amended Complaint (the "operative Complaint") occurred on or about October 29 and 30, 2019.  *See,* ECF Doc. 1 at ¶¶ III B and C; see also ECF Doc. 92 at ¶ 26.  Plaintiff, Christie Harr, brings this lawsuit against the Humane Animal Rescue ("HAR"), and numerous other Defendants, claiming her constitutional rights were violated when two warrants authorizing the search of properties she controlled and occupied were obtained and executed.  Both warrants were signed and sealed by the respective Magisterial District Judges in Washington and Westmoreland Counties on October 29, 2019.  *See*

the Washington County search warrant (**Exhibit A)**, and the Westmoreland County search warrant (**Exhibit B)**.[1]

These warrants authorized the search of Plaintiff's Washington County property located at 320 2nd Street, Donora, Pennsylvania, and the Westmoreland County property located at 676 Reed Avenue, Monessen, Pennsylvania, and the seizure of animals thereon. *See,* ECF Doc. 1 at ¶¶ III B and C.   A twenty-seven (27) page Affidavit of Probable Cause supported the warrants and identified all areas/properties to be searched and types of evidence to be collected.   *Id.*   These search warrants were executed the following day, October 30, 2019, and over 200 neglected animals were seized, including cats, dogs, chickens, and rodents. *See* Court of Common Pleas of Washington County Order and Opinion dated April 4, 2022, (**Exhibit C)** at pp. 1-2.   Personnel from co-defendants Washington Area Humane Society ("WAHS") and Humane Society of the United States ("HSUS"), in addition to HAR, were present at both locations to assist in the search and rescue.   *See* ECF Doc. 1, Part I, at pp. 6-7.

The evidence and animals obtained pursuant to the warrants resulted in animal cruelty/neglect charges against Plaintiff in the Court of Common Pleas for Washington County at Docket Numbers CR-0205-2020 and CR-1186-2020.   On September 9, 2022, Plaintiff pled nolo contendere to two counts of Neglect of Animal, 18 Pa.C.S.A. § 5532(a)(1).   *See* Pleas of Nolo Contendere at Docket Nos. CR-205-2020 and CR-1186-2020, (**Exhibit D)**.   As part of her plea agreement, Plaintiff was sentenced to two years of probation, and as special conditions of her

---

[1] In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents. (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)); *Simpson v. Sessions*, No. 16-1334, 2017 U.S. Dist. LEXIS 71109, at *5–6 (E.D. Pa. May 9, 2017) (noting that "judicial opinions and docket sheets are public records, of which this court may take judicial notice in deciding a motion to dismiss.') (quoting *Zedonis v. Lynch*, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017)).

probation, she is not to possess any types of animals, or have any contact with the animals seized. See September 9, 2022 Order of Sentence, (**Exhibit E**).

Further, while the criminal matter was still pending, Plaintiff raised the same challenges to the search warrants, which she now claims monetary and injunctive relief for in this civil lawsuit. Specifically, she filed an Omnibus Pre-Trial motion seeking the suppression of evidence uncovered by the searches, (**Exhibit F**). Plaintiff's Motion was denied by Washington County Order and Opinion dated April 4, 2022. *See* Exhibit C at p. 8. As set forth as part of his analysis for denying Plaintiff's Motion, Judge Brandon P. Neuman sets forth the following:

> The Criminal Complaint in case 205-2020 was filed on October 30, 2019 and the Defendant was charged with aggravated cruelty to animals – torture and aggravated cruelty to animals – causing serious bodily injury or death with both charges stemming from a failure to obtain veterinary care for Linus the cat. A second criminal complaint was filed on June 22, 2020 for case 1186-2020 which charged the Defendant with two counts aggravated cruelty to animals and six counts of neglect of animals. **These charges encompassed activities taking place at both the Donora property and Monessen property after the Westmoreland County District Attorney's Office consented to Washington County handling both matters on March 4, 2020.**

*Id*. at p. 2 (emphasis added).

