IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIE HARR, | ) | Case 2:21-cv-1560 WSH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON AREA HUMANE, | ) | |
| SOCIETY, et al, | ) | |
| Defendants. | ) | |

## RESPONSE IN OPPOSITION TO THE PRIVATE ANIMAL MOTIONS TO DISMISS

Plaintiff Christie Harr ("Harr") opposes the motions to dismiss filed by the private animal rights organizations and agents:

**DISCUSSION**:

In this case, two individual agents of the Washington Area Humane Society were authorized to act as humane police officers in Washington County only. As to Westmoreland County, they never bothered to register despite it being an easy process, yet they exceeded their jurisdiction and ran amock. Pulling the strings were the Humane Society of the United States, which is not authorized at all to act as Humane Police Officers, yet they wrote the warrant, coordinated the investigation, and had its out of state agents search and seize Plaintiff's property. The brought along other unregistered animal rights organizations and their agents, none of whom were authorized in either county, to aid and abet.

The Plaintiff needs discovery to attribute the specific conduct to identify the John Doe defendants and attribute the specific policies and procedures to the individual organizations. Knowing this, the defendants seek dismissal

because they hold all of the records that would enable the Plaintiff to pinpoint the identities of the John Does, how each person and organization participated, and the communications and policies that will show that they acted in concert.

The facts from the Corrected Amended Complaint are incorporated by reference.

## I. **This Court Must Take Judicial Notice that All Westmoreland County Charges Were Withdrawn by the Commonwealth of Pennsylvania**

All of the pre-disposition and interlocutory documents tendered by the Defendants cannot be relied on as the charges were all withdrawn except those in the verbally Amended Information– which involved Washington County conduct.

As the Sentence Order from the state court shows, "Upon motion of the Commonwealth, the remaining charges are hereby nolle pressed." *See* Entry 72-7, page 3. Therefore, this Court must only look to the charges that Plaintiff entered a no contest plea to.

Pursuant to Federal Rule of Evidence 201(c), this Court must take judicial notice of the document at Entry 72-7, page 18, which states, "Plea is no contest for (2) M3 Animal Neglect regarding **Washington County Charges.**"

Pursuant to Federal Rule of Evidence 201(c), this Court must take judicial notice of the transcript of proceedings at Entry 72-8 at page four where, without objection from the Commonwealth, counsel for Plaintiff made it clear that the plea is, "No Contest to the Washington County charges."

Pursuant to Federal Rule of Evidence 201(c), other than that the no contest was for Washington County charges only, no factual basis exists in the written plea documents or at the oral hearing. The only modification is that the judge wanted the probation to run consecutively, which was orally agreed upon.

Pursuant to Federal rule of Evidence 201(c), the only information on the record was Plaintiff's statement that said, "I am not admitting guilt of any crime, but rather, if this case went to trial, they could possibly convince a jury that the animals in question were neglected. At no point did I ever harm or intend to harm any of the animals in my care. However, due to the damage both to the [Washington County] residence and the [Washington County] rescue by a tornado in August of 2016, and the inability to raise the necessary funds for the repairs, the condition of the [Washington County] property was less than favorable. I do want it noted that I was in the middle of moving the animals to a new, safe [Westmoreland County] location, and had 75 percent of them already moved, when the search and seizure was conducted. So I was, indeed, doing my very best to remedy the situation." *See* Entry 78-8, page 10-11.

The shelter and house was in Washington County that the defendant stipulated that a jury could have found a negligent act to have occurred. It is, therefore, clear that no Westmoreland County based charges resulted in the no contest plea.

Pursuant to Federal Rule of Evidence 201(c), this Court must take judicial notice that, because only Washington County charges resulted in

the plea, no appeal could have been taken challenging the jurisdiction of the Court as to the Westmoreland County charges.

## II. *Heck v. Humphrey* Does Not Apply

*Heck v. Humphrey* applies to a plaintiff who seeks "to recover damages for … harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid." 512 U.S. 477 at 486 (1994).

It explained that the Supreme Court had "made clear that the *Heck* bar comes into play only when there is an actual conviction." *Wallace v. Kato,* 549 U.S. 384, 393 (2007).

