IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIE HARR, | ) Case 2:21-cv-1560 WSH |
| Plaintiff, | ) |
| v. | ) |
| WASHINGTON AREA HUMANE, SOCIETY, et al, | ) |
| Defendants. | ) |

**RESPONSE IN OPPOSITION TO THE DONORA BOROUGH DEFENDANTS' MOTION TO DISMISS**

Plaintiff Christie Harr ("Harr") opposes the motions to dismiss filed by the Donora Defendants:

**DISCUSSION**:

The facts from the Corrected Amended Complaint are incorporated by reference.

The Donora defendants are Ken Jerico and Steven Toprani, who ask this Court to look at a copyrighted privately published book, "The International Property Maintenance Code" which is not attached to the ordinance to find a post-deprivation due process method existed.

However, the privately published book, not available to the public unless they purchase it, sets up an appellate procedure for the defendants to follow– but there exists no evidence that the defendants followed it.

I. **This Court must convert the motion to one for summary judgment**

If on a 12(b)(6) motion to dismiss, a party "presents matters outside the pleadings, the district court must convert the motion to dismiss into a motion for summary judgment, and give all parties a reasonable opportunity to

present all material pertinent to such a motion under Rule 56." *In re Bayside Prison Litig.*, 190 F. Supp. 2d 755, 760 (D.N.J. 2002). In deciding a 12(b)(6) motion to dismiss, the district court may only consider the complaint and limited categories of documents in order to "protect plaintiffs against, in effect, summary judgment by ambush." Id.(citing B*ostic v. AT & T of the Virgin Islands*, 166 F. Supp. 2d 350, 354-55 (D.V.I. 2001)).

Defendants attach the letter at Entry 118-2 and the privately published copyrighted book that they incorporated, but did not attach to, their ordinance.

For that reason, upon conversion, this Court should consider the Plaintiff's Declaration showing that there existed no appeals procedure, no appeals board, and no group of three appellate decision makers.

## II. **Due Process Required Notification of the Right to Appeal**

The condemnation Notice at Entry 118-2 provides no information on how to obtain a hearing, how to appeal, or how to remedy the situation. It simply states, "As of Wednesday, October 30th, Your property has been condemned and placard unsafe."

"Due process also requires some indication that a procedure exists to protect one's exempt property and how, in general, either to trigger the process or to gain information regarding the process." *Aacen v. San Juan Cty. Sheriff's Dep't*, 944 F.2d 691, 699 (10th Cir. 1991); see *DiCesare v. Stuart*, 12 F.3d 973, 978 (10th Cir. 1993). Those cases relied on the Supreme Court's decision in *Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1 (1978). In *Memphis Light*, the Supreme Court held due process required a municipal

utility to provide customers notice of how to contest the termination of the utility service. *Id.* at 22.

Other courts have recognized that *City of West Covina v. Perkins*, 525 U.S. 234 (1999), limited *Memphis Light's* holding. See *Gates v. City of Chicago*, 623 F.3d 389, 398 (7th Cir. 2010); *Arrington v. Helms*, 438 F.3d 1336, 1351 n.16 (11th Cir. 2006). The West Covina Court specifically distinguished Memphis Light, explaining that case "does not support a general rule that notice of remedies and procedures is required." *West Covina*, 525 U.S. at 242. Instead, the *Memphis Light* rule only applies when "the administrative procedures at issue" are "arcane and are not set forth in documents accessible to the public." Id. Where, by contrast, "state-law remedies" are "established by published, generally available state statutes and case law," the *Memphis Light* rule does not apply. Id. at 241.

In this case, *Memphis Light* applies because the Defendants' procedures are contained not in a law, but in a privately published book called the *International Property Maintenance Code* that is not readily available. Moreover, the Board of Appeals created by the IPMC does not appear to exist. There is no address, no phone, no form, no published procedures, and no rules for this alleged Board of Appeals. It exists only in the privately published book, but the Defendant never implemented an appeals procedure or Board.

For this reason the "arcane" non-existent procedure is "not set forth in documents accessible to the public." As a result, the Notice at 118-2 denied due process by not explaining any appellate procedure or right to cure. *See*

also Brody v. Vill. of Port Chester, 434 F.3d 121, 132 (2d Cir. 2005)(analyzing Supreme Court precedents).

### III. Condemning the Property and Disallowing Access to Personal Effects Denied Due Process Without Pre-Deprivation Notice or a Right to Cure

The so-called Condemnation Notice at Entry 118-2 cites unsanitary conditions, a need for maintenance, lighting, ventilation, and other deficiencies as to the house. As to the church, the notice cites roof repairs.

