IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIE HARR,<br><br>Plaintiff,<br>v.<br><br>WASHINGTON AREA HUMANE SOCIETY, MARANDA COOMBS (JOHN DOE 1), BARB LYLE (JOHN DOE 2), CHELSEI FLEEGA (JOHN DOE 3), ESTATE OF GLEN L. THOMSON, KELLY PROUDFIT, JOHN DOES 4-10 agents and employees of the Washington Area Humane Society, HUMANE SOCIETY OF THE UNITED STATES, SHALIMAR OLIVER, LEANA STORMONT, LAURA KOIVULA, JOHN DOES 11-20 agents and employees of the Humane Society of the United States, HUMANE ANIMAL RESCUE, JOHN DOES 21-30 agents and employees of the Humane Animal Rescue, KEN JERICHO, STEVEN TOPRANI, MARVIN DAVIS, SAMUEL JENESKY, STATE TROOPER TIEGARDEN, JOHN DOES 32-50 unknown law enforcement Officers,<br><br>Defendants. | ) | Civil Action No. 2:21-cv-1560<br><br>*Electronically Filed* |

**BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS BARB LYLE AND CHELSEA FLEEGAL TO PLAINTIFF'S CORRECTED AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12**

Defendants, Barb Lyle and Chelsei Fleega ("Defendants") by and through their undersigned counsel, Robert J. Marino, Esquire, Deja L. Bryant, Esquire and Dickie, McCamey & Chilcote, P.C., file this Brief in Support of their Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, at the time of the events alleged in the lawsuit, lived at 320 Second Street, Donora, Washington County, Pennsylvania, with numerous animals in various states of neglect.

Plaintiff was also warehousing cats, chickens, and other animals in a church property located behind her house and at another property located on Reed Avenue in Monessen, Westmoreland County, Pennsylvania. See search warrants attached hereto Exhibits "A" and "B". A twenty-seven (27) page Affidavit of Probable Cause supported the warrants and identified all areas/properties to be searched and types of evidence to be collected. *Id*. The affidavits were co-signed by humane officer Glen Thomson (now deceased) and Pennsylvania State Police Corporal Sarah Teagarden. Ex. A and B.

When Plaintiff would not voluntarily relinquish the sick and neglected animals in her care to WAHS, as requested, WAHS, Humane Society of the United States ("HSUS"), and Humane Animal Rescue took lawful and appropriate steps to rescue the animals. On October 30, 2019, Pennsylvania State Police and SWAT team members, were engaged to execute the lawfully issued search warrants at both locations. Personnel from WAHS, HSUS and Humane Animal Rescue, vet techs, and vets, were present at both locations to assist in the search and rescue. (ECF 92).

Plaintiff filed a Complaint on November 2, 2021. (ECF 5). In response to WAHS Defendants' Motion to Dismiss, as well as similar Motions to Dismiss on the part of all other then named Defendants, Plaintiff filed an Amended Complaint on March 29, 2023 and a Corrected Amended Complaint on April 6, 2023. (ECF 91 and 92).

The first time Plaintiff identified the Defendants, Barb Lyle and Chelsea Fleegal (incorrectly identified as "Chelsei Fleega" by Plaintiff), as well as a woman named Maranda Coombs, by name, was in the April 12, 2023, Amended Complaint. *Id.*

On April 12, 2023, this Court ordered Plaintiff to serve Defendants in accordance with the Federal Rules of Civil Procedure. (ECF 100). However, it was not until eight months later,

on December 17, 2023, that Plaintiff filed a "Praecipe to Issue Summons" against these "new" Defendants. (ECF 136). Plaintiff then further did nothing to attempt to serve process until late February, 2024, almost a year after being ordered to do so.

## II.<u>QUESTIONS PRESENTED</u>

**A. SHOULD PLAINTIFF'S CORRECTED AMENDED COMPLAINT BE DISMISSED PURSUANT TO PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S APRIL 12, 2023 ORDER, AND RULES OF COURT SET FORTH IN FEDERAL RULES OF CIVIL PROCEDURE 4, 12(B)(4) AND 12(B)(5) ?**

**SUGGESTED ANSWER: YES**

## III. <u>LEGAL ARGUMENT</u>

**A. Plaintiff failed to properly join and serve movants, individual Defendants pursuant to Federal Rules of Civil Procedure 4~~,~~ 12(b)(4) and (5), and failed to comply with the court's Order of April 12, 2023, which explicitly directed her to serve any newly named Defendants under Fed R Civ P 4. As such the individual Defendants Lyle and Fleegal should be dismissed with prejudice and the caption amended to remove their names as parties**

*Pro se* Plaintiff, Christie Harr, initiated this action on October 29, 2021, asserting violations of her civil rights under 42. U.S.C. § 1983 by numerous Defendants, stemming from an animal neglect investigation at two properties in which she was living and/or housing animals pursuant to Search Warrants in October of 2019. Plaintiff's Original Complaint was drafted utilizing the Court's Civil Pro Se Forms for Non-Prisoners and was filed on October 29, 2021. (ECF 1). Plaintiff named "John Does 1 through 10" and identified them as "Agents and employees of the Washing Area Humane Society." This action was stayed during the pendency of criminal charges against Plaintiff. Following resolution of the criminal matter, the stay was lifted on December 14, 2022 via Order of Court (ECF No. 61).

