IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIE HARR, ) | |
| ) | Civil Action No.  2:21-cv-1560 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WASHINGTON AREA HUMANE SOCIETY, ) | |
| MARANDA COOMBS (JOHN DOE 1), BARB ) | *Electronically Filed* |
| LYLE (JOHN DOE 2), CHELSEI FLEEGAL ) | |
| NEHILLA (JOHN DOE 3), TERESA ) | |
| SALAMONE EXECUTRIX OF THE ESTATE ) | |
| OF GLEN L. THOMSON, KELLY PROUDFIT, ) | |
| JOHN DOES 4-10 agents and employees of ) | |
| the Washington Area Humane Society, ) | |
| HUMANE SOCIETY OF THE UNITED ) | |
| STATES, SHALIMAR OLIVER, LEANA ) | |
| STORMONT, LAURA KOIVULA, JOHN DOES ) | |
| 11-20 agents and employees of the Humane ) | |
| Society of the United States, HUMANE ) | |
| ANIMAL RESCUE, JOHN DOES 21-30 agents ) | |
| and employees of the Humane Animal ) | |
| Rescue, KEN JERICHO, STEVEN TOPRANI, ) | |
| BOROUGH OF DONORA, MARVIN DAVIS, ) | |
| SAMUEL JENESKY, STATE TROOPER ) | |
| TEAGARDEN, JOHN DOES 32-50 unknown ) | |
| law enforcement Officers, ) | |
| Defendants. | |

**WASHINGTON AREA HUMANE SOCIETY ("WAHS"), TERESA SALAMONE EXECUTRIX OF THE ESTATE OF GLEN THOMSON, KELLY PROUDFIT, BARB LYLE and CHELSEA FLEEGAL'S, incorrectly identified as "CHELSEI FLEEGA", MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND SEPTEMBER 5, 2024 COURT ORDER (ECF 154)**

Defendants, WASHINGTON AREA HUMANE SOCIETY ("WAHS"), TERESA SALAMONE EXECUTRIX OF THE ESTATE OF GLEN THOMSON, KELLY PROUDFIT, BARB LYLE and CHELSEA FLEEGAL incorrectly identified as "CHELSEI FLEEGA" (hereinafter collectively "WAHS Defendants"), by and through their undersigned counsel, Robert J. Marino, Esquire, Deja' L. Bryant, Esquire and Dickie, McCamey & Chilcote, P.C., hereby move this Honorable Court to

dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), and September 5, 2024 Court Order (ECF 154), and in support thereof aver as follows:

1. *Pro se* Plaintiff, Christie Harr, initiated this action on October 29, 2021, asserting alleged violations of her civil rights under 42. U.S.C. § 1983 by numerous defendants, stemming from an animal neglect investigation at two properties in which she was living, housing animals, or both pursuant to Search Warrants in October of 2019. *See* Exhibits A and B, Affidavit of probable cause and search warrants issued by Washington and Westmoreland Counties.

2. As a result of the lawful search warrants, a plethora of animals in destitute conditions were rescued from Plaintiff's properties and Plaintiff was arrested for multiple felony counts of cruelty to animals. *See* the Criminal Complaint attached hereto as Exhibit "C"

3. Plaintiff's Original Complaint was drafted utilizing the Court's Civil Pro Se Forms for Non-prisoners and was filed on October 29, 2021. (ECF 1).

4. Plaintiff named "John Does 1 through 10" and identified them as "Agents and employees of the Washing Area Humane Society."

5. This action was stayed during the pendency of criminal charges against Plaintiff.

6. Following resolution of the criminal matter, the stay was lifted on December 14, 2022 via Order of Court (ECF 61).

7. The WAHS Defendants filed a Motion to Dismiss and supporting Memorandum of Law pursuant to Federal Rule of Civil Procedure 12(b)(6) on January 17, 2023.

8. Plaintiff requested and was granted two extensions of time to Amend the Complaint (*See* Orders dated February 7, 2023, and March 17, 2023, ECF 88 and 90 respectively).

9. Pursuant to ECF 90, Plaintiff's Amended Complaint was due on or before March 28, 2023.

10. Next, Plaintiff filed two documents: an untimely "Amended Complaint" (ECF 91) on March 29, 2023, and a separate pleading/document entitled "Corrected Amended Complaint" (ECF 92) on April 6, 2023, without further leave of court.

