IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIE HARR, ) | |
| Plaintiff, ) | Civil Action No. 2:21-cv-1560 |
| v. ) | |
| ) | |
| WASHINGTON AREA HUMANE SOCIETY, ) | *Electronically Filed* |
| MARANDA COOMBS (JOHN DOE 1), BARB ) | |
| LYLE (JOHN DOE 2), CHELSEI FLEEGAL ) | |
| NEHILLA (JOHN DOE 3), TERESA ) | |
| SALAMONE EXECUTRIX OF THE ESTATE ) | |
| OF GLEN L. THOMSON, KELLY PROUDFIT, ) | |
| JOHN DOES 4-10 agents and employees of ) | |
| the Washington Area Humane Society, ) | |
| HUMANE SOCIETY OF THE UNITED ) | |
| STATES, SHALIMAR OLIVER, LEANA ) | |
| STORMONT, LAURA KOIVULA, JOHN DOES ) | |
| 11-20 agents and employees of the Humane ) | |
| Society of the United States, HUMANE ) | |
| ANIMAL RESCUE, JOHN DOES 21-30 agents ) | |
| and employees of the Humane Animal ) | |
| Rescue, KEN JERICHO, STEVEN TOPRANI, ) | |
| BOROUGH OF DONORA, MARVIN DAVIS, ) | |
| SAMUEL JENESKY, STATE TROOPER ) | |
| TEAGARDEN, JOHN DOES 32-50 unknown ) | |
| law enforcement Officers, ) | |
| Defendants. | |

**DEFENDANTS WASHINGTON AREA HUMANE SOCIETY ("WAHS"), TERESA SALAMONE EXECUTRIX OF THE ESTATE OF GLEN THOMSON, KELLY PROUDFIT, BARB LYLE and CHELSEA FLEEGAL'S, incorrectly identified as "CHELSEI FLEEGA", BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND SEPTEMBER 5, 2024 COURT ORDER (ECF 154)**

Defendants, WASHINGTON AREA HUMANE SOCIETY ("WAHS"), TERESA SALAMONE EXECUTRIX OF THE ESTATE OF GLEN THOMSON, KELLY PROUDFIT, BARB LYLE and CHELSEA FLEEGAL, incorrectly identified as "CHELSEI FLEEGA" (hereinafter "WAHS Defendants"), by and through their undersigned counsel, Robert J. Marino, Esquire, Deja' L. Bryant, Esquire and Dickie, McCamey & Chilcote, P.C., file this Brief in Support of their Motion to Dismiss Plaintiff's

Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and September 5, 2024 Court Order (ECF 154).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, at the time of the events alleged in the lawsuit, lived at 320 Second Street, Donora, Washington County, Pennsylvania, with numerous animals in various states of neglect. Plaintiff was also housing cats, chickens, and other animals in a church property located behind her house and at another property located on Reed Avenue in Monessen, Westmoreland County, Pennsylvania. *See* search warrants attached as Exhibits "A" and "B" to the Motion to Dismiss being filed simultaneously with this supporting Brief.

When Plaintiff would not voluntarily relinquish the sick and neglected animals in her care to WAHS, as requested, WAHS, Humane Society of the United States ("HSUS"), and Humane Animal Rescue took lawful and appropriate steps to rescue the animals. On October 30, 2019, Pennsylvania State Police and SWAT team members, were engaged to execute the lawfully issued search warrants at both locations. Personnel from WAHS, HSUS and Humane Animal Rescue, vet techs, and vets, were present at both locations to assist in the search and rescue. (ECF 92).

As a result of the lawful search warrants, a plethora of animals in destitute conditions were rescued from Plaintiff's properties and Plaintiff was arrested for multiple felony counts of cruelty to animals. *See* the Criminal Complaint attached as Exhibit "C" to the Motion to Dismiss being filed simultaneously with this supporting Brief.

In response to the criminal complaint filed in the Court of Common Pleas of Washington County, Plaintiff raised several issues relating the issuance of the search warrant and the jurisdiction of Washington and Westmoreland Counties regarding Thomson's authority to

