**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTIE HARR,<br><br>     Plaintiff,<br><br> vs.<br><br>WASHINGTON AREA HUMANE SOCIETY, MARANDA COOMBS (JOHN DOE 1), BARB LYLE (JOHN DOE 2), CHELSEI FLEEGAL NEHILLA (JOHN DOE 3), TERESA SALAMONE EXECUTRIX OF THE ESTATE OF GLEN L. THOMSON, KELLY PROUDFIT, JOHN DOES 4-10 agents and employees of the Washington Area Humane Society, HUMANE SOCIETY OF THE UNITED STATES, LEANA STORMONT, LAURA KOIVULA, JOHN DOES 11-20 agents and employees of the Humane Society of the United States, HUMANE ANIMAL RESCUE, JOHN DOES 21-30 agents and employees of the Humane Animal Rescue, KEN JERICHO, STEVEN TOPRANI, BOROUGH OF DONORA, MARVIN DAVIS, SAMUEL JENESKY, SARAH N. TEAGARDEN, JOHN DOES 32-50 unknown law enforcement officers,<br><br>     Defendants. | Civil Action No:  2:21-cv-1560<br><br>Honorable W. Scott Hardy<br><br>*Electronically Filed* |

**DEFENDANT HUMANE ANIMAL RESCUE'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

I.   **Introduction**

By Memorandum Opinion, this Court dismissed Plaintiff, Christie Harr's, claims against Defendant, Humane Animal Rescue ("HAR"), without prejudice. (ECF No. 153).  Plaintiff's Second Amended Complaint (the "operative Complaint"), fails to cure the legal grounds for dismissal identified in the Memorandum Opinion.  Accordingly, this Court should once again

dismiss Plaintiff's claims against Defendant HAR, this time *with* prejudice, for the same reasons set forth in its Memorandum Opinion and for the same reasons set forth in Defendant HAR's prior Motion to Dismiss Corrected Amended Complaint and supporting Memorandum of Law, which are hereby incorporated by reference as though fully set forth at length.  (ECF Nos. 107, 109).

## II.        Procedural Background as to Plaintiff's Pleadings

As explained at length by The Humane Society of the United States, Shalimar Oliver, Leana Stormont, and Laura Koivula (the "HSUS Defendants"), this Court held that Plaintiff's claims which related to the execution of search warrants at her Washington and Westmoreland County properties were barred by collateral estoppel.  ECF No. 173  Specifically, this Court held that the state court's ruling on Plaintiff's suppression motion in the criminal case barred her claims in the instant civil lawsuit.  "In this situation, the Court finds the criminal court's ruling on the suppression motion to be sufficiently firm to be accorded conclusive effect, and the 'final judgment on the merits' element of collateral estoppel is met here. . . . Therefore, the Court findings that [Plaintiff] had a full and fair opportunity to litigate the issues raised in her suppression motion in the criminal case, and this element of collateral estoppel is also met here." (ECF No. 153, at pp. 21, 23) (citations omitted).

Based upon the above, this Court dismissed Plaintiff's Section 1983 claims alleging constitutional violations pursuant to the doctrine of collateral estoppel.  *Id*. at p. 29.  Additionally, this Court declined to exercise supplemental jurisdiction over Plaintiff's ancillary state law claims and dismissed the same.  *Id*.

Plaintiff's operative Complaint, which was filed on November 21, 2024 contains the same allegations as the Corrected Amended Complaint. (ECF No. 92) and therefore does not cure the

legal deficiencies already identified by this Court.  As to minor edits of the operative Complaint,

those averments do not affect this Court's prior analysis.  Specifically, the operative Complaint

contains new paragraphs attempting to challenge the finality of the state court criminal matter which

are cited at length in the Memorandum of Law In Support of Motion to Dismiss Second Amended

Complaint filed by the HSUS Defendants.  (ECF No. 173, p. 3-4, citing to ¶¶29-32, 34-42, 52, 56,

and 82 of the operative Complaint).

Like the Corrected Amended Complaint, Plaintiff's claims against Defendant HAR are set

forth in the operative Complaint and relate to the two search warrants which were central to this

Court's prior ruling.  The following six Counts have been brought against HAR:

   a.   Count I, which is titled "Constitutional Violations . . . as to the Westmoreland County
        Property," claims Defendant HAR, among other Defendants, violated Plaintiff's Fourth
        and Fourteenth Amendment rights by obtaining a search warrant regarding the
        Westmoreland County property then executing the search. (ECF No. 159, at ¶¶ 124-133).

   b.   Count II, which is titled "Intrusion Upon Seclusion . . . as to the Westmoreland County
        Property," claims Defendant HAR, among other Defendants, intruded upon Plaintiff's
        Westmoreland County property.  *Id*. at ¶¶ 135-138.

   c.   Count III, which is titled "Trespass . . . as to the Westmoreland County Property," claims
        Defendant HAR, among other Defendants, entered Plaintiff's Westmoreland County
        property and took photographs and videos.  *Id*. at ¶¶ 140-146.

   d.   Count VI, which is titled "Constitutional Violations . . . as to the Washington County
        Property," claims Defendant HAR, among other Defendants, violated Plaintiff's Fourth
        Amendment rights by searching her Washington County property.  *Id*. at ¶¶ 162-171.

   e.   Count XII, which is titled "42 USC 1983 Conspiracy" claims Defendant HAR and other
        Defendants took collective action to violate Plaintiff's Fourth, Fifth, and Fourteenth
        Amendment rights.  *Id*. at ¶¶ 244-250.
   f.   Count XV, which is titled "International (sic) Infliction of Emotional Distress . . . " claims
        Defendant HAR, among other Defendants, left a chicken on Plaintiff's property which
        could have perished.  *Id*. at ¶¶ 325-333.

