IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE HARR, | Case No. 2:21-cv-1560 |
| Plaintiff, | |
| v. | *Honorable W. Scott Hardy* |
| WASHINGTON AREA HUMANE SOCIETY, MARANDA COOMBS (JOHN DOE 1), BARB LYLE (JOHN DOE 2), CHELSEI FLEEGAL NEHILLA (JOHN DOE 3), TERESA SALAMONE EXECUTRIX OF THE ESTATE OF GLEN L. THOMSON, KELLY PROUDFIT, JOHN DOES 4-10 agents and employees of the Washington Area Humane Society, HUMANE SOCIETY OF THE UNITED STATES, SHALIMAR OLIVER, LEANA STORMONT, LAURA KOIVULA, JOHN DOES 11-20 agents and employees of the Humane Society of the United States, HUMANE ANIMAL RESCUE, JOHN DOES 21-30 agents and employees of the Humane Animal Rescue, KEN JERICHO, STEVEN TOPRANI, BOROUGH OF DONORA, MARVIN DAVIS, SAMUEL JENESKY, SARAH N. TEAGARDEN, JOHN DOES 32-50 unknown law enforcement officers, | |
| Defendants. | |

**DONORA DEFENDANTS' BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

AND NOW COME Defendants KEN JERICHO, STEVEN TOPRANI and the BOROUGH OF DONORA ("Donora Defendants"), by and through their attorneys, CHARLES H. SAUL, ESQUIRE, KYLE T. MCGEE, ESQUIRE and MARGOLIS EDELSTEIN, and hereby submit this Brief in Support of Motion to Dismiss Plaintiff's Second Amended Complaint, as follows:

The Donora Defendants hereby incorporate by reference their Brief in Support of Motion to Dismiss that was filed in response to Plaintiffs' "Corrected Amended Complaint" (Ecf Doc 118). The Donora Defendants also submit that the Couurt's well-reasoned Memorandum Opinion dismissing Plaintiff's Corrected Amended Complaint is factually and legally sound and that Plaintiff's Second Amended Complaint sets forth no valid reason for disturbing those findings and conclusions (Ecf Doc 151).

In her Second Amended Complaint Plaintiff continues to admit that on October 30, 2019, the Borough's zoning code official, Ken Jericho, placed red notices at her residence stating that the property was "condemned" and no one could enter, citing the International Property Maintenance Code ("IPMC") (Ecf Doc 159, at ¶ 271). Defendant has now added paragraphs 303-323 in support of her claims against the Donora Defendants. She argues therein that there was no post-deprivation appeal procedure, because there was no board of appeals to hear a post-deprivation appeal as provided in the IPMC (Ecf Doc 159, ¶¶ 306-307). [1] Therefore, she claims, since there was no post-deprivation remedy, the prohibition against her entering the property without a prior hearing violated her due process rights.

Assuming, *arguendo*, that no board of appeals existed, Plaintiff's Second Amended Complaint is, nevertheless, deficient and does not state a cause of action, for two reasons.

First, Plaintiff has not alleged in her Second Amended Complaint that she ever made any attempt to appeal the "condemnation" of the property. She does not allege that she asked Toprani, Jericho, or the Borough Council as to how to appeal the condemnation or ever inquired of anyone within the required twenty (20) days of the condemnation as to whether there existed a board of appeals. She merely claims that no board of appeals existed. However, she has no evidence that if none existed, a board of appeals could not have been appointed by the Council had she asked the

---

[1] In fact, there did exist a board of appeals at that time. The Borough Defendants admit that this may present a factual issue that may not be resolved pursuant to a Motion to Dismiss,

Borough for an appeal of Jericho's decision. Therefore, she cannot establish that the post-deprivation appeal procedure of an appeal to a board of appeals was not available to her.

Second, and perhaps more importantly, assuming there was no board of appeals and no Borough Council procedure to appoint a board of appeals to hear her appeal, then Plaintiff would not have had any requirement to exhaust her administrative remedies before filing an appeal to the Court of Common Pleas. In other words, Jericho's condemnation decision would have been a final adjudication appealable directly to the Court of Appeals under the Local Agency Law, which provides:

> Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

2 Pa. C.S. § 752.

Plaintiff had the right to appeal the final adjudication by Jericho to the Court of Common Pleas within thirty (30) days pursuant to 42 Pa.C.S. § 5571(b).

Plaintiff could have either inquired as to how to file an appeal with a board of appeals or alternatively could have filed an action appealing Jericho's decision with the Court of Common Pleas. Plaintiff did neither.

Plaintiff had the right under Section 111.1 0f the IPMC, which was adopted by the Borough, to file an appeal of a zoning code official's finding that a property was unsafe. And even if that post-deprivation appeal avenue did not exist, then she would have had the post-deprivation right to appeal Jericho's decision directly to the Court of Common Pleas. Thus, Plaintiff's procedural due process rights were not violated, even if the Borough never established a board of appeals.

