IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTIE HARR,                          )        Case 2:21-cv-1560 WSH
                                        )
                Plaintiff,              )
                                        )
        v.                              )
                                        )
WASHINGTON AREA HUMANE,                 )
SOCIETY, et al,                         )
                Defendants.             )

**RESPONSE WITH DECLARATION IN OPPOSITION TO THE HUMANE ANIMAL
RESCUE**

Plaintiff Christie Harr ("Harr") opposes the motions to dismiss filed by the
private animal rights organizations and agents:

**DISCUSSION**:

Plaintiff filed a Second Amended Complaint to provide this Court with
further factual support, if admissible under F.R.E. 410 in any way, that the
proceedings entailed specific agreements between the Commonwealth and the
Plaintiff that Westmoreland County conduct was not being plead to.

In this case, two individual agents of the Washington Area Humane
Society were authorized to act as humane police officers in Washington County
only.  As to Westmoreland County, those two agents never bothered to register
despite it being an easy process, yet they exceeded their jurisdiction and ran
amock.

Humane Animal Rescue, another third party not authorized in either
Washington or Westmoreland County to act as animal police officers, entered

the fray, assisted with executing warrants, seizing evidence, taking property, and pretending they were animal police as well.

To the extent even relevant or admissible, the actions of Humane Animal Rescue were not raised in the criminal proceedings, mentioned, or otherwise litigated.

The Plaintiff needs discovery to attribute the specific conduct to identify the John Doe defendants and attribute the specific policies and procedures to the individual organizations.  Knowing this, the defendants seek dismissal because they hold all of the records that would enable the Plaintiff to pinpoint the identities of the John Does, how each person and organization participated, and the communications and policies that will show that they acted in concert.

The facts from the Second Amended Complaint are incorporated by reference.

## I.    Objection to Conversion to Motion for Summary Judgment

Humane Animal Rescue asks this Court to look at material outside of the record in this case.   Indeed, the interpretation For example, they cite statements, evidence, search warrants, and other procedures in the criminal proceeding.  As discussed below, the reliance on any matter in that proceeding is not admissible or to be considered under Third Circuit precedent because the plea was *nolo contendere* meant to resolve a litigation without findings.

Regardless, if this Court is going to erroneously consider the proceedings, the record is not complete.  There exists written plea contracts, off the record

discussions, and other materials that, if converted to summary judgment, could be brought to the attention of this court. Indeed, a deposition would be done of Harr's defense attorneys and the district attorney would need to occur to make it clear that the conviction was an agreement not to include anything occurring in Westmoreland County conviction-wise and to eliminate the controversy regarding the unlawful warrants

If the nolo plea and/or the proceedings are admissible in this case at all, Harr is entitled to discovery to demonstrate that the elements of collateral estoppel and res judicata do not exist. The Second Amended Complaint includes specific allegations that the contract and understanding of the parties in the criminal case were that the case would be resolved without adjudication of the Westmoreland County matters, the issues in the omnibus motion, etc. There certainly could not be an appeal of the omnibus motion when the issues were resolved by agreement that the Westmoreland charges were extinguished in their totality.

It is reversible error for this Court to convert a 12(b)(6) or a 12(c) motion into a motion for summary judgment without sufficient notice to the parties. See *Castle v. Cohen*, 840 F.2d 173, 179-80 (3d Cir.1988); *Davis Elliott Int'l, Inc. v. Pan Am. Container Corp.*, 705 F.2d 705, 706-08 (3d Cir.1983); *Crown Cent. Petrol. Corp. v. Waldman*, 634 F.2d 127, 129 (3d Cir.1980).

If on a 12(b) motion to dismiss, a party "presents matters outside the pleadings, the district court must convert the motion to dismiss into a motion for summary judgment, and give all parties a reasonable opportunity to present

all material pertinent to such a motion under Rule 56." *In re Bayside Prison Litig.*, 190 F.Supp. 2d 755, 760 (D.N.J. 2002). In deciding a 12(b)(6) motion to dismiss, the district court may only consider the complaint and limited categories of documents in order to "protect plaintiffs against, in effect, summary judgment by ambush." Id.

When converting a 12(b)(6) motion to one for summary judgment, "all parties must be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).

