IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :
VS. : NO. 1186-2020
CHRISTIE HARR : No. 205-2020

GUILTY PLEA COLLOQUY
EXPLANATION OF DEFENDANT'S RIGHTS

You or your attorney have indicated to the officers of this Court that you wish to plead ~~guilty or~~ *nolo contendere* to certain specific criminal charges which the Commonwealth of Pennsylvania has brought against you.

In order to have your plea accepted by this Court here today, you must waive your right to confront the prosecution witnesses against you and agree to permit an Assistant District Attorney to summarize the Commonwealth's evidence against you. You must agree to stipulate to the authenticity and accuracy of any Crime Laboratory reports presented by the Commonwealth and to the chain of custody of any of the Commonwealth's evidence involved in your case.

You must fully understand that your plea must be voluntary and no clemency is being promised in exchange for your plea, with the exception of any plea bargain or arrangement previously agreed to between your attorney and the Assistant District Attorney assigned to your case.

~~By pleading guilty to any charge, you are admitting that you committed that offense.~~ By pleading *nolo contendere*, you are stating that you do not contest the charges against you. In either case, the Commonwealth would not have to prove each and every element of the crimes with which you are charged as would be required in a jury or non-jury trial.

2022 SEP 14 AM 11:44
WASHINGTON COUNTY
FILED

Please be advised that you must fully understand that the Constitution of the United States of America and the Constitution of the Commonwealth of Pennsylvania give you an absolute right to have a trial by jury.

If you intend to waive your Constitutional right to a trial by jury, please answer all the questions on this form. Most of the questions are designed to be answered "yes" or "no". Where general information is requested, please answer the question as fully as possible.

CAH
Initials

EXHIBIT A

If you do not understand the questions, you should say so in writing on the form. You should also tell your lawyer and the judge who hears your case so they can explain it to you. You must fully understand all of your rights before your plea can be accepted by the judge.

You should initial each page at the bottom after you have read, understood, and completed your answers to the questions on that page. When you have finished all of the questions, you must sign the form at the end.

1. What is your full name? Christie Dee HARR
2. How old are you today? 43
3. How far did you go in school? 2yrs College
4. Can you read, write and understand the English language? yes
5. Do you understand that because you have been charged with more than one offense, the Court may impose a separate or consecutive sentence for each offense? yes
6. Have you discussed with your attorney the elements of each charged offense? yes
7. Have you discussed with your attorney the factual basis of each charged offense? yes
8. Have you discussed with your attorney how the facts in your case prove the elements of each charged offense? yes
9. Do you understand that both the Constitution of the United States of American and the Constitution of the Commonwealth of Pennsylvania give you an absolute right to a trial by jury, unless you are only charged with ungraded misdemeanors and/or summary offenses? yes
10. Do you understand that if you want a jury trial, you would take part in the selection of the jury along with your attorney and with the Assistant District Attorney assigned to prosecute your case? yes
11. Do you understand that you and your attorney and the Assistant District Attorney assigned to prosecute your case would select a jury from a panel of jurors randomly picked by computer from the PA Drivers License lists and other legally-approved lists of citizens of Washington County? yes

CDH
Initials

12. Do you understand that both the defense and prosecution would have the right to "challenge" members of the jury panel and that this means you and the prosecution would have the right to keep certain persons on the jury panel from being a member of the jury panel in your case? yes

13. Both you and the prosecution would have as many challenges "for cause" as the Court would approve. "For cause" means a good reason why the challenged person could not be an impartial juror in your case. Do you fully understand this? yes

14. Both you and the prosecution would each also have a number of "peremptory challenges." A "peremptory challenge" is one in which no reason has to be given to prevent a prospective juror from being a member of your jury. If you are charged with felonies, both you and the prosecution each have seven (7) "peremptory challenges". If you are charged only with misdemeanors, both you and the prosecution each have five (5) "peremptory challenges." Do you fully understand this? yes

15. All twelve members of the jury finally selected would have to be satisfied that the Commonwealth had proven your guilt beyond a reasonable doubt on each charge, that is, the vote of all twelve must be guilty before you could be found guilty. Do you fully understand this? yes

