IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIE HARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-1560 |
| ) | |
| WASHINGTON AREA HUMANE SOCIETY; ) | |
| MARANDA COOMBS (JOHN DOE 1); BARB ) | |
| LYLE (JOHN DOE (2); CHELSEI FLEEGAL ) | |
| NEHILLA (JOHN DOE 3); TERESA ) | |
| SALAMONE, EXECUTRIX OF THE ESTATE ) | |
| OF GLEN L. THOMSON; KELLY PROUDFIT; ) | |
| JOHN DOES 4-10, agents and employees of the ) | |
| Washington Area Humane Society; ) | |
| HUMANE WORLD FOR ANIMALS, INC., ) | |
| f/k/a Humane Society of the ) | |
| United States; SHALIMAR OLIVER; ) | |
| LEANA STORMONT; LAURA KOIVULA; ) | |
| JOHN DOES 11-20, agents and employees of the ) | |
| Humane Society of the United States; HUMANE ) | |
| ANIMAL RESCUE; JOHN DOES 21-30, agents ) | |
| and employees of the Humane Animal Rescue; ) | |
| KEN JERICHO; STEVEN TOPRANI; ) | |
| BOROUGH OF DONORA; MARVIN ) | |
| DAVIS; SAMUEL JENESKY; SARAH N. ) | |
| TEAGARDEN; JOHN DOES 32-50, ) | |
| unknown law enforcement Officers; ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM ORDER

Presently before the Court is the Motion for Alternative Service, (Docket No. 231), filed by Plaintiff Christie Harr ("Plaintiff") in this matter. In her motion, Plaintiff seeks leave to serve the Summons and Second Amended Complaint on Defendant Maranda Coombs ("Ms. Coombs") by mailing one copy by regular mail and one copy by certified mail to Ms. Coombs's two known addresses as well as to the addresses of two attorneys who have conveyed that they and/or their

1

law firm represent Ms. Coombs. For the following reasons, Plaintiff's motion will be denied, without prejudice to its renewal, if necessary.[1]

Under Rule 4(e)(1) of the Federal Rules of Civil Procedure, service is permitted by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The Pennsylvania Rules of Civil Procedure apply to this matter since it is in the Western District of Pennsylvania. *See Miller v. Native Link Constr., L.L.C.*, Civ. A. No. 15-1605, 2016 WL 247008, at *1 (W.D. Pa. Jan. 21, 2016). Rule 430(a) of the Pennsylvania Rules of Civil Procedure provides, "If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service." However, District Courts in the Third Circuit have held that a plaintiff moving for alternative service under Rule 430(a) must establish three elements: "(1) a good faith effort to locate the defendant; (2) practical efforts to serve the defendant under the circumstances; and (3) a method of alternative service that is reasonably calculated to provide the defendant with notice." *Barbosa v. Dana Cap. Grp., Inc.*, Civ. Action No. 07-cv-1724, 2009 WL 902339, at *4 (E.D. Pa. Mar. 31, 2009).

Here, the Court finds that the first element has been established, since Plaintiff's efforts to locate Ms. Coombs satisfy the requirement that the plaintiff show good faith efforts to locate the defendant. Plaintiff's motion and supporting materials show that, through an agency that indicates that they engage in skip tracing for service of process, Plaintiff has utilized several methods among those suggested in Rule 430(a), including searches of a database service that uses multiple sources for address information, a database of voting records, and traffic records.

---

[1] As the Court has written extensively in ruling on motions to dismiss filed in this matter, the Court will forego summarizing herein the procedural history and factual background of this case.

(Docket No. 231-2).[2] Those lines of inquiry informed Plaintiff that Ms. Coombs has long used a post office box, P.O. Box 316, in Dunlevy, Pennsylvania, 15432, and that Ms. Coombs has also maintained a physical address at 997 Route 481, Monongahela, Pennsylvania, 15063. (*Id.*).

However, the Court finds that the second element, the adequacy of Plaintiff's efforts to serve Ms. Coombs, has not yet been satisfied here. Once a defendant is located, the plaintiff "'must show that she has made practical efforts to *serve* [the defendant] under the circumstances,' but has been unable to do so." *Miller*, 2016 WL 247008, at *2 (quoting *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006) (emphasis in original)). Moreover, the plaintiff "'bears the burden to show that these efforts were made.'" *Id.* (quoting *McFadden v. Weiss*, Civ. Action No. 13-2914, 2014 WL 5880097, at *4 (E.D. Pa. Nov. 13, 2014)). For instance, courts in the Third Circuit have:

> "found a plaintiff's efforts to be sufficient when he or she has made six attempts at service,...or repeated attempts[,]...including a stake out....On the other hand, courts have found efforts to be insufficient where three attempts were made with two falling on the same day of the week and two occurring at the same time of day[,]...or when two attempts were made on consecutive days of the week with the first being made to a vacant office."

*Id.* (quoting *Viking Ins. Co. of Wis. v. Rivas*, Civ. Action No. 12-6899, 2013 WL 1842229, at *3 (E.D. Pa. May 1, 2013) (additional internal quotation marks and citations omitted)).

Here, while Plaintiff, through a process server, has attempted service on Ms. Coombs on three occasions, at different times of day (7:51 p.m., 11:54 a.m., and 7:51 a.m.), the Court notes that the attempts were made on three consecutive days, all weekdays, within a single week.

---

[2] Attached to Plaintiff's motion is a Declaration of Michael Sussman, who indicates therein that he performs contract work for ABC Agents, Inc., conducted research regarding Ms. Coombs, previously mailed a notice of lawsuit and request for waiver to Ms. Coombs, and retained a process server to attempt to serve the summons upon Ms. Coombs. (Docket No. 213-2).

(Docket No. 231-4).³  Although Plaintiff remarks that Ms. Coombs was also mailed a request for waiver of service in March, 2024, which was not returned, there is insufficient evidence presented at this juncture to show that Ms. Coombs is attempting to evade service.  There is also no indication in Plaintiff's motion and supporting documents showing why any future attempts at service – **at different times, on different days of the week (including weekend days), and over the course of more than one week** – would be futile.  The Court therefore finds that Plaintiff has failed to meet her burden of showing that she has undertaken practical efforts to serve Ms. Coombs under the circumstances here.

The Court does not reach the third element of Rule 430(a), whether the alternative means of service requested is reasonably calculated to provide Ms. Coombs with notice of the proceedings against her, since Plaintiff has not shown the second element, that she has adequately attempted to effect personal service upon Ms. Coombs.  Further, the Court notes that Plaintiff does not address this third step in her motion, and the Court advises Plaintiff that she must establish all three elements (as discussed, *supra*) if she seeks leave to serve Ms. Coombs by alternative service in the future.

As such, Plaintiff's motion will be denied, without prejudice to its renewal, if necessary, as more specifically set forth below.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 31st day of October, 2025, for the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff's Motion for Alternative Service, (Docket No. 231), is DENIED, WITHOUT PREJUDICE.

---

³ Attached to Plaintiff's motion is an Affidavit of Non-Service, signed by Eric Hopkins of LawServePro, who made the unsuccessful attempts to serve Ms. Coombs with process, referenced, *supra*.

5

IT IS FURTHER ORDERED that if Plaintiff fails to effectuate service upon Maranda Coombs by **December 1, 2025**, then Plaintiff shall file by that date a Status Report, indicating the efforts she has undertaken in attempting to effectuate service and whether additional time is necessary in order to effectuate service.

*s/ W. Scott Hardy*  
W. Scott Hardy  
United States District Judge

cc/ecf:  Christie Harr (via U.S. Mail)  
        All counsel of record