IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIE HARR,<br><br>Plaintiff,<br>v.<br><br>WASHINGTON AREA HUMANE SOCIETY; MIRANDA COOMBS; BARB LYLE (JOHN DOE 2); CHELSEI FLEEGAL NEHILLA (JOHN DOE 3); TERESA SALAMONE, EXECUTRIX OF THE ESTATE OF GLEN L. THOMSON; KELLY PROUDFIT; JOHN DOES 4-10 agents and employees of the Washington Area Human Society; HUMANE SOCIETY OF THE UNITED STATES; SHALIMAR OLIVER; LEANA STORMONT; LAURA KOIVULA; JOHN DOES 11-20 agents and employees of the Huan Society of the United States; HUMANE ANIMAL RESCUE; JOHN DOES 21-30 agents and employees of the Huane Animal Rescue; KEN JERICHO; STEPHEN TOPRANI; BOROUGH OF DONORA; MARVIN DAVIS; SAMUEL JENESKY; SARAH N. TEAGARDEN; JOHN DOES 32-50 unknown law enforcement Officers,<br><br>Defendants. | ) | Civil Action No. 2:21-cv-001560-WSH<br><br>The Honorable W. Scott Hardy<br><br>*Electronically Filed* |

**WASHINGTON AREA HUMANE SOCIETY, TERESA SALAMONE, Executrix of the Estate of GLEN L. THOMSON, KELLY PROUDFIT, BARB LYLE, CHELSEA FLEEGAL, and MARANDA COOMBS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

AND NOW come Defendants, Washington Area Humane Society, Teresa Salamone, Executrix of the Estate of Glen L. Thomson, Kelly Proudfit, Barb Lyle, Chelsea Fleegal, and Maranda Coombs ("WAHS Defendants"), by and through their undersigned counsel, John R. Ejzak, Esquire, and Dickie McCamey & Chilcote, P.C., and file this Brief in Support of Motion to Dismiss Plaintiff's Third Amended Complaint, as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case have been covered in previous Motions to Dismiss and briefing submitted to this Court. As a reminder, Plaintiff, Christie Harr, maintained two properties, one in Washington County, Pennsylvania, and one in Westmoreland County, Pennsylvania, at which she held hundreds of animals in varying states of neglect.

When Plaintiff would not voluntarily relinquish the sick and neglected animals in her care to the Washington Area Humane Society (WAHS) as requested, WAHS and others took lawful and appropriate steps to rescue the animals. On October 30, 2019, Pennsylvania State Police and SWAT team members were engaged to execute the lawfully issued search warrants at both locations. Personnel from WAHS, including Maranda Coombs, were present at both locations to assist in the search and rescue of the animals. Numerous animals in destitute conditions were rescued from Plaintiff's properties, and Plaintiff was arrested for multiple felony counts of animal cruelty.

In the underlying criminal proceedings, the state court found that the search warrants executed against Plaintiff's properties were valid, and that jurisdiction was proper. *See* Exhibit F attached to WAHS Defendants' April 27, 2023, Motion to Dismiss, Order, dated April 4, 2022, p. 3-4 (ECF 115).

WAHS filed a separate civil lawsuit against Ms. Harr in the Court of Common Pleas of Washington County at docket # 2020-2270, to recover the costs of care for the seized animals. Ms. Harr asserted multiple defenses, but the Court of Common Pleas of Washington County found that the seizure of the animals from both of Ms. Harr's properties was proper. The trial court entered judgment against Ms. Harr in the amount of $1,113,765. Ms. Harr appealed that decision and her appeal was denied. Washington Area Humane Society v. Harr, 276 A.3d 225 (Pa. Super. 3/9/2022); 283 A.3d 791, (Pa. 2023).

Plaintiff, acting *pro se*, initiated the present civil action, asserting claims against multiple defendants, including the WAHS and several individuals sworn in and acting on behalf of the WAHS. Maranda Coombs was one of the individuals acting as a Humane Officer for the WAHS during the incident which gives rise to the current lawsuit. Plaintiff asserted claims against the WAHS Defendants as a group, bringing the same claims against each WAHS Defendant.