Plaintiff, proceeding *pro se*, now brings a federal civil rights lawsuit on her behalf arising out of the same operative facts as the criminal prosecution. She argues that "[u]ltimately, after negotiations where [Christine Harr] repeatedly advised that she, under no circumstances, would enter any plea to any charges relating to alleged Westmoreland County conduct, the District Attorney agreed to allow [Christine Harr] to enter a no contest plea knowing full well that the only matters [Christine Harr] would resolve were Washington County conduct." *See*, ECF Doc. 92, at ¶ 30. Regardless of what Plaintiff now argues, on September 9, 2022, she pled nolo

contendere to two counts of Neglect of Animal, 18 Pa.C.S.A. § 5532(a)(1). *See* Pleas of Nolo Contendere at Docket Nos. CR-205-2020 and CR-1186-2020, (Exhibit D). As explained by Judge Neuman, these two docket numbers encompass activities taking place at both the Donora property and Monessen property after the Westmoreland County District Attorney's Office consented to Washington County handling both matters on March 4, 2020. Plaintiff's own subjective belief of what she plead guilty to is simply not relevant. Therefore, Plaintiff's pleas were in consideration of the charges brought against her concerning her conduct in both Washington and Westmoreland County, and she is collaterally estopped from re-litigating the validity of the search warrants and her claims against HAR should be dismissed. Moreover, because of her criminal convictions, Plaintiff's constitutional claims against HAR are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). As Plaintiff has otherwise failed to state a claim to impose liability against HAR, any claims against them should be dismissed from this Complaint with prejudice.

## II.        STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) (6) challenges the legal sufficiency of the Complaint. *Kost v. Dozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). While all well-pleaded facts, as distinguished from conclusory allegations, should be taken as true, "a Court need not credit a complaint's bald assertions or 'legal conclusions' when deciding a Motion to Dismiss." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." *Kost*, 1 F.3d at 183. Furthermore, the Court is not bound "to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allian*, 478 U.S. 265, 286 (1986).

In *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008), the Third Circuit addressed how the standard for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) has been affected by the Supreme Court's recent decision in *Bell Atlantic v. Twombly*, 515 F.3d at 230-35. The following rules are gleaned from the lengthy discussion in *Phillips*: The rule remains that Rule 8 "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests, and that this standard does not require detailed factual allegations." *Phillips*, 515 F.3d at 231 (internal quotations and citations omitted). Furthermore, "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id*. (citations omitted).

Two new concepts are taken from *Twombly*: First, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's [Rule 8] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (alteration in original) (internal citations omitted). That is, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965 & n. 3; *See, Phillips*, 515 F.3d at 231. Second, the Supreme Court disavowed certain language previously used, which required district courts to ensure that the plaintiff could allege "no set of facts" to maintain a claim. *See, Twombly*, 127 S. Ct. at 1968-69 ("[t]his phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has

been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."); *Phillips*, 515 F.3d at 231.

Based on *Twombly* and a related decision, the Third Circuit "understand[s] the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232.  "Put another way, in light of *Twombly*, Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief."  *Id.*

Furthermore, the standard announced in *Twombly* requires that a plaintiff alleges facts so as to show his claim as "plausible."  *See*, *Phillips*, 515 F.3d at 234 ("The Court explained that a plaintiff must 'nudge [his or her] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." (*citing Twombly*, 127 S.Ct. at 1974)).

In evaluating whether Plaintiffs met their pleading burden in order to survive a motion to dismiss, the Court should conduct a two part analysis.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. Pa. 2009).  First, the Court must separate the factual allegations and the legal allegations contained in the complaint.  The Court "must accept all of the complaints well-pleaded facts as true, but may disregard any legal conclusions."  *Id*.  Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.'"  *Id*. at 211 (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  If the well-plead facts only permit the Court to infer the "mere possibility of misconduct, [then] the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (citing Fed.R.Civ.P. 8(a)(2)).  When a complaint has not shown the existence of a

plausible claim, Plaintiffs are not entitled to relief and the claim must be dismissed. *Id.* at 678-670.

In considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), "a court may look beyond the complaint to matters of public record, including court files and records, decisions of government agencies and administrative bodies, and documents referenced in the complaint or which are essential to plaintiff' claim and are attached to either the Complaint or the defendant's Motion." *McGarrey v. Mrs. Marquart*, 2010 U.S. Dist. LEXIS 2183 (W.D.Pa. 2010); *see also*, *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3rd Cir. 1994) (noting that court may consider matters of public record, orders, exhibits attached to the complaint and items that appear in the record of the case).