In this case, no conviction occurred as to the Westmoreland County allegations – all those charges were withdrawn – and the no contest plea related to Washington county conduct (the conditions of the animal shelter and house in Washington County), not Westmoreland County.

The Westmoreland County search warrants had nothing to do with the allegations that Plaintiff entered the no contest plea to.

It is abundantly clear that Plaintiff went through great pains to clarify that she did not enter any plea to Westmoreland County conduct.

## III. **Collateral Estoppel and *Res Judicata* Do Not Apply**

While facing Westmoreland County based charges in the Washington County Court, Plaintiff did indeed challenge the venue, search warrants and the authority of the WAHS. The state court rendered a bare bones interlocutory decision about them. That interlocutory decision never became final because all Westmoreland County charges were withdrawn (nolle prossed) and Plaintiff only entered a plea to Washington County charges. Therefore, the essential element of *collateral estoppel* and *res judicata* is

missing: "The prior action resulted in a final judgment on the merits." The "final judgment" regarding the Westmoreland County charges was dismissal (nolle prosse), not any conviction.

Second, the decision could not be relied upon because the withdrawal of the Westmoreland County charges, and the decision entering a plea of no contest to the Washington County charges, necessarily meant that Plaintiff could not appeal and, thus, did not have a "full and fair opportunity to litigate the issue." If there was an adjudication as to the Westmoreland County charges against the Plaintiff, she would have appealed. However, the withdrawal of the Westmoreland County charges rendered the matter moot.

IV. **As to Counts VI and VII, Neither *Heck* nor *Collateral Estoppel* apply**

While Counsel VI and VII reference Washington County actions taken by certain defendants, the issue was not adjudicated in the case. The items improperly taken by the HSUS and other unlicensed agencies were not going to be used in the criminal case, so no reason to file a motion on this basis existed. Specifically, the "guns, ammunition, knives, clothing, medical supplies, personal medication, a social security card, a box of miscellaneous items, a magazine," etc. had nothing to do with the criminal case, was not being considered evidence, and no basis existed to object to the use of the evidence since it was not relevant and was not going to be used by the Commonwealth.

Therefore, the civil suit does not collaterally attack the validity of the conviction. In addition, no adjudication of the merits of this issue occurred.

**V. Sufficient Allegations Exist to Show the Private Defendants Acted Under Color of Law When they Exceeded their Jurisdiction**

The defendants claim they were not state actors subjecting them to 42 USC 1983. However, the original case started with a *Private Criminal Complaint* written by the Humane Society of the United States and the Washington Area Humane Society defendants, using Defendant Glen Thomson's humane police officer status in Washington County to trick a judge into thinking he had jurisdiction in Westmoreland County by swearing falsely that he was a "statewide" humane police officer.

The HSUS and WAHS defendants drafted the search warrant containing this brazenly false claim. The WAHS, HSUS, and the other organizations conducted the searches and seized the items. Obviously, under the test cited by the defendants, these private entities "exercised powers that are traditionally the exclusive prerogative of the state," and as it was the private agencies that simply asked the police for assistance, they "acted with the help of or in concert with state officials," and the state merely provided backup and assistance to the WAHS and HSUS, so clearly the private agencies were a "joint participant in the activity."

Obviously, all of the John Doe and organizational defendants, joining with Mr. Thomson's acting under color of law as a humane police officer exceeding his boundaries, make them acting under color of law. *See Allen v. Pennsylvania Society for the Prevention of Cruelty to Animals,* 488 F.Supp.2d 450 (M.D.Pa., 2007)(finding that humane police officers acted under color of law). In this case, the only distinction from *Allen* is that Mr. Thomson exceeded his jurisdiction and brought on a posse of various animal rights

organizations and their agents to back him up despite the law prohibiting their deputization.

### VII. The Search by the Private Entities was not Reasonable

As to the Westmoreland County searches, none of the private persons pretending to be law enforcement officers maintained any authority to conduct investigations, perform law enforcement functions, apply for searches, participate in searches, or enter the property of any person. They simply did not register in the county. Therefore, no possibility of a reasonable search exists.