However, the Notice provided no ability or time to cure the deficiencies. On the contrary, the Defendants simply took the property without advance notice. Due process required notice of right to contest condemnation when tenants were provided with just thirty-six hours to vacate their homes. *Grayden v. Rhodes,* 345 F.3d 1225, 1243 (11th Cir. 2003). Here, no opportunity to enter the premises, retrieve effects, or clean and repair the structure was provided.

In *M.A.K Investment Group, LLC v. City of Glendale*, 889 F.3d 1173 (10th Cir. 2018), no matter if a property owner "should have been more diligent,' that fact [or presumption] 'does not excuse the government from complying with its constitutional obligation of notice [per Mullane]' " before taking private property. *Id*, 889 F.3d at 1182, 1186 (quoting *Jones v. Flowers*, 547 U.S. 220, 232, 234 (2006)). Other circuits also enforce pre-deprivation notice requirements. See, e.g., *Brody v. Vill. of Port Chester*, 434 F.3d 121, 132 (2d Cir. 2005) (concluding due process requires condemnors to give as much notice practicable to inform affected property owners of proceedings that threaten to deprive owners of property interests).

The M.A.K. case fully analyzes Supreme Court precedent as to why pre-deprivation notice is required to comply with due process in blight cases.

IV. **The Ordinance Required Defendants to Create an Appeals Board, But They Failed to Do So (Which in Itself is a Due Process Violation).**

Donora simply adopted a book, the *International Property Maintenance Code*, written and published by the International Code Council, a non-governmental organization.

Defendants then take portions of the book which require an appeals procedure to claim that this is the post-deprivation due process.

However, the Defendants cited no evidence that they actually implemented the procedure. No appeals form is attached. No description as to how to file the appeal is provided. No information about the Board's creation exists.

As shown by the attached Declaration of Christie Harr, it does not appear that such an appellate process – although required by the Ordinance – exists. Furthermore, the "Board of Appeals" is not mentioned on Donora's website, no appeal forms are on the website, no address for the Board of Appeals exists, and no procedure on how to file an appeal is listed.

In other words, the IPMC requires the defendants to set up an appellate procedure, but they failed to comply with their own ordinance.

Therefore, no "post-deprivation" due process exists. It cannot be said that the rule requiring a Board of Appeals, when the defendants did not create such a Board and no information about the Board exists, complies with due process.

This, in itself, constitutes a due process violation by both the Defendants who brazenly condemned the property without any review procedure, ignoring the requirements of their own incorporated *IPMC* book. The Supreme Court's decision in *Logan v. Zimmerman Brush Company*, 455 U.S. 422 (1982), makes that much clear. There, the plaintiff's state-law cause of action was dismissed because the state's Fair Employment Practices Commission, through no fault of the plaintiff's, failed to hold a timely conference. *Id.* at 424–427. The Supreme Court explained that "the Due Process Clauses protect civil litigants who seek recourse in the courts, either as defendants hoping to protect their property or as plaintiffs attempting to redress grievances." *Id.* at 429. "The hallmark of property," the Court emphasized, "is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'" *Id.* at 430. The Court explained the right to bring a cause of action is just such an entitlement, and therefore "a species of property protected by the Fourteenth Amendment's Due Process Clause." *Id.* at 428.

Under *Logan,* then, Harr had a property interest in its statutory cause of action to challenge the condemnation. *See, e.g., Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 485 (1988) (reiterating Logan's conclusion); *Gibbes v. Zimmerman*, 290 U.S. 326, 332 (1933) ("a vested cause of action is property and is protected from arbitrary interference"); *Dr. Jose S. Belaval, Inc. v. Perez-Perdomo*, 465 F.3d 33, 37 n.4 (1st Cir. 2006) (recognizing a cause of action is a property right protected by due process); *Webster v. City of Houston,* 735 F.2d 838, 844 (5th Cir.), on reh'g, 739 F.2d 993 (5th Cir. 1984)

(same); *Holman v. Hilton*, 712 F.2d 854, 858 (3d Cir. 1983); *D.C. v. Beretta U.S.A. Corp.,* 940 A.2d 163, 173 (D.C. 2008) (same).

Yet the Defendants denied this appellate procedure by not notifying her of it, not establishing an appeals form, not creating the Board of Appeals, not appointing members to the Board of Appeals, not having an address to file the appeal, and not establishing an office for the Board of Appeals.

Certainly, where the *IPMC* book that Donora adopted as its law required a Board of Appeals, and where the letter does not mention the appeals procedure, and indeed no appeals procedure or board existed in reality but only in the *IPMC* book, the Defendants denied the proper appellate procedure.

## V. **Defendant Steven Toprani Participated and Denied Due Process**

The Complaint and the Declaration of Christie Harr explains that the appeal procedure conveyed to her by Defendant Ken Jericho was the review by Steven Toprani. Mr. Toprani affirmed the decision of Defendant Jericho. Mr. Toprani clearly participated in the denial of due process and the property deprivation. The allegations in the Complaint clearly identify Mr. Toprani's participation.