The WAHS Defendants filed a Motion to Dismiss and supporting Memorandum of Law pursuant to Fed. R. Civ. Pro. No. 12(b)(6) on January 17, 2023. Plaintiff requested and was granted two extensions of time to amend the Complaint (See Orders dated February 7, 2023 and March 17, 2023, ECF Nos. 88 and 90 respectively). Pursuant to ECF 90, Plaintiff's Amended Complaint was due on or before March 28, 2023. Next, Plaintiff filed two documents: Amended Complaint (ECF 91) on March 29, 2023 and a document entitled "Corrected Amended Complaint" (ECF 92) on April 6, 2023.

Within the Amended Complaint and Corrected Amended Complaint, Plaintiff improperly attempted to name John Does 1-3 as Defendants, Barb Lyle, Chelsea Fleegal (incorrectly identified as "Chelsei Fleega") as well as Maranda Coombs, by simply placing their names in the caption of the case.

On April 12, 2023, the Court issued a text Order (ECF 100) explicitly directing Plaintiff to serve all newly named Defendants pursuant to Fed R Civ P 4. Instead of complying with the court's Order, Plaintiff did nothing

Federal Rules of Civil Procedure 12(b)(4) and (5) permits an action to be dismissed due to insufficient process and service of process.

Furthermore, Federal Rule of Civil Procedure 21 provides in pertinent part that "*[o]n motion* or on its own, the court may at any time, on just terms, add or drop a party." In accordance with this rule, the United States District Court for the Western District of Pennsylvania has held that it is "improper" for a Plaintiff to join additional parties to an action by way of an Amended Complaint. *Banks v. Cty. of Allegheny*, 2007 U.S. Dist. LEXIS 86177, *6 (W.D. Pa. Nov. 21, 2007) *citing La Batt v. Twomey*, 513 F2d 641 (7th Cir. 1975) (Amended Complaint could not, as a matter of course, add new parties even if done before a responsive

pleading was filed); *Moore v. Indiana*, 999 F.2d 1125 (7th Cir. 1993)(although Plaintiff generally is permitted to amend the Complaint once as a matter of course before a responsive pleading is served, where amendment sought to add new Defendants, leave of Court was required.)

Moreover, the Court instructed Plaintiff to follow Federal Rule of Civil Procedure 4 and properly serve Defendants within the allotted time.

Federal Rule Civil Procedure 4 provides, in pertinent part:

> (c) Service.
>
> (1) In General. A Summons must be served with a copy of the Complaint. The Plaintiff is responsible for having the Summons and Complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> (m) Time Limit For Service. If a Defendant is not served within 90 days after the Complaint is filed, the Court—on motion or on its own after notice to the Plaintiff—must dismiss the action without prejudice against that Defendant or order that service be made within a specified time. But if the Plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period.

FRCP 4.

Here, Plaintiff failed to complete service by providing the Defendants with a copy of the Summons and Corrected Amended Complaint within 90 days of naming them. Instead, Plaintiff did nothing; instead, she waited approximately eight months to issue a Summons, and almost a year to attempt to complete service. Henceforth, Plaintiff blatantly disregarded to Federal Rules of Civil Procedure and a Court Order directing her to follow such. As such, Plaintiff's violations of Rules 4 and 12 (b) (4) and (5) of the Federal Rules of Civil Procedure warrant dismissal of this action against Defendants.

**B. Defendants incorporate all other related, WAHS Co-Defendants' pending Motion to Dismiss For Failure to State a Claim (No 115) and corresponding, applicable arguments and join their requested relief.**

As an alternative basis for the granting of the instant Motion to Dismiss, Defendants Lyle and Fleegal, in the interest of brevity, join in and incorporate by reference in its entirety, the Motion to Dismiss and Supporting Brief (ECF No.'s 115 and 116, filed on 4/27/2023, and still pending before the court, of all their WAHS Co-Defendants (Washington Area Humane Society, Estate of Glen Thomson, and Kelly Proudfit) as applicable to their interests The relief requested in that Motion to Dismiss, and supporting Brief, applies equally to Defendants Lyle and Fleegal, and joining in the prior Motion to Dismiss eliminates and reduces the need for redundant and duplicative briefing.

## IV. CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendants Barb Lyle and Chelsea Fleegal respectfully request that the court grant the instant Motion to Dismiss, strike their names from the caption of the case and dismiss them as parties to this litigation, with prejudice.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

Date: April 29, 2024

By: /s/ Deja' L. Bryant

Robert J. Marino, Esquire
PA I.D. #30284
Deja' L. Bryant, Esquire
PA I.D. # 331861
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
412-281-7272
rmarino@dmclaw.com
dbryant@dmclaw.com

*Attorneys for Defendants, Washington Area Humane Society, Estate of Glen L. Thomson, Kelly Proudfit, Barb Lyle and Chelsea Fleegal, incorrectly identified as "Chelsei Fleega"*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS, BARB LYLE AND CHELSEA FLEEGAL TO PLAINTIFF'S CORRECTED AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12** has been served this 29th day of April, 2024, by CM/ECF means upon all counsel of record.

DICKIE, McCAMEY & CHILCOTE, P.C.

By: /s/ Deja' L. Bryant

Deja L. Bryant, Esquire
PA I.D. #331861

Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
412-281-7272
dbryant@dmclaw.com

*Attorneys for Defendants, Washington Area Humane Society, Estate of Glen L. Thomson, Kelly Proudfit, Barb Lyle and Chelsea Fleegal*