11. On April 12, 2023, Plaintiff was then ordered to serve any new Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure (ECF 100).

12. In response to Plaintiff's "Corrected Amended Complaint," on 4/27/2023, the WAHS Defendants filed a second Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and an accompanying brief (ECF 115 and 116).

13. The Court issued a briefing schedule, requiring Plaintiff to respond to all pending Motions to Dismiss by June 30, 2023 (ECF 124).

14. On July 3, 2023, Plaintiff filed an untimely (yet again) Motion for Extension of Time to Respond to the Defendants Motions to Dismiss, which was granted (ECF 125 and 126).

15. Plaintiff filed her Response in Opposition to WAHS Defendants' Motion to Dismiss on July 25, 2023 (ECF 127).

16. On December 17, 2023, Plaintiff filed a Praecipe to Issue Summons in regards to Chelsie Fleegal, Barb Lyle and Maranda Combs. The court issued the Summons following day (ECF 136 and 137). Based on mailings by Plaintiff of a Request for Waiver of Summons, such Waivers in fact were filed with the court by the undersigned counsel for both Barb Lyle and Chelsea Fleegal, incorrectly named by plaintiff as "Chelsei Fleega"(ECF 142 and 143).

17. Defendants Lyle and Fleegal filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), (5), and (6) on April 29, 2024 (ECF 140).

18. Plaintiff filed a Brief in Opposition to Defendants Lyle and Fleegals' Motion to Dismiss on May 22, 2024 (ECF 145).

19. On June 9, 2024, Plaintiff then filed a wholly meritless Motion for Service by U.S. Marshal for Maranda Coombs. The court properly denied this Motion on January 29, 2024 (ECF 146 and 148). As such, Maranda Coombs has never been served with process, nor received a Request for Waiver of Service, nor agreed to Waive service and thus is not, and should not be deemed, a party to this case.

20. On September 5, 2024, this Court entered an Order and Memorandum Opinion granting the WAHS Defendants' Motions to Dismiss. (ECF 153 and 154).

21. The Order granting WAHS Defendants' Motions to Dismiss dismissed Counts I, IV, VI, VII and XII pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, declined to exercise supplemental jurisdiction over the state law claims in Counts II, III, V, VII (to the extent it alleges conversion) XI and XV, and ordered that Plaintiff could attempt, if she chose, to revive the claims by filing a second amended complaint by October 7, 2024 (ECF 153 and 154).

22. Plaintiff filed and was granted two (2) Motions for an Extension of Time to File the Second Amended Complaint, ultimately leading to the deadline being extended until November 21, 2024 (ECF 155, 156 and 158).

23. Plaintiff filed her Second Amended Complaint on November 21, 2024 (ECF 159).

24. Plaintiff's Second Amended Complaint consists of averments against WAHS Defendants that are actually identical in each and every paragraph, to those in Plaintiff's Corrected Amended Complaint, which, as stated above, was previously dismissed by this Court without prejudice.

25. Plaintiff's new filing contains no new factual allegations or claims against the WAHS Defendants; it is simply a copy and paste of what Plaintiff has previously attempted to allege. Thus, not only has the Plaintiff failed to add any new factual allegations to support all of her spurious, so-called claims and causes of action, she violated the court's September 5, 2024 Memorandum Opinion and Order in the process.

26. Thus, Plaintiff has again failed to allege any meritorious or viable claim against WAHS Defendants, recognizable at law, upon which relief can be granted.

27. As such, WAHS Defendants incorporate by reference all arguments set forth in WAHS Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) and its accompanying Brief (ECF 115 and 116), as if the same were fully set forth herein.

28. Additionally, Plaintiff's Second Amended Complaint re-asserts the same facts to support the same meritless state law claims as her previous, Corrected Amended Complaint.

29. Therefore, WAHS Defendants requests that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims for the same reasons set forth by WAHS Defendants in their original Motion to Dismiss.

30. Plaintiff's factual averments were insufficient to support her claims in her Corrected Amended Complaint, as demonstrated by this Court's September 5, 2024, Order dismissing the same (ECF 154), and continue to be insufficient in the Second Amended Complaint, as a matter of law.

31. WAHS Defendants, accordingly, respectfully contend that Plaintiff's Second Amended Complaint should be now be dismissed with prejudice, as a matter of law.

WHEREFORE, Defendants respectfully request that this Honorable Court grant this Motion and dismiss all claims of Plaintiff's Second Amended Complaint, with prejudice.