execute a search warrant. *See* Harr's Omnibus Pretrial Motion for Leave to File Brief in Support dated August 5, 2021, attached to WAHS' Defendants' April 27, 2023 Motion to Dismiss as Exhibit "E" (ECF 115). The state court denied Plaintiff's Motion to Suppress, finding that the search warrants were based upon probable cause and therefore valid. Further, the court held that because the warrants were co-signed by State Police Corporal Teagarden, that jurisdiction was proper. *See* Order dated April 4, 2022, p. 3-4, attached to WAHS' Defendants' April 27, 2023 Motion to Dismiss as Exhibit "F" (ECF 115). Plaintiff' subsequently entered a plea of *Nolo Contedere* on September 13, 2022, to two separate counts of Neglect of Animals, a Misdemeanor of the 3rd Degree, and was sentenced to one year probation. *See* Sentencing Order attached to WAHS' Defendants' April 27, 2023 Motion to Dismiss as Exhibit "G" (ECF 115). Plaintiff acknowledged in her colloquy that by pleading *nolo contendere,* she was limited to four grounds of appeal. Specifically, that the Court of Common Pleas of Washington County did not have jurisdiction over this matter. *Id*, Paragraph 29; Transcript of Plea and Sentencing Hearing dated September 9. 2022 attached to WAHS' Defendants' April 27, 2023 Motion to Dismiss as Exhibit "H" (ECF 115), Plaintiff did not filed an appeal on the basis of jurisdiction of Washington County in the criminal case. Plaintiff is therefore bound and collaterally estopped from claims that Washington County lacked jurisdiction for criminal conduct that occurred in Westmoreland County.

Further, Washington Area Humane Society filed an appropriate, separate civil lawsuit against Harr in the Court of Common Pleas of Washington County at docket # 2020-2270, to recover the costs of care for the seized animals. Plaintiff asserted multiple defenses, including the issue of whether Thomson held the proper authority to issue a search warrant and whether there was sufficient probable cause to issue the same. The Common Pleas Court of Washington

3

County found that the seizure of the animals from both counties was proper. The trial court entered judgment against Harr in the amount of $1,113,765. Harr prolonged that litigation by filing an appeal to the Superior Court of Pennsylvania, which affirmed the trial court judgment. *Washington Area Humane Society v. Harr,* 276 A.3d 225 (Pa. Super, filed 3/9/2022)(Unpublished Disposition, but permissibly cited herein), *appeal denied,* 283 A.3d 791, 2022 WL 3223156 (Pa., filed January 5, 2023).

Plaintiff then, acting *pro se*, initiated this action on October 29, 2021, asserting alleged violations of her civil rights under 42. U.S.C. § 1983, by numerous defendants, as a result of the issuance and execution of the above-referenced search warrants.

This matter was then stayed during the pendency of Plaintiff's criminal charges. Once the criminal matter resolved, the stay was lifted on December 14, 2022, via Court Order (ECF 61).

The WAHS Defendants filed a Motion to Dismiss and supporting Memorandum of Law pursuant to Federal Rule of Civil Procedure 12(b)(6) on January 17, 2023. After which, Plaintiff requested and was granted two extensions of time to Amend her Complaint (ECF 88 and 90), designating her amended Complaint due on March 28, 2023.

Plaintiff filed two documents: Amended Complaint (ECF 91) on March 29, 2023 and a document entitled "Corrected Amended Complaint" (ECF 92) on April 6, 2023. On April 12, 2023, Plaintiff was then ordered to serve any new Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure (ECF 100).

In response to Plaintiff's Corrected Amended Complaint, WAHS Defendants, and other defendants, filed a second Motion to Dismiss for Failure to State a Claim Upon Which Relief Can

4

be Granted and an accompanying brief (ECF 115 and 116). The Court ordered for Plaintiff to respond to all pending Motions to Dismiss by June 30, 2023 (ECF 124).

On July 3, 2023, Plaintiff filed an untimely Motion for Extension of Time to Respond to the Defendants' Motions to Dismiss, which was granted (ECF 125 and 126). She then filed her Response in Opposition to WAHS Defendants' Motion to Dismiss on July 25, 2023 (ECF 127).

On December 17, 2023, Plaintiff filed a Praecipe to Issue Summons in regards to Chelsie Fleegal, Barb Lyle and Maranda Combs; which was issued the following day (ECF 136 and 137). In response, Defendants Lyle and Fleegal filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), (5), and (6) on April 29, 2024 (ECF 140), which Plaintiff opposed (ECF 145).

On June 9, 2024, Plaintiff filed, and was later denied, a Motion for Service by U.S. Marshal for Maranda Coombs (ECF 146 and 148). As such, Defendant Coombs has yet to be properly served in this action.

On September 5, 2024, this Court entered an Order and Memorandum Opinion granting the WAHS Defendants' Motions to Dismiss (ECF 153 and 154). This Order and opinion dismissed Counts I, IV, VI, VII and XII pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, declined to exercise supplemental jurisdiction over the state law claims in Counts II, III, V, VII, XI and XV and ordered that Plaintiff can revive the claims by filing a second amended complaint by October 7, 2024 (ECF 153 and 154).