Significantly, these are the same exact Counts brought against Defendant HAR in the Corrected Amended Complaint. The only differences in the operative Complaint with respect to the claims against Defendant HAR are those paragraphs quoted above, and as briefed by the HSUS Defendants.

## III.      STANDARD OF REVIEW

As this Court has been briefed as to the appropriate legal standards not only by the other Defendants, but by Defendant HAR in its Motion to Dismiss Corrected Amended Complaint and supporting Memorandum of Law (ECF Nos. 107, 109), said prior briefings are hereby incorporated by reference.

## IV.      <u>ARGUMENT</u>

> A.    *The entirety of Plaintiff's claims against Defendant HAR are barred by collateral estoppel.*

As previously set forth in Defendant HAR's Motion to Dismiss Corrected Amended Complaint and this Court's Memorandum Opinion (ECF No. 153), Plaintiff's claims are barred by the doctrine of collateral estoppel. Plaintiff's new averments in the operative Complaint comprise a failed attempt to avoid the inevitable outcome that she is collaterally estopped from asserting these claims. As this issue has already been briefed at length by The Humane Society of the United States, Shalimar Oliver, Leana Stormont, and Laura Koivula (the "HSUS Defendants") and rather than reiterate the same arguments, Defendant HAR hereby incorporates the HSUS brief by reference. ECF No. 173

Accordingly, based on the ruling on Plaintiff's Omnibus Pre-Trial Motion by the state court, collateral estoppel applies to bar all claims under Counts I, II, III, VI, and XII of Plaintiff's operative

Complaint because: (1) the issues decided in the criminal action are identical to the issues identified

in this Count; (2) Plaintiff's criminal action resulted in a final judgment on the merits; (3) Plaintiff

was the Defendant in the criminal action; and (4) Plaintiff had a full and fair opportunity to litigate

the validity of the issuance of the Westmoreland County search warrant and the propriety of the

execution of the Westmoreland county and Washington County search warrants in the criminal

action.  This Court already reached this conclusion in its Memorandum Opinion and the operative

Complaint changes nothing from the prior Complaint.  (ECF No. 153).

The new allegations contained in the operative Complaint do not affect the Court's prior

analysis.  Therefore, plaintiff's claims against Defendant HAR related to these warrants, namely

Count I (Fourth and Fourteenth Amendment), Count II (intrusion upon seclusion), Count III

(trespass to land), Count VI (Fourth Amendment), and Count XII (conspiracy to deprive Plaintiff

of her Fourth, Fifth, and Fourteenth Amendment rights), should all be dismissed, with prejudice.

> B.      *Alternatively, Plaintiff's Section 1983 claims are barred for the other reasons set forth in HAR's previous Motion to Dismiss.*

Although not addressed by the Court's Memorandum Opinion at ECF No. 153, HAR asserts

that the claims asserted in the operative Complaint are barred by: (1) *Heck v. Humphrey*, 512 U.S.

477 (1994); (2) Plaintiff's failure to sufficiently plead any basis as to how Defendant HAR was

acting under the color of state law; (3) Plaintiff's failure to plead sufficient facts as to the § 1983

"Conspiracy" claim; and (4) Plaintiff's failure to otherwise state constitutional claims against

Defendant HAR.  In this respect, Defendant HAR incorporates by reference the arguments raised

in Sections III(A), (B), (D), and (E) of its Brief in support of its Motion to Dismiss Plaintiff's

Corrected Amended Complaint.  (ECF No. 109).  Plaintiff's Section 1983 claims against Defendant

HAR (Counts I, VI, and XII) fail and should be dismissed, this time with prejudice.

       C.      *Plaintiff failed to assert viable state tort claims against Defendant HAR.*

The Court's Memorandum Opinion recognized that Plaintiff's Corrected Amended

Complaint failed to allege state tort claims for intrusion upon seclusion, trespass, conversion and/or

trespass to chattels, and intentional infliction of emotional distress.  (EC No. 153, at p. 29).  In

addition, Defendant HAR incorporates by reference the arguments raised in Section III(F) of its

Brief in Support of its Motion to Dismiss Plaintiff's Corrected Amended Complaint (ECF No. 109)

and on the basis cited therein, Counts II, III, and XV should be dismissed, with prejudice.

## IV.      REQUESTED RELIEF

For all of the foregoing reasons, it is respectfully requested that the Court dismiss Plaintiff's

operative Complaint as to Defendant Humane Animal Rescue, in its entirety, with prejudice.

            Respectfully submitted,

            **MARSHALL DENNEHEY, P.C.**

By:    _____
            Paul D. Krepps, Esquire
            Attorney I.D. No:  73038
            Union Trust Building, Suite 700
            501 Grant Street
            Pittsburgh, PA  15219
            (412) 803-1149 (Telephone)
            (412) 803-1188 (Fax)
            pdkrepps@mdwcg.com
            **Counsel for Defendant**
            **Humane Animal Rescue**