In sum, there was a post-deprivation procedure that Plaintiff could have utilized, and, therefore, the lack of a pre-deprivation hearing did not violate Plaintiff's due process rights, as

originally found by the Court in dismissing Plaintiff's original Complaint. Nor do any of Jericho's actions "shock the conscience" such that there was a violation of Plaintiff's substantive due process rights.

Although Plaintiff alleges that Jericho did not have the authority to prevent her from entering the property (Ecf Doc 159, ¶288), the IPMC, in fact, gives the code official the specific right to do so at Section 109.1 (Ecf Doc 118-3).

In her Second Amended Complaint Plaintiff also makes a new claim that she was "ready, willing, and able to do the necessary repairs" to the property, but that Jericho's and Toprani's refusal to allow her to inspect the property "impeded her ability to bring the property back up to code" (Ecf Doc 159, ¶320).

This claim is directly contrary to Plaintiff's own testimony under oath before the Court of Common Pleas of Washington County when she pled nolo contendre to two counts of Neglect of Animals, 18 Pa.C.S.A. §5532(a)(1). As previously cited, at the Plea and Sentencing hearing she testified to the Court that *due to the damage to the property from a tornado and her inability to raise the funds to repair it, the "condition of the property was less than favorable" and she was in the midst of moving the animals out of the property due to its unsafe condition, and had already moved out 75% of the animals* (Certified transcript of Plea and Sentencing Hearing, Ecf Doc 118-10).

So Plaintiff admitted under oath in a court of law that she did not have the funds to repair the property; the property was too unsafe even for animals; and she was in the midst of moving the animals out due to the unsafe condition of the property, when Jericho posted the signs that the property was too unsafe for anyone to enter! Therefore, her claim that Jericho and Toprani's actions impeded her ability to make necessary repairs and bring the property up to code is a false, conjured-up statement to this Court in order to try to avoid a second dismissal of her case

As to Steve Toprani, the Borough's Solicitor, Plaintiff alleges that Jericho and Toprani prevented her from entering the property under a "fake or informal condemnation" (Ecf Doc 159, at ¶¶ 283, 289) and from being able to clean the house and remove all of her property. However, not only did Jericho have such authority, she admits in her Second Amended Complaint that on November 11, 2019, the police told her that she could enter the house to clean it and remove her property and that she did so (Ecf Doc ¶¶ 292, 295-296).

In sum, as described above, Jericho did not violate Plaintiff's due process rights. Assuming Jericho's actions were based upon advice from Toprani, it cannot be found that Toprani violated Plaintiff's rights as a result of lawful actions taken by Jericho.

As to the Borough of Donora, which was added by Plaintiff as a Defendant in her Second Amended Complaint, the alleged violations by the Borough set forth in the Second Amended Complaint occurred in October and November 2019. The Second Amended Complaint was not filed until November 21, 2024, which was more than the two-year statute of limitations for Section 1983 actions. *Kost v. Kozakiewicz*, 1 F.3d 176, 189-190 (3d Cir. 1993).[2]

Moreover, a municipality may be liable under Section 1983 only if it can be shown that its employees violated a plaintiff's civil rights as a result of a municipal policy or practice. See *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, the Borough cannot be vicariously liable under *Monell* unless one of the Borough's employees is primarily liable under Section 1983. *Williams v. West Chester*, 891 F.2d 458, 467 (3d 1989). Since neither Jericho nor Toprani violated Section 1983 by their actions, the Borough cannot be found to have violated Section 1983.

---

[2] Even removing the period of the stay of the case from April 21, 2022 to December 14, 2022, the Second Amended Complaint was filed beyond the two-year statute of limitations for Section 1983 actions (Ecf Docs 51, 61).

In conclusion, based upon the above, the Defendants' Brief in Support of its Motion to Dismiss Plaintiff's Corrected Amended Complaint, and this Court's Memorandum dismissing Plaintiff's Corrected Amended Complaint, the Borough Defendants respectfully request that Plaintiff's Second Amended Complaint be dismissed, with prejudice.

Respectfully submitted,

MARGOLIS EDELSTEIN

*/s/ Charles H. Saul*
CHARLES H. SAUL, ESQUIRE
PA I.D. No. 19938
csaul@margolisedelstein.com

*/s/ Kyle T. Mcgee*
KYLE T. McGEE, ESQUIRE
PA I.D. No. 205661
kmcgee@margolisedelstein.com
Henry W. Oliver Building, Suite 1100
535 Smithfield Street
Pittsburgh, PA 15222
Phone: 412-281-4256 / Fax: 412-642-2380
*(Counsel for Defendants Ken Jericho, Steven Toprani and the Borough of Donora)*