## II.    F.R.E. 410(a)(2) and (3) Prohibits Humane Animal Rescue from Relying on the Statement Cited and Collateral Estoppel Cannot be Applied

In the Second Amended Complaint, Harr discusses the procedural posture of the criminal proceedings.  These are not elements of the civil action against Humane Animal Rescue, and they were not meant to be presented to the jury. Rather, the information was included to demonstrate to this Court as a matter of fact and law that Harr was not convicted of a single offense related to the search warrant and that the parties in the case bargained to have all Westmoreland County occurrences dismissed without adjudication.

Defendants cite search warrants and statements in the plea hearing as to crimes that did not result in a conviction and which were withdrawn prior to even preliminary proceedings in the Court of Common Pleas, statements made at a plea colloquy that were not admissions to any crime.  On the contrary, by pleading nolo contendere, Plaintiff specifically disavowed any criminal conduct.

Federal Rule of Evidence 410(a)(3) specifically prohibits the use of any statement at that hearing from being used.  Rule 410(a)(3) explains, " **Prohibited Uses.** In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions: * * * **(2)** a nolo contendere plea;  **(3)** a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 _or a comparable state procedure."

In this case, Humane Animal Rescue recognizes it was both a "nolo contendere" plea hearing and a statement made during a proceeding on such a plea under a state procedure comparable to Fed. Crim. R. 11.

Similarly, this Court cannot apply collateral estoppel or *res judicata* based on the proceeding because the final judgment was a plea based on "nolo contendere" not any admission to the facts or a crime, and considering the specific prohibition found in F.R.E. 410(a).  In *Sharif v. Picone*, 740 F.3d 263 (3rd Cir. 2014), our court of appeals found that other courts including the Western District of Pennsylvania, not adhering to Rule 410(a) based on out of circuit precedence to be improper.  *See also* FED. R. EVID. 803(22) (holding that "[e]vidence of a final judgment, entered after a trial or upon a plea of guilty  (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year" is admissible as an exception to the rule against hearsay).  (Note also, that Fed. R. Evid. 803(22) would not allow the judgment to be used even if the nolo contendere provision

did not apply as the conviction did not carry "imprisonment in excess of one year."

This same rule prohibiting the use of nolo contendere evidence applies in Pennsylvania state court proceedings.  *See* Pennsylvania Rule of Evidence 410(a).

Therefore, this Court must not consider this information.


III.    **<u>No adjudication or information as to the Humane Animal Rescue Defendants occurred in the related criminal action</u>**

Nothing in the related criminal matter adjudicated the appropriateness of non-licensed Humane Animal Rescue and John Doe defendants, which were not licensed to conduct any investigatory, search warrant assistance, entering buildings or premises, seizing property, etc. within either Westmoreland or Washington County, Pennsylvania. [1]

If a policeman obtains a valid search warrant, and gives it to an unlicensed police force, such as the boy scouts, to execute it, but a court holds the warrant to be valid on other grounds, there are still constitutional violations by the Boy Scouts operating as unlawful police.  The state court did not rule that Humane Animal Rescue acted properly, had authority, or any other matter.

These issues were not relevant to the issues in the Court of Common Pleas and cannot form the basis of any *res judicata* or collateral estoppel.

---

[1] It is unclear if Humane Animal Rescue maintains authority to operate as animal police in any county in Pennsylvania.  Discovery is needed in this regard.  If anywhere, their authority would be in Allegheny County, Pennsylvania, but nothing indicates that they registered.

**IV.    All Westmoreland County Charges Were Withdrawn by the
Commonwealth of Pennsylvania**

It is an issue of material fact that remains in dispute that any
Westmoreland-based charges resulted in a *nolo contendere* plea.  In fact, Harr
made great effort to clarify over and over that the matters would not result in
any guilty plea and, thus, the decision in the omnibus motion rendered moot by
the withdrawal of the same.

The Second Amended Complaint added specific allegations that the plea
negotiations entailed specific agreements that the Westmoreland charges would
not be adjudicated, that the two charges that a plea was entered to was no
encompassed in the original charges, etc.

All of the pre-disposition and interlocutory documents tendered by the
Defendants cannot be relied on as the charges were all withdrawn except those
in the verbally Amended Information– which involved Washington County
conduct.

As the Sentence Order from the state court shows, "Upon motion of
the Commonwealth, the remaining charges are hereby nolle pressed."  *See* Entry
72-7, page 3.  Therefore, this Court must only look to the charges that Plaintiff
entered a no contest plea to.