16. You also may choose to be tried before a judge without a jury in what is called a "non-jury" trial, and that the judge, in addition to ruling on legal questions and defining the law as in jury trials would also sit as a trier of fact, much like a jury does in a jury trial; and it would be the judge who determines from the evidence presented whether the Commonwealth has proven you guilty beyond a reasonable doubt. Do you fully understand this? yes

17. In either the jury trial or non-jury trial before a judge, you enter the courtroom clothed with the presumption of innocence, and that presumption remains with you until such time, if ever, that a jury in a jury trial or judge in a non-jury trial would find you guilty beyond a reasonable doubt. Do you fully understand this? yes

18. In either a jury trial or a non-jury trial before a judge, it is the burden of the Commonwealth to prove you guilty "beyond a reasonable doubt," and to do this, the Commonwealth must prove each and every element of the crime or crimes with which you are charged "beyond a reasonable doubt" to the satisfaction of all twelve jurors in a jury trial or to the satisfaction of the judge in a non-jury trial. Do you fully understand this? yes

CDP
Initials

19. A reasonable doubt is an honest doubt arising from the evidence presented or from the lack of evidence and it is the kind of doubt that would cause a reasonable, prudent person to pause or to hesitate before acting in a matter of the highest personal importance. Do you fully understand this? Yes

20. In either a jury trial or a non-jury trial before a judge, you have the absolute right to remain silent and need not present any evidence in your own behalf and there is no burden placed on you to prove your own innocence, or, for the matter, to prove anything since the burden is always on the Commonwealth to prove you guilty beyond a reasonable doubt. Do you fully understand this? Yes

21. However, in either a jury trial or a non-jury trial before a judge, you have the right, if you so desire, to testify and to have witnesses testify on your behalf and you would have the right to present any relevant evidence which would tend or help to prove your innocence and to challenge the evidence and testimony presented by the prosecution. You also would have the right, either yourself or your attorney, to cross-examine or question any witnesses presented by the Commonwealth in order to test their credibility and the truthfulness of their testimony. Do you fully understand this? Yes

22. By pleading ~~guilty or~~ *nolo contendere* you are giving up all of these rights described in the previous questions. Do you fully understand this? Yes

23. When you plead ~~guilty or~~ nolo *contendere*, the Commonwealth would not have to prove each and every element of the crime or crimes with which you are charged by the presentation of witnesses and/or other evidence but the Assistant District Attorney could simply present a summary of the evidence against you. Do you fully understand this? Yes

24. By ~~pleading guilty, you are admitting you committed the crime or by~~ pleading *nolo contendere*, you are stating that you do not challenge or dispute the charges against you. Do you fully understand this? Yes

25. By pleading ~~guilty or~~ nolo contendere, you give up the right not only to file pre-trial motions, but also you abandon or give up any pre-trial motions already filed and not yet decided and any pre-trial motions in which decisions were already made. Omnibus pretrial motions include but are not limited to a motion to suppress evidence, motion for habeas corpus, a Rule 600 motion as to the speedy trial rule, and so forth. By pleading ~~guilty or~~ *nolo contendre*, you give up your right to raise omnibus pretrial motions at both the trial and/or appellate level. Do you fully understand this? Yes

26. Do you understand that by pleading ~~guilty or~~ *nolo contendere*, you also give up the right to present or assert any defenses on your behalf? Yes

CDH
Initials

27. If you were convicted after a jury trial or non-jury trial before a judge, you could appeal the verdict to a higher court and raise any errors that were committed in the trial court and this could result in a new trial or a dismissal. By pleading ~~guilty~~, you are giving up this right. Do you fully understand this? Yes Nolo contendere

28. Do you fully understand that if you were convicted after a jury trial or a non-jury trial before a judge, you could challenge in this Court and in the appellate courts whether the Commonwealth had presented enough evidence to prove you guilty beyond a reasonable doubt? Yes

29. By pleading ~~guilty or~~ *nolo contendere*, you give up certain rights of appeal; in a jury trial or a non-jury trial before a judge, you would have the right to appeal any errors that might arise in your case to the Superior Court of Pennsylvania. However, when you plead ~~guilty or~~ *nolo contendere*, you limit the grounds for those appeals to four (4) specific reasons:

    1. that this Court did not have jurisdiction in your case. With rare exceptions, this Court only has jurisdiction where the crime was committed in Washington County;

    2. that the sentence or probation imposed by this Court is illegal;

    3. that your plea was not knowingly, intelligently, and voluntarily made; and

    4. the incompetence or ineffectiveness of the attorney who represents you.