This case was stayed and administratively closed for several months starting on September 30, 2025 (ECF 223). The original Complaint in this matter was filed on November 2, 2021 (ECF 5). Plaintiff was granted leave to amend, and an Amended Complaint was filed (after the court's deadline) on March 29, 2023 (ECF 91). Plaintiff then filed a "Corrected Amended Complaint" without further leave of court on April 7, 2023 (ECF 92). Defendants, including the Washington Area Humane Society Defendants (WAHS Defendants), filed a Motion and Brief to Dismiss the Amended Complaint (ECF 115 and 116). On September 5, 2024, this Court granted the WAHS Defendants' Motion, and dismissed the Amended Complaint (ECF 153 and 154). On November 11, 2024, after the Amended Complaint was dismissed, and after two extensions for time to file were granted, Plaintiff filed a Second Amended Complaint (ECF 159). Plaintiff's Second Amended Complaint asserted identical legal and factual claims against the WAHS Defendants. On December 6, 2024, the WAHS Defendants filed a Motion and Brief to Dismiss Plaintiff's Second Amended Complaint (ECF 177 and 178). On September 30, 2025, this Court granted the WAHS Defendants' Motion and dismissed Plaintiff's Second Amended Complaint (ECF 220 and 221).

For over four years, throughout the litigation and dismissal of Plaintiffs various Complaints, Defendant Maranda Coombs was never properly served and had not been a party to the case. On June 9, 2024, after years without proper service upon Ms. Coombs, Plaintiff filed a meritless Motion for Service by U.S. Marshal for Maranda Coombs. The court properly denied this Motion on June 29, 2024 (ECF 146 and 148). On October 29, 2025, Plaintiff filed yet another meritless

motion, a Motion for Alternative Service as to Maranda Coombs, which the court properly denied on October 31, 2025 (ECF 231 and 232). On November 18, 2025, after numerous attempts to properly serve her, Plaintiff finally served Ms. Coombs with the Second Amended Complaint (ECF 236). Maranda Coombs is an additional WAHS Defendant that simply had not been party to the case due to a failure by Plaintiff to properly serve Ms. Coombs. Plaintiff's claims against Maranda Coombs are not unique or separate from the claims brought against the other WAHS Defendants, all of which have been previously dismissed in some form. Similar to the other Complaints, Plaintiff's claims against Washington Area Humane Society, Glen L. Thomson, Kelly Proudfit, Barb Lyle, Chelsea Fleegal, and Maranda Coombs, are addressed collectively as claims against the "WAHS Defendants."

The parties conducted a mediation on May 7, 2026, with Judge Lisa Lenihan, pursuant to court order, in an attempt to reach a resolution of the case. The WAHS Defendants were unable to resolve the case with Plaintiff. Pursuant to this Court's scheduling order, Plaintiff filed her Third Amended Complaint on June 4, 2026. ECF 254. Plaintiff's filing was actually several hours after the deadline to file had passed, but this Court deemed her filing as timely, and responses from defendants are due on July 1, 2026.

Plaintiff has failed to adequately amend or supplement her allegations, and her claims should be dismissed with prejudice. The defects of Plaintiff's pleadings have been detailed at length in prior motions to dismiss, and indeed by this Court's prior orders dismissing previous complaints. The focus of this latest Motion is on the changes (or lack thereof) to the substance of the complaint. The lack of meaningful changes in Plaintiff's latest pleading reinforces the final dismissal of Plaintiff's claims as an appropriate action at this time. The WAHS Defendants therefore submit this Brief in Support of their Motion to Dismiss Plaintiff's Third Amended Complaint with prejudice.