## III.    <u>ARGUMENT</u>

Plaintiff's claims against HAR relate to the search warrants and the searches and seizures authorized by the warrants, which as indicated in Section I, above, have largely been ruled upon in the corresponding criminal charges brought against her.  The only averments in the operative Complaint identifying HAR, besides in the individual Counts, are as follows:

- HSUS defendants, WAHS defendants, and HAR defendants took video of their actions, the  Plaintiff's property, invited the news media, and made fundraising videos, including both the Washington County property and the Westmoreland County property. See ECF Doc. 92, at ¶ 86.
- Based on information, the John Doe agents of Humane Animal Rescue were at the scene in Westmoreland County and entered Plaintiff's location and assisted with the search despite not being authorized to act as Humane Police Officers in Westmoreland County. *Id*. at ¶ 87.

Based on these limited, vague allegations against HAR, Plaintiff claims these actions violated her rights under the Fourth, Fifth, and Fourteenth Amendments to the United States

Constitution.  *Id*. at ¶¶ 109-119, 147-157, and 224-231.  State law claims are also brought of intrusion upon seclusion, trespass, and intentional infliction of emotional distress. *Id*. at ¶¶ 120-132, and 285-294.  HAR addresses each of these claims in greater detail below.

        **A.**        **Plaintiff's § 1983 claims against HAR should be dismissed due to failure to sufficiently plead any basis as to how HAR was acting under the color of state law.**

The HAR organization is a non-profit shelter and not a state entity. Significantly, the HAR representatives, which Plaintiff fails to identify in her operative Complaint, did not participate in the execution of the search warrant or the seizure of the Plaintiff's property. Plaintiff's operative Complaint appears to acknowledge this fact by setting forth the actions of co-defendants in obtaining and executing the search warrant, and following up on that description by adding that "[b]ased on information, the John Doe agents of Humane Animal Rescue were at the scene in Westmoreland County and entered Plaintiff's location and assisted with the search despite not being authorized to act as Humane Police Officers in Westmoreland County."  *Id*. at ¶ 87.

A private entity, such as HAR, is ordinarily not a proper "person" for purposes of an action alleged under 42 U.S.C. § 1983. For Plaintiff's claims to survive the motion to dismiss, she must sufficiently plead that the HAR representatives acted under the color of state law while on Plaintiff's properties, or cared for, treated, fostered adoption and/or euthanized animals on Plaintiff's properties.

"Although a private person may cause a deprivation of [a constitutional] right, he may be subjected to liability under § 1983 only when he does so under color of law." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). The inquiry into whether a private individual or association was acting under color of law is fact specific, and the plaintiff

has the burden of establishing color of law. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (citations omitted). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). In *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001), the Supreme Court held that "state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." To conduct this analysis, the Court of Appeals for the Third Circuit has "outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists," which are as follows:

> (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (citation omitted). These tests are commonly referred to as (1) the public function test, (2) the close nexus test, and (3) the symbiotic relationship test. Another test, commonly referred to as the "joint action test," asks whether a private entity was a willful participant in joint action with the state or its agents." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941-42, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). In deciding whether state action has occurred, the central purpose of the inquiry is to "assure that constitutional standards are invoked when it can be said that the State is responsible for the specific conduct of which plaintiff complains." *Brentwood*, 531 U.S. at 295, 121 S.Ct. 924

(citation omitted) (emphasis in original). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *American Mfs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999).

Here, Plaintiff has done nothing more than allege in a conclusory fashion that HAR was acting under the color of state law. She has not asserted that the actions of HAR in running a non-profit animal welfare organization constitute state action. Plaintiff has not pled that HAR acted under color of state law according to any of the aforementioned tests. In other words, Plaintiff has failed to plead a threshold color of state law claim against HAR.

HAR is a private organization engaged in sheltering and providing medical attention to neglected and injured animals under the umbrella of a private non-profit organization. There can be no argument that it was "clothed with any state authority." See *Chambers*, 453 F. Supp. 2d at 872. See also *Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005) (holding no cause of action under Section 1983 without defendant acting under color of official authority). Based on Plaintiff's operative Complaint, all that is known is that HAR "were at the scene" and "assisted with the search" on Plaintiff's Westmoreland County property.  See, ECF Doc. 92, at ¶ 87.

For these reasons, Plaintiff's operative Complaint fails to sufficiently plead any basis as to how HAR was acting under the color of state law. Since there can be no violation of constitutional rights without state action, the Federal claims against HAR should be dismissed with prejudice.