Well established case law put these organizations on notice that registration was required. It is relatively simple to do, but it must be done. Specifically, "individuals desiring to be humane society police officers must be decreed as such by the court of common pleas of the county in which the society has its registered office and then must record the decree in all counties in which they will act." *Hulsizer v. Labor Day Committee, Inc.*, 734 A.2d 848, 853 (Pa. 1999). None of the private animal rights organizations that participated in the Westmoreland County investigate recorded anything in Westmoreland County. In addition, the HSUS neither applied for nor received humane police powers anywhere in Pennsylvania.

As to exceeding the scope of the warrants, seizing guns, personal records, and other non-relevant property, it is unclear how that can be reasonable. The scope of the search is limited by the stated object of the search. See *Florida v. Jimeno*, 500 U.S. 248 (1991).

## VIII. The Lawsuit States a Claim for Civil Rights Conspiracy

The defendants make boilerplate claims that the lawsuit does not state a claim for civil rights conspiracy, but they do not point to the allegations incorporated by reference. It is clear that the WAHS defendants contacted the other organizations and formed a posse of unregistered humane police officers, all acting without authority, and collectively took the actions they did.

## IX. *Respondeat Superior* Defenses Do Not Require Dismissal

First, Plaintiff adequately alleged that the private entity defendants were operating through a policy of the organizations and via the directive of the executives of said organizations allowing the case to move forward to discovery. Second, the private defendants are not municipalities entitled to a *respondeat superior* defense. On the contrary, they are private entities pretending to be law enforcement agencies when they did not properly register.

Indeed, it is improbable that *respondeat superior* defenses can be raised by a private entity that engaged in a conspiracy with law enforcement officers to deprive the rights of the Plaintiff. *Madero v. Luffey*, 2020 WL 9815453 (W.D.Pa. 2020)(unlikely a *respondeat superior* defenses can be raised when private entity conspires with law enforcement).

## X. Defendants are Not Entitled to Qualified Immunity

In this case, if the Defendants are at all even able to raise the issue of qualified immunity as private organizations not authorized to conduct the investigations they were engaged in, at this juncture they have not shown that the claims are barred by qualified immunity. *See Smith v. Washington Area*

*Humane Society*, 2020 WL 6364762 (W.D. Pa. 2020)(finding no qualified immunity at the initial stage where lawsuit alleged WAHS acted on a legally invalid warrant with false information, perpetrated an illegal search and seizure, and stole money in the course of the search); *Gower v. All But Forgotten Humane Rescue*, 2019 WL 3037851 (W.D. Pa. 2019)(premature to ask for qualified immunity simply because a magistrate judge granted a search warrant).

More importantly, however, because the WAHS defendants and others acted without authority in Westmoreland County, and the non-WAHS acted without authority in both Westmoreland and Washington counties, they would not be entitled to raise the qualified immunity defense. Specifically, in this Court held, "Because Officer James was exercising the powers granted to her under Pennsylvania animal cruelty laws, and was subject to oversight by the Indiana County District Attorney's Office, this Court concludes that she was performing government work at the time of the alleged constitutional torts." In this case, no finding can be made that the Westmoreland County activities were authorized or that the WAHS defendants, or other defendants, were subject to oversight by the Westmoreland County District Attorney's Office. Additionally, the WAHS and HSUS defendants specifically evaded the District Attorney's Oversight by not having the office review and sign the search warrant application. *See Braunstein v. Paws Across Pittsburgh,* 2019 WL 1458236 at *7 (W. D.Pa. 2019).

### XI. Plaintiff's Action States a Claim for Conversion

Plaintiff did not sue for conversion because the private defendants "assisted the police with the collection of" property. On the contrary, the

search warrants were not applied for by the police, the police assisted the private organizations, and the private organizations are the ones who took and retained the property, not the police.

At this stage of the litigation, with no immunity from state torts, the private organizations and actors are not entitled to dismissal of the case.

XII. **The Private Actors Had Not Authority to Trespass**

Citing search warrants that the Washington Area Humane Society obtained through fraud, by asserting that they were statewide humane police officers when they were not registered in Westmoreland County, the remaining private actors that were not registered at all assert that they could piggyback onto the unlawful search warrants and trespass on the property.