## VI. **The Donora Defendants are Not Entitled to Qualified Immunity**

The Defendants should have known that they could not simply send a letter to the property owner, without notifying the occupants, stating that the property has been "condemned" and "placard unsafe" and deny any ability to cure the deficiencies, repair the structure, clean it, retrieve personal effects, appeal the decision, have a hearing, etc.

There is a multitude of cases putting them on notice that due process, both pre-condemnation and post-condemnation, must exist. In this case, no review procedure existed except for having Steven Toprani rubber stamp the unilateral decision of Ken Jericho.

"[D]eprivation of.. .property by adjudication [must] be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). Notice is sufficient for due process purposes if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and <u>afford them an opportunity to present their objections</u>" or claims. *Id*, 339 U.S. at 314.

"[A] mere gesture is not due process." *Id.* at 315. Rather, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.*

Clearly established case lawgave the Defendants notice that they were required to provide pre and post-deprivation notice and an opportunity to cure or appeal, which they did not.

**VII.    <u>To the Extent the Complaint is Unclear, Leave to Amend is Requested</u>**

The *IPMC* ordinance and the alleged existence of the Board of Appeals – a fictional remedy never properly created by the Defendants, coupled with the disclosure of the letter at 118-2, caught Plaintiff by surprise. The *IPMC* is not published on the Donora website and the Board of Appeals that the Code requires to be established apparently does not exist or did not exist at the time. To the extent the Corrected Amended Complaint needs clarified, or the

allegations need to be made more clear, leave to Amend is requested. "Ordinarily where a complaint is dismissed for 'failure to plead with particularity' grounds alone, leave to amend is granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1435 (3d Cir. 1997). Unless an amendment would be futile, the Court must give the Plaintiff leave to amend to correct any failure to state a claim. *Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000).

### VIII.   Conclusion

The motion to dismiss, which is really a motion for summary judgment, must be denied. Discovery should proceed.

### DECLARATION OF CHRISTIE HARR

I, Christie Harr, declare and state under the penalty for perjury that the following is true and correct:

1. I am the Plaintiff in this case. I am over 18.
2. I have reviewed the letter attached at Exhibit 118-2. I note that it includes no information to obtain a hearing or to appeal.
3. I have reviewed the website at www.donoraboro.org including, but not limited to, the specific page "Code Enforcement/Zoning" at www.donoraboro.org/code-enforcement . Nothing about a Board of Appeals exists.
4. I reviewed every form on the Code Enforcement / Zoning portion of the website, and no appeal form or form relating to a Board of Appeals exists.

5. I then reviewed the "contact" page of the website at www.donoraboro.org/contact/ . This page lists each and every department of Donoro. It does not list any Board of Appeals.

6. I did a Google search for "donora" and "board of appeals" and I could not locate any rules, forms, procedures, instructions, address, phone number, email, website or anything else for the Board of Appeals.

7. It does not appear that a Board of Appeals exists.

8. It does not appear that any procedures have been implemented by the defendants to establish a Board of Appeals.

9. I did find a reference on a Pennsylvania state website that lists "member of the Code Enforcement Board of Appeals" for Donora as contacts in 2018 for Gaming Act matters, found in 48 Pennsylvania Bulletin 3221, dated Saturday May 26, 2018, but it does not list any names, telephone numbers, addresses, or other information.

10. If there exists a Board of Appeals, it operates in complete secrecy without any information available to the public how to invoke the appellate procedures found in the privately published book, the *International Property Maintenance Code*.

11. The defendants have further denied due process by not complying with the procedures they allege is the remedy because they never established a Board of Appeals.

12. The appeal procedure that Defendant Ken Jericho outlined to me was his consultation with Steven Toprani and Mr. Toprani affirmed Mr. Jericho's refusal to allow me to clean, repair, enter, or obtain my personal property.

13. Neither Mr. Jericho nor Mr. Toprani advised me of any Board of Appeals.

14. I do not think a Board of Appeals has been created. I do not believe there are actual members of the Board of Appeals. I do not believe that a procedure to appeal to the Board of Appeals exists. I do not know where the Board of Appeals is located, what form to use to appeal, or the procedure to have the appeal heard.

15. I believe that the Defendants adopted the IPMC but never actually read it and that they did not even know that they were supposed to have a Board of Appeals.

                      Respectfully submitted,

                      ____/s/ Christie Harr_____
                      Christie Harr
                      676 Reed Avenue
                      Monessen PA  15062

                      PLAINTIFF

Case 2:21-cv-01560-WSH    Document 128    Filed 07/26/23    Page 12 of 12