                                        Respectfully submitted,

                                        DICKIE, McCAMEY & CHILCOTE, P.C.

Date:  December 6, 2024                    By*:*    */s/ Deja' L. Bryant*

                                        Robert J. Marino, Esquire
                                        PA ID #30274
                                        rmarino@dmclaw.com

                                        Deja 'L. Bryant, Esquire
                                        PA ID #331861
                                        dbryant@dmclaw.com
                                        Two PPG Place, Suite 400
                                        Pittsburgh, PA  15222-5402

                                        *Attorneys for Defendants,* WASHINGTON AREA HUMANE SOCIETY ("WAHS"), TERESA SALAMONE EXECUTRIX OF THE ESTATE OF GLEN THOMSON, KELLY PROUDFIT, BARB LYLE and CHELSEA FLEEGAL, incorrectly identified as "CHELSEI FLEEGA

6

**CERTIFICATE OF SERVICE**

I, Robert J. Marino, hereby certify that a true and correct copy of the foregoing **Motion to Dismiss Plaintiff's Second Amended Complaint** has been served upon all counsel of record, via CM/ECF filing, this 6th day of December, 2024.

                                          DICKIE, McCAMEY & CHILCOTE, P.C.

                                          By:       */s/ Deja' L. Bryant*

                                          Robert J. Marino, Esquire
                                          PA ID #30274
                                          rmarino@dmclaw.com
                                          Deja' L. Bryant, Esquire
                                          PA ID #331861
                                          dbryant@dmclaw.com
                                          Two PPG Place, Suite 400
                                          Pittsburgh, PA  15222-5402

                                          *Attorneys for Defendants,* WASHINGTON AREA HUMANE SOCIETY ("WAHS"), TERESA SALAMONE EXECUTRIX OF THE ESTATE OF GLEN THOMSON, KELLY PROUDFIT, BARB LYLE and CHELSEA FLEEGAL, incorrectly identified as "CHELSEI FLEEGA

## **CERTIFICATION OF GOOD FAITH**

I, Deja' L. Bryant, hereby certify that on December 6, 2024, counsel for Defendants herein conferred with Plaintiff to determine whether the identified pleading deficiencies properly may be cured by amendment prior to filing the foregoing Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and September 5, 2024 Court Order filed on behalf of Defendants, WASHINGTON AREA HUMANE SOCIETY ("WAHS"), TERESA SALAMONE EXECUTRIX OF THE ESTATE OF GLEN THOMSON, KELLY PROUDFIT, BARB LYLE and CHELSEI FLEEGAL. Plaintiff would not agree to amendment or voluntary dismissal of the Complaint. Please see that attached correspondence to Plaintiff dated December 6, 2024.

                DICKIE, McCAMEY & CHILCOTE, P.C.

By*:*   */s/ Deja' L. Bryant*

    Deja' L. Bryant, Esquire
    PA ID #331861
    dbryant@dmclaw.com
    Two PPG Place, Suite 400
    Pittsburgh, PA  15222-5402

*Attorneys for Defendants,* WASHINGTON AREA HUMANE SOCIETY ("WAHS"), TERESA SALAMONE EXECUTRIX OF THE ESTATE OF GLEN THOMSON, KELLY PROUDFIT, BARB LYLE and CHELSEA FLEEGAL, incorrectly identified as "CHELSEI FLEEGA

32592056.1

**Bryant, Deja**

| | |
|---|---|
| **From:** | Bryant, Deja |
| **Sent:** | Friday, December 6, 2024 10:18 AM |
| **To:** | christieharr@pm.me |
| **Subject:** | Confer prior to MTD; Harr v. WAHS et al; Docket No. 2:21-cv-1560 |

Good morning Ms. Harr,

My name is Deja Bryant, Esq., and I am the associate attorney assisting attorney Robert J. Marino in the above-captioned matter. Per the rules of the court, prior to filing a Motion to Dismiss, Defendants must confer with Plaintiff to attempt to reach a resolution. As such, this email is to serve as an attempt to resolve the matter prior to filing our Motion to Dismiss your Second Amended Complaint. The WAHS Defendants hereby request that you either amend your complaint to encompass sufficient averments against them or dismiss them in the entirety from this matter. If you do not respond to this email by 3 p.m. today, we will proceed with filing.

Thank you,
Deja Bryant