Plaintiff filed and was granted two Motions for Extensions of Time to File Amended Complaint, ultimately leading to her second amended complaint deadline being extended until November 21, 2024 (ECF 155, 156 and 158).

Plaintiff filed her Second Amended Complaint on November 21, 2024 (ECF 159).

## II.  QUESTIONS PRESENTED

A.  **SHOULD PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED DUE TO HER FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?**

*SUGGESTED ANSWER*:    YES

C.  **SHOULD COUNTS I, IV, VI, VII and XII OF PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED PURSUANT TO SEPTEMBER 5, 2024 COURT ORDER AS WELL AS PLAINTIFF'S FAILURE TO INCLUDE ANY NEW FACTUAL BASIS FOR HER CLAIMS IN THESE COUNTS IN THE SECOND AMENDED COMPLAINT?**

*SUGGESTED ANSWER:  YES.*

E.  **SHOULD STATE LAW CLAIMS OF PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM?**

*SUGGESTED ANSWER:  YES.*

## III.  STANDARD OF REVIEW

When considering a Motion to Dismiss under the Federal Rules of Civil Procedure, the Court must accept as true, well-pled allegations of fact in Plaintiff's Complaint, and construe them in a light most favorable to the Plaintiff.  The Court may dismiss the claim if it appears beyond a reasonable doubt, that Plaintiff cannot prove those set of facts in support of a claim which would entitle him to relief.  *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014; *Labove v. Lalley*, 809 F.2d 220 (3d Cir. 1987).  The Court may consider exhibits attached to the Complaint, and matters of public record.  *Benefit Guarantee Corporation v. White Consol. Industries*, 998 F.2d 1192, 1196 (3d Cir. 1993).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) (quoting *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544, 570, 127 S. Ct. 1995, 167 L. Ed. 929 (2007)). Accordingly, "a plaintiff

6

must allege facts sufficient to show that there is 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* at 1949. "[A] complaint's 'factual allegations must be enough to raise a right to relief above the speculative level,'". *Ideen v. Straub*, 385 Fed. Appx. 123, 124 (3d Cir. 2010) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir. 1997).

Ultimately, a defendant may succeed on a Rule 12(b)(6) motion to dismiss "by showing that the factual allegations in a plaintiff's complaint do not state a plausible claim for relief." In deciding a Motion to Dismiss, district courts may rely on documents "integral to or explicitly relied upon in the Complaint" without converting the Motion to Dismiss into one for summary judgment. *In re: Rockefeller Ctr. Props., Inc., Sec. Litig.*, 184 F. 3d 280, 292-3 (3d Circ. 1999). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint – lack of notice to the plaintiff – is dissipated where plaintiff has actual notice and has relied upon these documents in framing the complaint." *In re: Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Circ. 1997).

Pertinent to qualified immunity, a defendant may raise an affirmative defense 'on a rule 12(b)(6) motion if the predicate establishing the defense is apparent from the face of the complaint.'" *Kauffman v. Pennsylvania Society for the Prevention of Cruelty to Animals*, 766 F. Supp.2d 555, 561 (E.D. Pa. 2011) (internal citations omitted).

## IV. LEGAL ARGUMENT

**A.     Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.**

*Pro se* Plaintiff, Christie Harr, initiated this action on October 29, 2021, asserting violations of her civil rights under 42. U.S.C. § 1983 by numerous defendants, stemming from an animal neglect investigation at two properties in which she was living, housing animals or both pursuant to Search Warrants in October of 2019.

The WAHS Defendants filed a Motion to Dismiss and supporting Memorandum of Law pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 27, 2023. The Motion was granted on September 5, 2024, in accordance with Pennsylvania Rule of Civil Procedure 12(b)(6) as it pertains to Counts I, IV, VI, VII and XII,

Though Plaintiff was provided two extensions of time to prepare her Second Amended Complaint, the averments against WAHS Defendants are identical in language to those in Plaintiff's Corrected Amended Complaint, As such, WAHS Defendants incorporate by reference all arguments set forth in WAHS Defendants' April 27, 2023 Motion to Dismiss Pursuant to Rule 12(b)(6) and its accompanying Brief (ECF 115 and 116), as if the same were fully set forth herein, as it pertains to Counts I, IV, VI, VII and XII.

**B.     In the alternative, Counts I, IV, VI, VII and XII of Plaintiff's Second Amended Complaint should be dismissed pursuant to the Court's September 5, 2024 Order, and Plaintiff's failure to include any new factual allegations in the Second Amended Complaint.**

As stated above, this Court entered an order on September 5, 2024, disposing of Plaintiff's claims in Counts I, IV, VI, VII and XII without prejudice for Plaintiff's failure to state a claim upon which relief could be granted.