To the extent it is admissible under F.R.E. 410, pursuant to Federal
Rule of Evidence 201(c), this Court must take judicial notice of the document at
Entry 72-7, page 18, which states, "Plea is no contest for (2) M3 Animal Neglect
regarding **Washington County Charges.**"  Discovery will show that this meant

the occurrences in the venue of Washington County, not Westmoreland charges brought within the Washington County Information.

To the extent it is admissible under F.R.E. 410, pursuant to Federal Rule of Evidence 201(c), this Court must take judicial notice of the transcript of proceedings at Entry 72-8 at page four where, without objection from the Commonwealth, counsel for Plaintiff made it clear that the plea is, "No Contest to the Washington County charges."

To the extent it is admissible under F.R.E. 410, pursuant to Federal Rule of Evidence 201(c), other than that the no contest was for Washington County charges only, no factual basis exists in the written plea documents or at the oral hearing. The only modification is that the judge wanted the probation to run consecutively, which was orally agreed upon.

To the extent it is admissible under F.R.E. 410, pursuant to Federal rule of Evidence 201(c), the only information on the record was Plaintiff's statement that said, "I am not admitting guilt of any crime, but rather, if this case went to trial, they could possibly convince a jury that the animals in question were neglected. At no point did I ever harm or intend to harm any of the animals in my care. However, due to the damage both to the [Washington County] residence and the [Washington County] rescue by a tornado in August of 2016, and the inability to raise the necessary funds for the repairs, the condition of the [Washington County] property was less than favorable. I do want it noted that I was in the middle of moving the animals to a new, safe [Westmoreland County] location, and had 75 percent of them already moved,

when the search and seizure was conducted. So I was, indeed, doing my very best to remedy the situation." *See* Entry 78-8, page 10-11.

To the extent admissible under Rule 410, the shelter and house was in Washington County that the defendant stipulated that a jury could have found a negligent act to have occurred.  It is, therefore, clear that no Westmoreland County based charges resulted in the no contest plea.

To the extent admissible under Rule 410, pursuant to Federal Rule of Evidence 201(c), this Court must take judicial notice that, because only Washington County charges resulted in the plea, no appeal could have been taken challenging the jurisdiction of the Court as to the Westmoreland County charges.

Finally, it is noted that Harr also made allegations that off the record plea negotiations occurred and a plea contract made that specifically stated it related to Washington county conduct.

## V.   *Heck v. Humphrey* **Does Not Apply**

*Heck v. Humphrey* applies to a plaintiff who seeks "to recover damages for … harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid." 512 U.S. 477 at 486 (1994).

It explained that the Supreme Court had "made clear that the *Heck* bar comes into play only when there is an actual conviction." *Wallace v. Kato,* 549 U.S. 384, 393 (2007).

It is unclear whether *Heck* applies to *nolo contendere* disposal agreements for petty crimes carrying under one year in prison – especially considering the

prohibition on using the conviction or statements made in federal court proceedings.

In this case, no conviction occurred as to the Westmoreland County allegations – all those charges were withdrawn – and the no contest plea related to Washington county conduct (the conditions of the animal shelter and house in Washington County), not Westmoreland County.

The Westmoreland County search warrants had nothing to do with the allegations that Plaintiff entered the no contest plea to.

It is abundantly clear that Plaintiff went through great pains to clarify that she did not enter any plea to Westmoreland County conduct.

### VII.  As to Counts VI and VII, Neither *Heck* nor *Collateral Estoppel* apply

While Counsel VI and VII reference Washington County actions taken by certain defendants, the issue was not adjudicated in the case.  The items improperly taken by Humane Animal Rescue and other unlicensed agencies were not going to be used in the criminal case, so no reason to file a motion on this basis existed.  Specifically, the "guns, ammunition, knives, clothing, medical supplies, personal medication, a social security card, a box of miscellaneous items, a magazine," etc. had nothing to do with the criminal case, was not being considered evidence, and no basis existed to object to the use of the evidence since it was not relevant and was not going to be used by the Commonwealth.

Therefore, the civil suit does not collaterally attack the validity of the conviction.  In addition, no adjudication of the merits of this issue occurred.