All other grounds for appeal are given up. Do you fully understand this? Yes

30. In order to appeal the conviction that results from your plea of ~~guilty or~~ *nolo contendere*, you must, within ten (10) days from the date your sentence was imposed, file a written motion to withdraw your plea and state one of the four grounds listed below as the basis for your petition to withdraw your plea:

    1. your plea was not knowing, intelligent, or voluntary;

    2. that your crime was not committed within the jurisdiction of this Court, i.e. not committed in Washington County;

    3. that the sentence of this Court is illegal;

    4. that your attorney was ineffectual or incompetent.

If you do not file this motion within 10 days from the date of your sentence, you will have given up this right. Do you fully understand this? Yes

CDB
Initials

31. If your petition to withdraw your plea would be denied by this Court, you would have thirty (30) days from the date your sentence was imposed to appeal the denial of your petition to withdraw your plea to the Superior Court of Pennsylvania, but if you fail to file the appeal within this thirty-day allotted time period, you will have given up this right forever. Do you fully understand this? yes

32. If you wish to file any of these motions with this Court or an appeal to the Superior Court of Pennsylvania and cannot afford an attorney to assist you to do so, this Court will appoint an attorney for you at no cost to you. Do you fully understand this? yes

33. When you plead [redacted]r *nolo contendere*, and your plea is accepted by this Court, all that remains is for the judge to sentence you on the charges to which you are pleading. Do you fully understand this? yes

34. If there is a mandatory minimum sentence applicable and this mandatory sentence is sought by the Commonwealth, then this Court has no discretion to impose a lesser sentence and must impose <u>at least</u> the minimum sentence that is required by law. Do you fully understand this? yes

35. Are you aware that if the offenses with which you are charged do not require a mandatory sentence under the statutory law of Pennsylvania, this Court is not bound by the sentencing guidelines and may deviate from the guidelines, however, if the Court does so, both the District Attorney and you would have a right to appeal such deviation? yes

36. Do you understand that any term of imprisonment imposed as a result of your plea may be imposed separately, or consecutively, with any other state or federal term of imprisonment you are currently serving? yes

37. Do you understand that the conviction that will result from your plea may serve as a violation of any term of county, state or federal probation or parole? yes

38. Do you understand that a violation of your county, state or federal probation or parole could result in the imposition of further separate or consecutive term of imprisonment? yes

39. Your plea must be voluntary and your rights must be voluntarily, knowingly and intelligently waived. If anyone has promised you anything other than the terms of a plea bargain, your plea will be rejected. If anyone has forced you or attempted to force you in any way to plead [redacted]r *nolo contendere*, your pleas will be rejected. Do you fully understand this? yes

CDA
Initials

40. Has anybody forced you to enter this plea? No

41. Are you doing this of your own free will? yes

42. Have any threats been made to you to enter a plea? No

43. Do you understand that if there is a plea bargain in this case, the terms of the plea bargain will be stated on the record before the judge and that you will be bound by the terms of the plea bargain as they appear of record? yes

44. Do you understand that this Court is not bound by any plea bargain entered into by you and the District Attorney? yes

45. If the Court rejects the plea bargain after hearing a summary of the evidence, you would then have the right to withdraw your plea and would have the option of entering a straight plea with no plea bargain involved or have your case heard by the judge in a non-jury trial and, of course, you would till have the right to a trial by judge if you so desire. Do you fully understand this? yes

46. Are you satisfied with the legal advice and legal representation of your attorney? yes
Patrick, yes. Rose was Inept. & did an inadequate job

47. Have you had ample opportunity to consult with your attorney before entering your plea, and are you satisfied that your attorney knows all of the facts of your case and has had enough time within which to check any questions of fact or law which either you or your attorney may have about the case? yes

As was Allen Roth. Blissman & Zimmaro was just a fraud.