## II. QUESTION PRESENTED

**SHOULD PLAINTIFF'S THIRD AMENDED COMPLAINT BE DISMISSED DUE TO PRIOR COURT ORDER AND PLAINTIFF'S FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?**

***SUGGESTED ANSWER:*** **YES**

## III. STANDARD OF REVIEW

When considering a Motion to Dismiss under the Federal Rules of Civil Procedure, the Court must accept as true, well-pled allegations of fact in the plaintiff's complaint, and construe them in a light most favorable to the plaintiff. The Court may dismiss the claim if the plaintiff cannot prove those set of facts in support of a claim which would entitle them to relief. *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014; *Labove v. Lalley*, 809 F.2d 220 (3d Cir. 1987). The Court may consider exhibits attached to the Complaint, and matters of public record. *Benefit Guarantee Corporation v. White Consol. Industries,* 998 F.2d 1192, 1196 (3d Cir. 1993).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) (quoting *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544, 570, 127 S. Ct. 1995, 167 L. Ed. 929 (2007)). Accordingly, "a plaintiff must allege facts sufficient to show that there is 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id*. at 1949. "[A] complaint's 'factual allegations must be enough to raise a right to relief above the speculative level,'". *Ideen v. Straub*, 385 Fed. Appx. 123, 124 (3d Cir. 2010) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A court need not credit bald assertions, unwarranted

inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir. 1997).

Ultimately, a defendant may succeed on a Rule 12(b)(6) motion to dismiss "by showing that the factual allegations in a plaintiff's complaint do not state a plausible claim for relief." In deciding a motion to dismiss, district courts may rely on documents "integral to or explicitly relied upon in the complaint" without converting the motion to dismiss into one for summary judgment. *In re: Rockefeller Ctr. Props., Inc., Sec. Litig.*, 184 F. 3d 280, 292-3 (3d Circ. 1999). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint – lack of notice to the plaintiff – is dissipated where plaintiff has actual notice and has relied upon these documents in framing the complaint." *In re: Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Circ. 1997).

## IV. LEGAL ARGUMENT

Plaintiff's Third Amended Complaint is an ineffective attempt to remedy the errors and shortcomings contained in Plaintiff's multiple prior complaints. There have been no meaningful changes with respect to the allegations against the WAHS Defendants, and Plaintiff's failure to state adequate legal claims should result in their dismissal with prejudice. The arguments of the previous Motions to Dismiss and this Court's dismissals are incorporated by reference.

This Court previously dismissed the claims in the Second Amended Complaint against the WAHS Defendants. The Order granting the WAHS Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint dismissed Counts I, IV, VI, VII and XII for failure to state a claim upon which relief can be granted, and declined to exercise supplemental jurisdiction over the state law claims in Counts II, III, V, VIII, XI and XV (ECF 221). Nothing has changed in the allegations to support a different response by this Court with this current Complaint, other than the fact that this was Plaintiff's final chance to amend her pleading. ECF 220, page 41 ("The Court will provide her

with one final opportunity to amend her claims"). The Court should dismiss this Complaint with prejudice as to the WAHS Defendants.

As a preliminary matter, the claims against Maranda Coombs are identical to the claims against the other Washington Area Humane Society Defendants. Plaintiff herself includes Ms. Coombs among the "WAHS Defendants," along with the Washington Area Humane Society, Teresa Salamone Executrix of the Estate of Glenn Thomson, Kelly Proudfit, Barb Lyle, Chelsei Fleegal, and John Does 4 through 10. ECF 159, Second Amended Complaint, at ¶ 7. No Counts are unique to Ms. Coombs, and all claims against Ms. Coombs are included in the Counts alleged generally by Plaintiff against the WAHS Defendants. As discussed above, all of Plaintiff's claims against the WAHS Defendants have been dismissed pursuant to prior court order (ECF 220 and 221). Since Ms. Coombs is one of the WAHS Defendants, Plaintiff's claims against Ms. Coombs should therefore be dismissed for the same reasons that the court dismissed all claims against the WAHS Defendants.

As for the Third Amended Complaint, it does contain additional allegations. Plaintiff's Second Amended Complaint, which was dismissed, had 16 counts and 367 paragraphs. Plaintiff's Third Amended Complaint has 22 counts and 438 paragraphs. While Plaintiff made several additions to this latest complaint, the factual allegations and legal claims made with respect to the WAHS Defendants are either identical or nearly identical to her prior complaints. Plaintiff has not substantively changed her allegations against any of the WAHS Defendants. Plaintiff failed to correct the numerous shortcomings with her prior complaints which this Court has indicated multiple times. Plaintiff's claims against the WAHS Defendants should therefore be dismissed with prejudice.