>   **B.**     **Any § 1983 claims against HAR which Plaintiff relies upon a theory of *respondeat superior* must fail.**

Plaintiff's operative Complaint appears to bring claims against HAR under a theory of *respondeat superior*, as she names John Does 21 through 30 as agents and employees of HAR. However, all Counts must be dismissed as to HAR, as "our Court of Appeals has consistently rejected *respondeat superior* liability and established *Monell* as the only basis for organizational liability under § 1983." *Kaufmann v. Pennsylvania Society for the Prevention of Cruelty to Animals*, 766 F. Supp. 2d 555, 561 (E.D. Pa. 2011). Under *Monell v. Dep't of Soc. Srvs.*, 436 U.S. 658, 694 (1978), a local government entity may not be sued under § 1983 for its employees' or agents' infliction of injury. It is only when that injury is a result of a relevant organizational policy or custom, "the implementation of which" results in a putative plaintiff's alleged injury. In the present matter, Plaintiff may argue that *Monell* applies only to municipal entities, and not a private non-profit such as HAR, but our Court of Appeals has rejected this argument. See, *Kaufmann*, 766 F. Supp. 2d at 562 (E.D. Pa. 2011) (determining that humane society police officers are entitled to qualified immunity when a government actor directs a private individual's behavior).

Further, Plaintiff's operative Complaint fails to plead any facts whatsoever to establish that HAR engaged in a "pattern of constitutional violations" which is "ordinarily necessary" to substantiate such a civil rights claim. To be clear, Plaintiff does not address any policies or customs of HAR, let alone policies or customs "evincing willful disregard or deliberate indifferent to plaintiffs' rights." *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1155 (3d Cir. 1995). Accordingly, Plaintiff's claims against HAR on a theory of *respondeat superior* must fail.

        **C.**        **Plaintiff's § 1983 claims regarding the securing and execution of the Westmoreland and Washington County search warrants are further barred by collateral estoppel.**

"The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. . . Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). Collateral estoppel, "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Id*.

Under Pennsylvania law, the doctrine of collateral estoppel applies when the following four elements are met:

> (1) An issue decided in a prior action is identical to one presented in a later action; (2) The prior action resulted in a final judgment on the merits; (3) The party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Jones v. United Parcel Serv.*, 214 F.3d 402, 405 (3d Cir. 2000) (quoting *Rue v. K-Mart Corp.*, 713 A.2d 82, 84 (Pa. 1998)). In *Allen*, the Supreme Court of the United States broadly held that collateral estoppel applies in § 1983 claims. *Allen*, 449 U.S. at 105; See also *Ingram v. Lupas*, 353 F. App'x 674, 676 (3d Cir. 2009) ("It is well established that principles of collateral estoppel are fully applicable to civil rights actions brought under § 1983"). Thus, defendants in a § 1983 suit can raise the issue of collateral estoppel where plaintiffs attempt "to relitigate in federal court issues decided against them in state criminal proceedings." *Anela v. City of Wildwood*, 790 F.2d 1063, 1068 (3d Cir. 1986) (citing Allen, 449 U.S. at 101).

12

Indeed, courts in this Circuit have held that collateral estoppel bars § 1983 Fourth Amendment claims based on the propriety of a search challenged in underlying criminal proceedings. For instance, in *Briggs v. Godby*, No. CIV.A. 08-5239, 2009 WL 4756390 (E.D. Pa. 2009), the court dismissed the plaintiff's Fourth Amendment claim, which was based on the propriety of a warrantless search of his premises, because in the underlying criminal case, the plaintiff unsuccessfully challenged the search through an omnibus pre-trial motion to suppress the evidence obtained as a result of the search. See also *Aursby v. Auxter*, No. CV 19-4849, 2021 WL 3885122 (E.D. Pa. 2021) (collateral estoppel barred § 1983 action of plaintiff who previously challenged the constitutionality of a search in the criminal matter via suppression motion); *Ingram v. Lupas*, 353 F. App'x 674, 677 (3d Cir. 2009) ("the plaintiff in the instant action was the defendant in the criminal case; and the denial of a suppression motion followed by a conviction is a final judgment for collateral estoppel purposes . . . Therefore, the District Court correctly concluded that [plaintiff] was barred from re-litigating this issue.").