The allegations in the action, however, explain that the private defendants had no authority.  A pizza delivery boy cannot enter a building and help with a search warrant.  HSUS, despite their name, maintain zero credentials in the Commonwealth of Pennsylvania and have no authority to conduct any form of law enforcement activity.  "[I]ndividuals desiring to be humane society police officers must be decreed as such by the court of common pleas of the county in which the society has its registered office and then must record the decree in all counties in which they will act."  *Hulsizer v. Labor Day Committee, Inc.*, 734 A.2d 848, 853 (Pa. 1999).  Absent this occurring, they had no authority to be on premises.

More importantly, at this stage in the proceeding, no evidence exists that the private organizations assisted or were requested to assist the police.  Rather, it is the private organizations that requested the police assist them.

XIII. **The Invasion of Privacy Claims Can Proceed**

Again, the defendants merely state that the intrusion upon seclusion claims must fail because of search warrants.

First, the intrusion upon seclusion claims address the actions of the private defendants in making videos of the Plaintiff's facilities and releasing them on the internet, including for fundraising purposes. The private defendants, however, fail to address the fact that they had no authority to conduct investigations, be present, take items, or conduct any form of policing. Only a single officer of the Washington Area Humane Society registered in Washington County, but he did not register in Westmoreland County. None of these private individuals and organizations registered in Westmoreland County. With the exception of the WAHS and the agents that registered, none of their support staff could participate in law enforcement functions.

XIV. **The Statute of Limitations Defense is Not Appropriate at this Juncture**

At least one of the defendants raised a statute of limitations defense as to the invasion of privacy claims. Statute of limitations is an affirmative defense subject to tolling. In this case, Plaintiff could not raise the claim until the court agreed to dismiss the Westmoreland County charges and until the Commonwealth agreed to return the unlawfully seized property, which occurred within one year of the filing of this lawsuit. This Court should not review an affirmative defense on a motion to dismiss under these circumstances.

## XV. The Complaint States a Claim for Intentional Infliction of Emotional Distress

Deliberately causing harm to an animal in a manner in which the owner will see that harm can state a claim for intentional infliction of emotional distress. *Brown v. Muhlenberg Township*, 269 F.3d 205 (3d Cir. 2001). The cause of action does not require that the Plaintiff be physically harmed.

## XVI. There Exists no State Immunity

Defendants Thomson and Proudfit cite 18 Pa.C.S. 5557 to give themselves immunity. However, this lawsuit includes intentional acts that constitute gross negligence or willful, wanton, or reckless conduct. 18 Pa.C.S. 5557(b). *Smith v. Washington Area Humane Society,* 2020 WL 6364762 *9 (W.D. Pa. 2020)(finding WAHS acting on an invalid warrant does not entitle defendants to dismissal under 18 Pa.C.S. 5557). This would be a jury question.

## XVII. Punitive Damages Should Not be Stricken

Plaintiff's allegations, in their totality, allege a clear scheme by the private organizations and overzealous humane police officers to expand their limited jurisdiction and trample on constitutional rights. Now the WAHS wants the punitive damages request stricken because they "are devoted to rescuing animals." If they are so devoted, they should register in the jurisdictions they wish to conduct their activities, not bring in unlicensed operators (HSUS) to prepare their search warrants and affidavits, and stick to the scope of their authority. It is premature to strike the punitive damages request.

XVIII. **A Justiciable Controversy Exists Warranting Declaratory and Injunctive Relief**

Defendants baldly claim that no justiciable controversy exists as to the declaratory and injunctive relief requests; however, they clearly refuse to disavow their behavior or cite any reason why they would not continue to perform the activities. Moreover, the unlawfully taken videos continue to be shown as a fundraiser on social media by the defendants.

XIX. **Plaintiff Requests Leave to Amend**

If this Court finds that Plaintiff's factual allegations are not sufficient, or need more particularity, she requests leave to Amend. "Ordinarily where a complaint is dismissed for 'failure to plead with particularity' grounds alone, leave to amend is granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1435 (3d Cir. 1997). Unless an amendment would be futile, the Court must give the Plaintiff leave to amend to correct any failure to state a claim. *Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000).

XX. **Conclusion**

The motions to dismiss must be denied.

Respectfully submitted,

   /s/ Christie Harr
Christie Harr
676 Reed Avenue
Monessen PA  15062

PLAINTIFF