The Court then graciously permitted Plaintiff to extend the deadline to file her Second Amended Complaint twice.

In return, Plaintiff simply copied and pasted her allegations against WAHS Defendants from her previous Corrected Amended Complaint to her Second Amended Complaint. The supporting facts and allegations were unaltered.

In its Memorandum Opinion of September 5, 2024, the Court stated, "the record is clear that Judge Neuman considered Harr's arguments as to the constitutionality of the search warrants for the Washington and Westmoreland County properties in the criminal case, and he ruled against her. Harr subsequently entered a plea of nolo contendere and did not file any appeal. Harr is therefore estopped from relitigating her arguments that the search warrants and their execution were unconstitutional, as those issues have been judicially determined in the criminal case in state court and she cannot now assert claims based on those same arguments via a Section 1983 action in federal court. Accordingly, Counts I, IV, VI, VII, and XII, which appear to be based on these same arguments as to the alleged unconstitutionality of the warrants and the warrants' execution, will be dismissed, without prejudice, for failure to state a claim upon which relief can be granted." (ECF 153).

Plaintiff's new filing contains no new factual allegations or claims against the WAHS Defendants. Thus, Plaintiff's failure to allege a claim against WAHS Defendants upon which relief can be granted continues. Plaintiff's factual averments were insufficient to support her claims in her Corrected Amended Complaint, as demonstrated by this Court's September 5, 2024 Order dismissing the same (ECF 154) and continue to be insufficient in the Second Amended Complaint.

Accordingly, Plaintiff's unaltered and unsupported claims against WAHS Defendant must fail, as they did previously.

**C.  Plaintiff's state law claims must be dismissed for failure to state a claim upon which relief can be granted.**

Plaintiff's Second Amended Complaint included the state law claims of conversion, intrusion upon seclusion and intentional inflection of emotional distress.

Again, the deficient facts Plaintiff used to support these claims mirror those asserted in her Corrected Amended Complaint.

As such, WAHS Defendants once again incorporate by reference all arguments set forth in WAHS Defendants' April 27, 2023, Motion to Dismiss Pursuant to Rule 12(b)(6) and its accompanying Brief (ECF 115 and 116), as if the same were fully set forth herein, as it relates to Plaintiff's state law claims in Counts II, III, V, XI and XI.

Additionally, WAHS Defendants request that this Court decline exercising jurisdiction over these claims in accordance with the explanation this Court provided in the opinion granting WAHS Defendants' April 27, 2023 Motion to Dismiss (ECF 153).

**VI.  CONCLUSION**

For all of the reasons enumerated and examined above, Plaintiff's Second Amended Complaint must be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Court's September 5, 2024 Order.

                        Respectfully submitted,
                        DICKIE, McCAMEY & CHILCOTE, P.C.

Date:  December 6, 2024         By*: /s/ Deja' L. Bryant*
                        Robert J. Marino, Esquire
                        PA I.D. #30284

                        Deja' L. Bryant, Esquire
                        PA I.D. #331861

                        Two PPG Place, Suite 400
                        Pittsburgh, PA  15222-5402
                        412-281-7272
                        rmarino@dmclaw.com

*Attorneys for Defendants,* WASHINGTON AREA HUMANE SOCIETY ("WAHS"), TERESA SALAMONE EXECUTRIX OF THE ESTATE OF GLEN THOMSON, KELLY PROUDFIT, BARB LYLE and CHELSEA FLEEGAL, incorrectly identified as "CHELSEI FLEEGA"

**CERTIFICATE OF SERVICE**

I, Deja' L. Bryant, hereby certify that a true and correct copy of the foregoing **Brief in Support of Motion to Dismiss Plaintff's Second Amended Complaint** has been served upon Plaintiff and all counsel of record via CM/ECF filing, this 6th day of December, 2024.

        DICKIE, McCAMEY & CHILCOTE, P.C.

By:  /s/ Deja' L. Bryant
        Robert J. Marino, Esquire
        PA I.D. #30284
        rmarino@dmclaw.com

        Deja' L. Bryant, Esquire
        PA I.D. #331861
        dbryant@dmclaw.com

        Two PPG Place, Suite 400
        Pittsburgh, PA  15222-5402
        412-281-7272

*Attorneys for Defendants,* WASHINGTON AREA HUMANE SOCIETY ("WAHS"), TERESA SALAMONE EXECUTRIX OF THE ESTATE OF GLEN THOMSON, KELLY PROUDFIT, BARB LYLE and CHELSEA FLEEGAL, incorrectly identified as "CHELSEI FLEEGA

32592195.1