**VIII.  The Search Warrant Decision Had No Application to the Criminal Charges that Resulted in Nolo Contendere**

The search warrant evidence was not necessary for the state court to accept a plea to the new charges that superseded the original charges.  On the contrary, the basis of the plea would not have required the evidence from or the validity of the search warrants.  As such, there could not have been any basis for an appeal from the decision in the omnibus motion denial and it cannot form the basis for "res judicata" or "collateral estoppel," especially on the present record without discovery as to the basis of the plea which are not in the public record and contain a contract – as alleged in the Second Amended Complaint– that it would be for non-Westmoreland County charges.

**IX.  Sufficient Allegations Exist to Show the Private Defendants Acted Under Color of Law When they Exceeded their Jurisdiction**

The defendants claim they were not state actors subjecting them to 42 USC 1983.  However, the original case started with a *Private Criminal Complaint* written by the Humane Society of the United States and the Washington Area Humane Society defendants, using Defendant Glen Thomson's humane police officer status in Washington County to trick a judge into thinking he had jurisdiction in Westmoreland County by swearing falsely that he was a "statewide" humane police officer.

The HSUS and WAHS defendants drafted the search warrant containing this brazenly false claim.  The WAHS, HSUS, and Humane Animal Rescue conducted the searches and seized the items.  Obviously, under the test cited by

the defendants, these private entities "exercised powers that are traditionally the exclusive prerogative of the state," and as it was the private agencies that simply asked the police for assistance, they "acted with the help of or in concert with state officials," and the state merely provided backup and assistance to the WAHS and HSUS, so clearly the private agencies were a "joint participant in the activity."

Obviously, all of the John Doe and organizational defendants, joining with Mr. Thomson's acting under color of law as a humane police officer exceeding his boundaries, make them acting under color of law. *See Allen v. Pennsylvania Society for the Prevention of Cruelty to Animals,* 488 F.Supp.2d 450 (M.D.Pa., 2007)(finding that humane police officers acted under color of law). [2]  In this case, the only distinction from *Allen* is that Mr. Thomson exceeded his jurisdiction and brought on a posse of various animal rights organizations and their agents to back him up despite the law prohibiting their deputization.

### X.  The Search by the Private Entities was not Reasonable

As to the Westmoreland County searches, none of the private persons pretending to be law enforcement officers maintained any authority to conduct investigations, perform law enforcement functions, apply for searches, participate in searches, or enter the property of any person.  They simply did not register in the county.  Therefore, no possibility of a reasonable search exists.

Well established case law put these organizations on notice that registration was required.  It is relatively simple to do, but it must be done.

---

[2] The only difference in this case is that the defendants were unauthorized humane police officers who exercised authority under color of law, but actually had no authorization to do so.

Specifically, "individuals desiring to be humane society police officers must be decreed as such by the court of common pleas of the county in which the society has its registered office and then must record the decree in all counties in which they will act." *Hulsizer v. Labor Day Committee, Inc.,* 734 A.2d 848, 853 (Pa. 1999). None of the private animal rights organizations that participated in the Westmoreland County investigate recorded anything in Westmoreland County. In addition, the HSUS neither applied for nor received humane police powers anywhere in Pennsylvania.

As to exceeding the scope of the warrants, seizing guns, personal records, and other non-relevant property, it is unclear how that can be reasonable. The scope of the search is limited by the stated object of the search. See *Florida v. Jimeno*, 500 U.S. 248 (1991).

## XI. T**he Lawsuit States a Claim for Civil Rights Conspiracy**

The defendants make boilerplate claims that the lawsuit does not state a claim for civil rights conspiracy, but they do not point to the allegations incorporated by reference. It is clear that the WAHS defendants contacted the other organizations and formed a posse of unregistered humane police officers, all acting without authority, and collectively took the actions they did.

## XII. ***Respondeat Superior* Defenses Do Not Require Dismissal**

First, Plaintiff adequately alleged that the private entity defendants were operating through a policy of the organizations and via the directive of the executives of said organizations allowing the case to move forward to discovery. Second, the private defendants are not municipalities entitled to a *respondeat*

superior defense.  On the contrary, they are private entities pretending to be law enforcement agencies when they did not properly register.

Indeed, it is improbable that *respondeat superior* defenses can be raised by a private entity that engaged in a conspiracy with law enforcement officers to deprive the rights of the Plaintiff. *Madero v. Luffey*, 2020 WL 9815453 (W.D.Pa. 2020)(unlikely a *respondeat superior* defenses can be raised when private entity conspires with law enforcement).