48. Has your attorney gone over with you the meaning of the terms of this document? yes

49. Have you ever had any physical or mental illness that would affect your ability to understand these rights or affect the voluntary nature of your plea? No

50. Are you presently taking any medication which might affect your thinking, impair your ability to think clearly, and/or impair the exercise your freewill? No

51. Have you had any controlled substances/narcotics or alcohol in the last 48 hours? No

52. A. ~~If you are entering a plea of guilty, you admit that you committed the crime(s) with which you charged and to which you are pleading guilty. Do you fully understand this?~~ ________

B If you are entering a plea of *nolo contendere*, do you admit that you are not challenging the charges against you? yes

CAA
Initials

53 Have you discussed with your attorney or are you aware of the permissible range of sentences and/or fines that that can be imposed for the offenses charged? yes

54. Do you understand that you are pleading to the following crimes which carry maximum statutory sentences/fines as set forth below? Yes

(1) NEGLECT OF ANIMALS #18 §§ 5532 (crime)
M3 (grading)
6 MONTHS TO 1 YEAR (minimum/maximum statutory sentence)
$2,500.00 (maximum fine)

(2) NEGLECT OF ANIMALS #18 §§ 5532 (crime)
M3 (grading)
6 MINTHS TO 1 YEAR (minimum/maximum statutory sentence)
$2500.00 (maximum fine)

(3) ________ (crime)
________ (grading)
________ (minimum/maximum statutory sentence)
________ (maximum fine)

(4) ________ (crime)
________ (grading)
________ (minimum/maximum statutory sentence)
________ (maximum fine)

55. Do you understand that you are pleading guilty to crimes which carry a **mandatory** minimum sentence as set forth below? ________

(1) ________ (crime)
________ (grading)
________ (mandatory minimum sentence)

(2) ________ (crime)
________ (grading)
________ (mandatory minimum sentence)

(3) ________ (crime)
________ (grading)
________ (mandatory minimum sentence)

________
Initials

(4)____________________(crime)
____________________(grading)
____________________(mandatory minimum sentence)

56. Have any promises been made to you to enter a plea of ~~guilty~~ Nolo Contendere other than any plea agreement that has been negotiated for you by yourself or your attorney? Yes
Plea is No Contest for (2) M3 Animal Neglect regarding Washington County Charges

57. Do you understand that you will have a right to request that your plea be withdrawn at any time prior to sentence and you will have ten (10) days after your sentence to challenge the validity of your plea, however, if you would fail to do so within these time periods, you would forever give up these rights? __________

58. Do you fully understand your rights? yes

CDA
Initials

One year probation each to be served concurrently. No Fines, No Restitution & the return of all my property After 30 days including my guns which will be held by my father Kenneth D Harr until the end of my probation.

I AFFIRM THAT I HAVE READ THE ABOVE DOCUMENT IN ITS ENTIRETY. I UNDERSTAND ITS FULL MEANING, AND I AM STILL NEVERTHELESS WILLING TO ENTER A PLEA TO THE OFFENSES SPECIFIED. I FURTHER AFFIRM THAT MY SIGNATURE AND INITIALS ON EACH PAGE OF THIS DOCUMENT ARE TRUE AND CORRECT.

9/8/2022
DATE

[signature]
SIGNATURE OF DEFENDANT

**CERTIFICATION OF DEFENSE COUNSEL**

I certify that:

1. I am an attorney admitted to the Supreme Court of Pennsylvania.
2. I represent the defendant herein.
3. I know no reason why the defendant cannot fully understand everything that is being said and done here today.
4. The defendant read the above form in my presence and appeared to fully understand it. I have gone over the form completely with the defendant, explained all of the items on the form, and answered any questions he or she had.
5. I see no reason why the defendant cannot and is not knowingly, intelligently and voluntarily giving up his or her rights to trial and pleading guilty.
6. I made no promises to the defendant other than those which appear of record in this case.

SEPTEMBER 9, 2022
DATE

[signature]
ATTORNEY FOR DEFENDANT