This Court instructed Plaintiff to supply specific factual allegations against each Defendant in her Third Amended Complaint. ECF 220, page 38 ("[Plaintiff] is instructed to clarify, as to each claim alleged, the capacity in which each named Defendant is being sued, supported by specific

allegations regarding each named Defendant"). Plaintiff failed to meet the Court's directive, and failed to meet the legal standard for a sufficient pleading.

The Third Amended Complaint brings ten counts against the WAHS Defendants. These ten counts are the same as the counts alleged in the prior complaints. Slight changes were made to the wording of each count, as described below. However, the legal insufficiencies which were present in the prior complaints have not been corrected, and Plaintiff still fails to adequately state a claim against the WAHS Defendants. Plaintiff's Third Amended Complaint should be dismissed with prejudice for that reason.

Plaintiff's Count VIII relates to "Constitutional Violations" regarding Plaintiff's Westmoreland County property. ECF 254, page 42 of 81. Plaintiff inserts party names and slightly alters the wording of several paragraphs, but otherwise does not revise her allegations against the WAHS Defendants. Plaintiff changes the names of several parties, including removing references to "HSUS" and substituting in "HWA." Otherwise, the substance of Plaintiff's allegations are identical to those in the Second Amended Complaint. Plaintiff utilizes much of the exact same phrasing for her conclusions and unsubstantiated assertions of law. Plaintiff includes a phrase, alleging that WAHS Defendants are liable "by allowing HWA to 'take over the scene.'" ECF 254, ¶ 230, 231. The addition of this phrase does not correct the legal insufficiency of the claims. Plaintiff fails to state a plausible claim for relief, and under the applicable pleading standard, this claim should be dismissed with prejudice.

Plaintiff's Count IX relates to "Intrusion upon Seclusion" allegations against the WAHS Defendants. ECF 254, page 46 of 81. This count is nearly identical to the same count in the Second Amended Complaint. Plaintiff includes one additional paragraph, alleging that "all the actions were done within the customs and policies of the WAHS, specifically with the knowledge and approval of its Executive Director, and the other directors." ECF 254, ¶ 240. Plaintiff also

removes "HSUS" and substitutes "HWA." Similar to the other claims, Plaintiff inserts an allegation that WAHS allowed the HWA to "take over the scene." ECF 254, ¶ 236. Again, this does add meaningful substance to the allegations sufficient to create a cause of action against the WAHS Defendants. Besides these small changes, this Count is identical to that in the Second Amended Complaint. It should be dismissed with prejudice for the same reasons that it was dismissed previously.

Plaintiff's Count X relates to an alleged Trespass by the WAHS Defendants. ECF 254, page 47 of 81. This Count is nearly identical to its corresponding count in Plaintiff's Second Amended Complaint. Plaintiff includes language similar to other counts about the WAHS allowing others to "take over the scene." ECF 254, ¶ 242. The legal insufficiencies which were present in the Second Amended Complaint remain, and Plaintiff's allegations present numerous unsubstantiated legal conclusions. The Court should dismiss this Count with prejudice.

Plaintiff's Count XI relates to alleged 1983 liability against the WAHS Defendants. ECF 254, page 49 of 81. Compared to the same count in the Second Amended Complaint, Plaintiff includes just two additional paragraph, stating the following:

> The actions alleged in this Complaint were approved by the highest ranking officers of the WAHS, including the Executive Director and CEO, and other directors.
>
> All of the actions were done within the customs and policies of the WAHS, specifically with the knowledge and approval of its Executive Director and CEO, and the other directors.