In Plaintiff's operative Complaint, Plaintiff claims HAR representatives "were at the scene" and "assisted with the search" on Plaintiff's Westmoreland County property.  See, ECF Doc. 92, at ¶ 87.  Such conclusory, bald allegations against HAR surrounding her claims of constitutional violations fails the pleading requirements set forth in *Twombly* and *Iqbal*.  Plaintiff argues that HAR was complicit in what was an unconstitutional search and seizure, and that during HAR's participation, HAR somehow damaged her property in Washington County. Plaintiff provides no notice to HAR as to what property of hers was damaged, or how the damage occurred.

In addition to the fact that Plaintiff fails to meet the pleading requirements, the record is clear that the Honorable Brandon P. Neuman considered Plaintiff's arguments regarding whether there was requisite authority to issue the search warrants and whether the search warrants were supported by probable cause.  Judge Neuman ruled against the Plaintiff on both arguments, and Plaintiff subsequently entered a plea of nolo contendere and did not file a subsequent appeal.  Therefore, she is estopped from arguing here that the search warrants lacked probable cause as these issues have been judicially determined and Plaintiff cannot assert this claim now.  Counts I and VI of Plaintiff's Complaint must be dismissed for failure to state a claim for unlawful search and seizure.

### D.     Plaintiff's § 1983 claims are further barred by *Heck v. Humphrey*.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court of the United States held that in order to recover damages for harm caused by "actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87; see also *Schreane v. Marr*, 722 F. App'x 160, 165 (3d Cir. 2018). In other words, under *Heck*, a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings. *Gilles v. Davis*, 427 F.3d 197, 208–09 (3d Cir. 2005). The Third Circuit has described the requirement that a § 1983 plaintiff demonstrate her conviction or sentence invalid as *Heck*'s "favorable termination rule." *Curry v. Yachera*, 835 F.3d 373, 378 (3d Cir. 2016) (citing *Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 344–45 (3d Cir.

2015)). In *Curry*, the Third Circuit also recognized that, under Pennsylvania law, a nolo contendere plea "must be treated the same as a conviction under *Heck*." *Id*. (quoting *Havens v. Johnson*, 783 F.3d 776, 784 (10th Cir. 2015) ("[T]he *Heck* doctrine derives from the existence of a valid conviction, not the mechanism by which the conviction was obtained (such as admissions by the defendant), so it is irrelevant that Havens entered an Alford plea [maintaining his innocence].")).

District Courts in this Circuit and other Circuits have dismissed similar § 1983 claims pursuant to Heck. See, e.g., Blank v. Pennsylvania Soc. for the Prevention of Cruelty to Animals, No. CIV.A. 10-3222, 2010 WL 3927590, at *3 (E.D. Pa. Oct. 5, 2010) ("However, here the Commonwealth's entire case hinged on the evidence of animal cruelty obtained through the July 17, 2008 raid. Without that search and seizure, Blank could not have been convicted. Were it determined that the raid and seizure of his person were unconstitutional, we would be finding that no valid evidence of his guilt existed, and we would necessarily deem his convictions to be invalid. As such, Counts 1, 2, 3, and 5 mount an impermissible collateral attack on his conviction and must be dismissed under *Heck*.") aff'd sub nom., 434 F. App'x 147 (3d Cir. 2011); *Van Dusen v. City of Oakland*, No. 13-CV-05023-HSG, 2015 WL 1800587, at *3 (N.D. Cal. Apr. 20, 2015) ("The Court finds that all of the Section 1983 claims alleged in the SAC constitute impermissible collateral attacks on Plaintiff's conviction for animal cruelty. It is telling that much of the substance of Plaintiff's Opposition is devoted to arguing that the October 2011 seizure of her animals, and the investigation leading up to it, were illegal—exactly what *Heck* dictates may not be relitigated in federal court") aff'd, 678 F. App'x 582 (9th Cir. 2017); *Bohn v. Humane Soc.*, No. S-06-1051, 2006 WL 3518248, at *1 (E.D. Cal. Dec. 6, 2006) (dismissing the Plaintiff's claims

pursuant to *Heck*, reasoning, "Plaintiff is currently being prosecuted for illegal cockfighting; these charges stem from execution of a search warrant and subsequent arrest of plaintiff in May 2005. Plaintiff's present claims arise out of the same operative facts and success in the present litigation would call into doubt the criminal prosecution.").