### XIII.  Defendants are Not Entitled to Qualified Immunity

Humane Animal Rescue did not specifically raise this but incorporated HSUS' brief.  Qualified Immunity most probably does not exist.  *See Hoggard v. Rhodes*, 141 S. Ct. 2421 (2021) (Thomas, J., statement respecting the denial of certiorari).

Second, it is unclear that animal rights organizations like Humane Animal Rescue that are private, militant activists acting as police but not licensed to do so could somehow receive immunity. In this case, Humane Animal World and the John Does associated with them were not working under the supervision of the District Attorney or the police.  Indeed, the district attorney did not even approve the search warrant in question as required.  Humane police officers are only entitled to invoke a qualified immunity defense when working under "close official supervision of the approving assistant district attorney and magistrate judge[, which] exists when a government actor <u>directly inspects</u> or <u>directs a private individual's behavior.</u>"  *Bamont v. Pa. SPCA*, 163 F. Supp. 3d 138, 145

(E.D. Pa. 2016); *Kauffman v. Pa. SPCA*, 766 F. Supp. 2d 555, 560-61 (E.D. Pa. 2011).

In this case, if the Defendants are at all even able to raise the issue of qualified immunity as private organizations not authorized to conduct the investigations they were engaged in, at this juncture they have not shown that the claims are barred by qualified immunity. *See Smith v. Washington Area Humane Society*, 2020 WL 6364762 (W.D. Pa. 2020)(finding no qualified immunity at the initial stage where lawsuit alleged WAHS acted on a legally invalid warrant with false information, perpetrated an illegal search and seizure, and stole money in the course of the search); *Gower v. All But Forgotten Humane Rescue*, 2019 WL 3037851 (W.D. Pa. 2019)(premature to ask for qualified immunity simply because a magistrate judge granted a search warrant).

More importantly, however, because the Humane Animal Rescue and others acted without authority in Westmoreland County or even in Washington County, they would not be entitled to raise the qualified immunity defense. Additionally, the WAHS and HSUS defendants specifically evaded the District Attorney's Oversight by not having the office review and sign the search warrant application. *See Braunstein v. Paws Across Pittsburgh,* 2019 WL 1458236 at *7 (W. D.Pa. 2019).

### XIV.  Plaintiff's Action States a Claim for Conversion

Plaintiff did not sue for conversion because the private defendants "assisted the police with the collection of" property.  On the contrary, the search warrants were not applied for by the police, the police assisted the private

organizations at their request not vice versa, and the private organizations are the ones who took and retained the property, not the police.  The types of property seized had nothing to do with the alleged investigation.  It is unclear why animal rights organizations would be seizing items such as weapons and ammunition.

At this stage of the litigation, with no immunity from state torts, the private organizations and actors are not entitled to dismissal of the case.

### XV.  **The Private Actors Had Not Authority to Trespass**

Citing search warrants that the Washington Area Humane Society obtained through fraud, by asserting that they were statewide humane police officers when they were not registered in Westmoreland County, the remaining private actors such as Humane Animal Rescue that were not registered at all assert that they could piggyback onto the unlawful search warrants and trespass on the property.

The allegations in the action, however, explain that the private defendants had no authority.  A pizza delivery boy cannot enter a building, seize evidence, take items, or help with a search warrant issued to a private security company.  Humane Animal Rescue, despite their name, maintain zero credentials in the Westmoreland and Washington County and have no authority to conductlaw enforcement activity.  "[I]ndividuals desiring to be humane society police officers must be decreed as such by the court of common pleas of the county in which the society has its registered office and then must record the decree in all counties in which they will act." *Hulsizer v. Labor Day Committee, Inc.,* 734 A.2d

848, 853 (Pa. 1999).  Absent this occurring, they had no authority to be on premises.

More importantly, at this stage in the proceeding, no evidence exists that the private organizations assisted or were requested to assist the police.  Rather, it is the private organizations that requested the police assist them.

XVI.  **The Invasion of Privacy Claims Can Proceed**

Again, the defendants merely state that the intrusion upon seclusion claims must fail because of search warrants.

First, the intrusion upon seclusion claims address the actions of the private defendants in making videos of the Plaintiff's facilities and releasing them on the internet, including for fundraising purposes. The private defendants, however, fail to address the fact that they had no authority to conduct investigations, be present, take items, or conduct any form of policing. Only a single officer of the Washington Area Humane Society registered in Washington County, but he did not register in Westmoreland County.  None of these private individuals and organizations registered in Westmoreland County. With the exception of the WAHS and the agents that registered, none of their support staff could participate in law enforcement functions.