ECF 254, ¶ 255, 259. Otherwise, this count is identical to the same count in Plaintiff's Second Amended Complaint. The additional paragraphs are bald legal assertions attempting to construct a cause of action by restating elements of a legal claim as allegations. Plaintiff attempts to construct a valid claim under § 1983 by simply asserting that the actions were customs of the WAHS. There is no factual substance to these allegations, and they should not be given any further consideration. This Court explained in its prior dismissal of Plaintiff's complaints that simply asserting that an

action was pursuant to a "policy," without additional factual support, is not sufficient to plead a cause of action. ECF 220, page 33-34. Plaintiff simply restates the "*Monell* elements" for a cause of action, which is not sufficient to survive a motion to dismiss. *Smith v. Washington Area Humane Society*, Action No. 2:19-cv-1672, 2020 WL 6364762, at *3 (W.D. Pa. Oct. 29, 2020) (citing *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014)). Plaintiff has failed to adequately plead a claim against the WAHS Defendants, and this Count should be dismissed with prejudice.

Plaintiff's Count XII asserts Conversion against the WAHS Defendants. ECF 254, page 51 of 81. Plaintiff names three additional items of property that were allegedly seized (ammunition, an aquarium, and personal effects). ECF 254, ¶ 262. Plaintiff also inserted the names the particular WAHS Defendants rather than referring to them collectively. Otherwise, the allegations are identical to the Second Amended Complaint. The addition of additional items of allegedly stolen property do not correct the legal deficiencies in Plaintiff's pleadings, and the assertion of legal conclusions as factual allegations. This Count should be dismissed with prejudice.

Plaintiff's Count XIII relates to "Constitutional Violations" against the WAHS Defendants regarding Plaintiff's Washington County property. ECF 254, page 52 of 81. This Count is identical to its correspondent in the Second Amended Complaint with just a few exceptions. Once again, Plaintiff names the WAHS Defendants individually rather than refer to them collectively, which fails to correct the legal shortcomings in the substance of the allegations. Plaintiff inserts a few words alleging that the WAHS allowed the HWA to "take over the scene," as she does elsewhere in the Third Amended Complaint. ECF 254, ¶ 271. This phrase does not have any effect on the legal sufficiency of the claims and does not operate to impute liability to the WAHS Defendants. Plaintiff also inserted the same paragraph from the other counts alleging that "all of the actions were done within the customs and policies of the WAHS, specifically with the knowledge and approval of its Executive Director and CEO, and the other directors." ECF 254, ¶ 278. To the extent that

this is a similar attempt to appoint liability upon the WAHS by asserting legal conclusions, it should be disregarded. Plaintiff did not add anything of substance to this Count, and it should also be dismissed with prejudice.

Plaintiff's Count XIV relates to "Constitutional Violations for Deprivation of Property" by the WAHS Defendants. ECF 254, page 55 of 81. These allegations are nearly identical to the same count in the Second Amended Complaint. Again, Plaintiff refers to the WAHS Defendants individually rather than collectively. Plaintiff also adds that "Kelly Proudfit as 'CEO' witnessed the search warrant inventory as to the Donora House." ECF 254, ¶ 290. This addition does not affect the legal validity of the claim and does nothing to substantiate Plaintiff's threadbare claims against the WAHS Defendants. Ms. Proudfit's presence at the property during the lawful seizure of abused animals does not subject her to liability for Plaintiff's alleged constitutional violations. Plaintiff also names several additional items that were taken from her, including a computer and paperwork. Naming two or three additional items that were allegedly stolen does nothing to alter the fact that Plaintiff's constitutional claim is insufficiently pled. The same legal conclusions are asserted as facts, with identical phrasing as in the Second Amended Complaint. Therefore, this Count should be dismissed with prejudice.

Plaintiff's Count XVII relates to "Conversion or Trespass to Chattels" allegations against the WAHS Defendants. ECF 254, page 65 of 81. Plaintiff adds one paragraph to the language which is otherwise identical to the Second Amended Complaint, alleging that "Kelly Proudfit and Glen Thomson acted at the direction of WAHS and its executive director and directors." ECF 254, ¶342. This does not correct the legal insufficiency that continues to persist in Plaintiff's claims. The new allegation is an ineffective attempt to impute liability to the WAHS as an organization. However, it simply asserts a legal conclusion without factual support. This Count, like the others, should be dismissed with prejudice.