In the present matter, Plaintiff's nolo contendere pleas to neglect of animal charges, which clearly encompass her conduct in both Washington and Westmoreland Counties as described herein, are treated the same as a conviction for purposes of *Heck*.  Plaintiff, pursuant to § 1983, is claiming damages for actions of HAR representatives who "were at the scene" and "assisted with the search" on Plaintiff's Westmoreland County property.  *See*, ECF Doc. 92, at ¶ 87.  Plaintiff's previous challenges to the search warrants and the evidence seized thereby in the criminal case failed.  These convictions have not been reversed or invalidated.  Accordingly, *Heck* bars the § 1983 claims brought against HAR in Counts I and VI of Plaintiff's operative Complaint.

### E.    Insufficient facts as to the § 1983 "Conspiracy" claim.

Count XII of Plaintiff's operative Complaint alleges that "the WAHS defendants, the HSUS defendants, along with State Police Troopers Tiegarden and Jenesky, acting under color of state law, took collective action against the Plaintiff to violate her Fourth and Fifth Amendment rights to the United States Constitution and to avoid, or conceal, the unauthorized nature of the HSUS and WAHS investigation."  *See*, ECF Doc. No. 92, at ¶28.  These overly generalized and vague references do not set forth a prima facie case of a § 1983 "Conspiracy" claim.

A "conspiracy" involves a combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events in order to deprive plaintiff of a federally protected right.  *Dooley v. City of Philadelphia*, 153

F.Supp.2d 628 (E.D. Pa. 2001); *See also* 42 U.S.C.A. §1985(3).  A prima facie cause of action for civil rights conspiracy requires a plaintiff to establish: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class or persons of equal protection of laws or of equal privileges and immunities under laws; (3) an act in further of that conspiracy; and (4) whereby the person is either injured in his person or property or deprived of any right or privilege of citizen of the United States. *Keenan v. Allan*, 889 F. Supp. 1320, 1364 (E.D. WA 1995), *aff'd* 91 F.3d 1275 (9th Cir. 1996). A conspiracy claim must be based upon more than mere speculation. *Young v. Kahn*, 926 F.2d 1396, 1405 (3rd Cir. 1991).  A plaintiff alleging conspiracy "cannot rely on broad or conclusory allegations." *Corliss v. O'Brien*, 2005 WL 115836 (M.D. Pa. April 29, 2005) (citing *Dennis v. Sparks*, 449 U.S. 24, 27-36 (1988)).

Plaintiff vaguely references HAR and other defendants taking "collective action" to "avoid, or conceal, the unauthorized nature of the HSUS and WAHS investigation."  At no point in Plaintiff's operative Complaint does she specifically identify what was "avoided," or "concealed."  Plaintiff's operative Complaint is void of any explanation of when, where or how the Defendants concocted any plan against Plaintiff. No information is given as to the specifics of how the individually named defendants "conspired," including how they acted in any concerted fashion.

**F.      Plaintiff has failed to state Pennsylvania tort claims against HAR.**

Plaintiff asserts three state tort claims against HAR in Count II (intrusion upon seclusion), Count III (trespass), and Count XV (intentional infliction of emotional distress).

> *i.   Plaintiff has failed to state a claim for intrusion upon seclusion against HAR.*

Under Pennsylvania law, to maintain a claim for intrusion upon seclusion, a plaintiff must show that the intrusion was (1) intentional; (2) upon the solitude or seclusion of the plaintiff, or her private affairs or concerns; (3) substantial; and (4) highly offensive. *Klein v. Com. Energy, Inc.*, 256 F.Supp.3d 563, 593 (W.D. Pa. 2017) (citations quotations omitted). Plaintiff's intrusion upon seclusion claim against HAR fails because of the valid execution of the search warrants. Alternatively, Plaintiff's operative Complaint lacks any further pleadings as to how HAR may be liable under this state claim besides the generalized averments that HAR, via its unidentified representatives, "assisted" with the search and she suffered damage to her property as a result. See, ECF Doc. 92, ¶¶ 86, 87, 120-124. Therefore, this claim should should be dismissed, with prejudice.