XVII.  **The Statute of Limitations Defense is Not Appropriate at this Juncture**

At least one of the defendants raised a statute of limitations defense as to the invasion of privacy claims.  Statute of limitations is an affirmative defense subject to tolling.  In this case, Plaintiff could not raise the claim until the court

agreed to dismiss the Westmoreland County charges and until the
Commonwealth agreed to return the unlawfully seized property, which occurred
within one year of the filing of this lawsuit.  This Court should not review an
affirmative defense on a motion to dismiss under these circumstances.


XVIII.  **The Complaint States a Claim for Intentional Infliction of
Emotional Distress**

Deliberately causing harm to an animal in a manner in which the owner
will see that harm can state a claim for intentional infliction of emotional
distress.  *Brown v. Muhlenberg Township*, 269 F.3d 205 (3d Cir. 2001).  The
cause of action does not require that the Plaintiff be physically harmed.

XVIV.  **There Exists no State Immunity**

Defendants Thomson and Proudfit cite 18 Pa.C.S. 5557 to give themselves
immunity.  However, this lawsuit includes intentional acts that constitute gross
negligence or willful, wanton, or reckless conduct.  18 Pa.C.S. 5557(b).  *Smith v.
Washington Area Humane Society,* 2020 WL 6364762 *9 (W.D. Pa. 2020)(finding
WAHS acting on an invalid warrant does not entitle defendants to dismissal
under 18 Pa.C.S. 5557).  This would be a jury question.

XX.  **Punitive Damages Should Not be Stricken**

The Second Amended Complaint contains additional allegations as to the
outrageous nature of the conduct of the animal defendants.  These allegations
cure any defect in the first inartful pleading.

XXI. **A Justiciable Controversy Exists Warranting Declaratory and Injunctive Relief**

Defendants baldly claim that no justiciable controversy exists as to the declaratory and injunctive relief requests; however, they clearly refuse to disavow their behavior or cite any reason why they would not continue to perform the activities.  Moreover, the unlawfully taken videos continue to be shown as a fundraiser on social media by the defendants.

XXII. **Plaintiff Requests Leave to Amend**

If this Court finds that Plaintiff's factual allegations are not sufficient, or need more particularity, she requests leave to Amend.  "Ordinarily where a complaint is dismissed for 'failure to plead with particularity' grounds alone, leave to amend is granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1435 (3d Cir. 1997).  Unless an amendment would be futile, the Court must give the Plaintiff leave to amend to correct any failure to state a claim. *Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000).

XX. **Conclusion**

The motions to dismiss must be denied.


**<u>DECLARATION OF CHRISTIE HARR</u>**

I, Christie Harr, declare and state under the penalty for perjury that the following is true and correct:

1.  I included the allegations about the criminal case to aid the court in understanding that I did not enter a plea of nolo contendere to any activity in Westmoreland County.  These statements as to the

plea and sentencing were to clarify that no Westmoreland adjudication exists. It was not an element of the causes of action or something that was to go to the jury, but just for this Court.

2. I specifically invoke F.R.E. 410(a) and ask that this Court prohibit information from the criminal case especially when reviewing the matter for collateral estoppel.

3. As stated in the Second Amended Complaint, there existed an agreement between the District Attorney and I that there would be no adjudication as to the Westmoreland case. This agreement occurred because they did not want me to appeal the decision of the court and they wanted to eliminate all charges about issues in Westmoreland County.

4. Off the record were agreements and discussions between myself, my counsel, and the District Attorney where it was repeatedly agreed, understood, and known that the charges I plead to did not include Westmoreland County conduct.

5. In Court, issues about Humane Animal Rescue did not occur because they were not relevant to the criminal matter or the defense thereof.

6. Prior to this court adjudicating facts on a partial record, discovery is needed to determine whether the elements of collateral estoppel exist. This discovery would include a deposition of the District Attorney and certain attorneys that I would waive any privilege. All

will testify that it was understood and agreed that, if admissible under Rule 410, my plea did not involve any conduct occurring in Westmoreland County.

Respectfully submitted,

_____/s/ Christie Harr_____
Christie Harr
676 Reed Avenue
Monessen PA  15062

PLAINTIFF