Plaintiff's Count XVIII relates to an alleged Conspiracy by the WAHS Defendants. ECF 254, page 66 of 81. These allegations are nearly identical to those in the Second Amended Complaint. Plaintiff simply changes the party names, including substituting "HSUS" for "HWA." ECF 254, ¶¶ 347-353. Nothing with respect to the sufficiency of the allegations was changed. This Count should be dismissed with prejudice.

Plaintiff's Count XXII relates to Intentional Infliction of Emotional Distress against WAHS Defendants Maranda Coombs, Glen Thomson, and Kelly Proudfit. ECF 254, page 79 of 81. Plaintiff, here as in the other counts, names the WAHS Defendants individually rather than collectively, which does not affect the legal sufficiency of the claims. Otherwise, these allegations are completely identical to those in the Second Amended Complaint, and they should be dismissed with prejudice. They constitute threadbare legal conclusions lacking factual support.

With respect to the allegations against the WAHS Defendants, Plaintiff's Third Amended Complaint is essentially a rearrangement of identical claims without any additional factual substance. The scant allegations added by Plaintiff in her claims against the WAHS Defendants amount to little more than slight changes to party names and bald legal conclusions. Plaintiff states repeatedly that actions were taken "within the customs and policies of the WAHS, specifically with the knowledge and approval of its Executive Director and CEO." This is a legal conclusion dressed up as a factual averment, in an attempt to cobble together a cognizable claim. A court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse*, *supra*, 132 F.3d 902, 906.

The defects at issue presently were specifically identified by the Court in its dismissal of the Second Amended Complaint, yet Plaintiff has failed to assemble sufficient claims in her Third Amended Complaint.

Additional opportunities for Plaintiff to amend their meritless pleadings would be a waste of this Court's time and resources. "It is well established that any lay person who chooses to represent [herself] in a legal proceeding must assume the risk that [her] lack of expertise and legal training may prove to be [her] undoing." Fraisar v. Gillis, 892 A.2d 74, 77 (Pa. Cmwlth. 2006) (citing Griffith v. Workers' Compensation Appeal Board, 798 A.2d 324, 328 (Pa. Cmwlth. 2002)). Whether she was unwilling or unable to obtain an attorney to represent her, Plaintiff has taken the risk of representing herself in this case. Additional opportunities to amend the allegations should not be permitted.

The Third Amended Complaint was Plaintiff's final chance to correct her pleadings. ECF 220, page 41 ("The Court will provide her with one final opportunity to amend her claims"). Plaintiff is unable to sufficiently amend her pleadings because her claims do not hold water. The Third Amended Complaint should be dismissed with prejudice as to the WAHS Defendants.

## V. CONCLUSION

For the reasons set forth above, claims against the WAHS Defendants in Plaintiff's Third Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

Date: June 30, 2026

By: /s/ John R. Ejzak

John R. Ejzak, Esquire
PA I.D. #336107
Four Gateway Center
444 Liberty Ave., Suite 1000
Pittsburgh, PA 15222
412-281-7272
jejzak@dmclaw.com

*Attorneys for Defendants, Washington Area Humane Society, Teresa Salamone, Executrix of the Estate of Glen L. Thomson, Kelly Proudfit, Barb Lyle, Chelsea Fleegal, and Maranda Coombs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Brief in Support of Motion to Dismiss Plaintiff's Third Amended Complaint has been served this 30th day of June, 2026, via U.S. First-Class Mail, upon plaintiff Christie Harr, 676 Reed Avenue, Monessen, PA 15062, and copies have been served on all counsel of record via the court's CM/ECF system.

DICKIE, McCAMEY & CHILCOTE, P.C.

By /s/ John R. Ejzak
John R. Ejzak, Esquire

*Attorneys for Defendants, Washington Area Humane Society, Teresa Salamone, Executrix of the Estate of Glen L. Thomson, Kelly Proudfit, Barb Lyle, Chelsea Fleegal, and Maranda Coombs*