> ii.   *Plaintiff has failed to state a claim for trespass against HAR.*

Count II of Plaintiff's operative Complaint alleges trespass against HAR. One who intentionally enters the property of another **without the privilege to do so** is chargeable with civil trespass. *Kopka v. Bell Telephone Company of Pennsylvania*, 371 Pa. 444, 450, 91 A.2d 232, 235 (1952); *Haan v. Wells*, 2013 Pa. Dist. & Cnty. Dec. LEXIS 367, 2013 WL 3119996, at * 3 (Lacka. Co. 2013). Pennsylvania has adopted the Restatement (Second) of Torts § 158 which imposes liability for trespass if the intruder enters or remains on the land of another **without consent**. *Rawlings v. Bucks County Water & Sewer Auth.*, 702 A.2d 583, 586 (Pa. Cmwlth. 1997); *Murphy v. Frie*, 2013 Pa. Dist. & Cnty. Dec. LEXIS 426, 2013 WL 5487072, at * 5 (Lacka. Co. 2013).

As set forth in Section I, above, Plaintiff raised challenges to the search warrants, specifically filing an Omnibus Pre-Trial motion seeking the suppression of evidence uncovered

by the searches, and that Motion was denied.  The court held that both search warrants provided a sufficiently particular description of the items to be seized and that the scope of the warrants was not exceeded during execution. *See* Exhibit C at p. 6.  Therefore, HAR enjoyed the privilege of entering Plaintiff's property pursuant to the search warrants, and no action for trespass against HAR can succeed as a matter of law.

> iii.   *Plaintiff has failed to state a claim for intentional infliction of emotional distress against HAR.*

In order to prevail on an intentional infliction of emotional distress claim, a Plaintiff must establish the following elements: (1) a person who by extreme and outrageous conduct (2) intentionally or recklessly causes (3) severe emotional distress to another.  *Carson v. City of Philadelphia*, 133 Pa.Cmwlth. 74, 574 A.2d 1184 (1990); *Manley v. Fitzgerald*, 997 A.2d 1235, 1241 (Pa. Commw. Ct. 2010).  Additionally, "a plaintiff must suffer some type of resulting physical harm due to the defendant's outrageous conduct."  *Reedy v. Evanson*, 615 F.3d 197, 231 (3d Cir. 2010) (quoting *Swisher v. Pitz*, 868 A.2d 1228, 1230 (Pa.Super. 2005)).

In Count XV of Plaintiff's operative Complaint, she alleges that HAR, among other Defendants, left a live chicken and took steps to prevent her from entering the property, and then makes the blanket assertion that this conduct deliberately taken to cause her emotional distress, which resulted in her seeking and receiving treatment due to that emotional distress.  See, ECF Doc. 92, ¶¶ 285-294.  However, Plaintiff fails to allege that she suffered any type of physical harm whatsoever as a result of the conduct alleged, instead generally alleging she sought and received "treatment," which presumably applies to her alleged psychological, not physical,

distress.  Therefore, her intentional infliction of emotional distress claim against HAR should be dismissed, with prejudice.

> **G.      To the extent not cited above, HAR joins in the arguments set forth by co-defendants in their respective Motions to Dismiss.**

In addition to the arguments set forth above, HAR joins in any and all co-defendant Motions to Dismiss and Memorandum of Law in Support.

## IV.      REQUESTED RELIEF

For all of the foregoing reasons, it is respectfully requested that the Court dismiss Plaintiffs' operative Complaint as to Defendant Humane Animal Rescue, in its entirety, with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

By:  _____
Paul D. Krepps, Esquire
Attorney I.D. No:  73038
Nathan D. Marinkovich, Esquire
Attorney I.D. No: 317125
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA  15219
(412) 803-1149 (Telephone)
(412) 803-1188 (Fax)
pdkrepps@mdwcg.com
**Counsel for Defendant**
**Humane Animal Rescue**

**<u>CERTIFICATE OF SERVICE</u>**

      I, Paul D. Krepps, Esquire, hereby certify that a true and correct copy of the foregoing

**DEFENDANT HUMANE ANIMAL RESCUE'S BRIEF IN SUPPORT OF ITS MOTION**

**TO DISMISS PLAINTIFF'S CORRECTED AMENDED COMPLAINT** has been served this

26th day of April, 2023, by U.S. First-Class Mail, postage prepaid, as follows:

CHRISTIE HARR
676 Reed Avenue
Monessen, PA  15062
**PLAINTIFF**

                                           **MARSHALL DENNEHEY**
                                           **WARNER COLEMAN & GOGGIN**

BY:_____
                   PAUL D. KREPPS, ESQUIRE
                   NATHAN D. MARINKOVICH, ESQUIRE
                   **Counsel for Defendant Humane Animal Rescue**

LEGAL/152885429.v1